**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**District of New Jersey**
(State)

Case number (*if known*): _____  Chapter ___11___

☐ Check if this is an amended filing

<u>Official Form 201</u>

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/25

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | **Eddie Bauer LLC** |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **27-0586060** |

4. **Debtor's address**

**Principal place of business**

**10401 Northeast 8th Street**
Number        Street

**Suite 500**

**Bellevue**        **WA**        **98004**
City        State        Zip Code

**King County**
County

**Mailing address, if different from principal place of business**

Number        Street

P.O. Box

City        State        Zip Code

**Location of principal assets, if different from principal place of business**

**1 American Dream Wy (and see Rider 1)**
Number        Street

**Suite B237**

**East Rutherford**        **NJ**        **07073**
City        State        Zip Code

5. **Debtor's website** (URL)        **N/A**

6. **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor    **Eddie Bauer LLC**                                    Case number *(if known)* _____
          _____
          Name

| | |
|---|---|
| **7. Describe debtor's business** | A. *Check One:* |
| | ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) |
| | ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) |
| | ☐ Railroad (as defined in 11 U.S.C. § 101(44)) |
| | ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) |
| | ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) |
| | ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) |
| | ☒ None of the above |
| | |
| | B. *Check all that apply:* |
| | ☐ Tax-exempt entity (as described in 26 U.S.C. § 501) |
| | ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3) |
| | ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11)) |
| | |
| | C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes . |
| | **4581 – Clothing and Clothing Accessories Retailers** |
| **8. Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check One:* |
| | ☐ Chapter 7 |
| | ☐ Chapter 9 |
| | ☒ Chapter 11. *Check **all** that apply:* |
| | ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that). |
| | ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
| | ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11. |
| | ☐ A plan is being filed with this petition. |
| | ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |
| | ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form. |
| | ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2. |
| | ☐ Chapter 12 |

| | | | | | | |
|---|---|---|---|---|---|---|
| **9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?** | ☒ No | | | | | |
| | ☐ Yes. | District _____ | When _____ | Case number _____ | | |
| | | | MM/DD/YYYY | | | |
| | | District _____ | When _____ | Case number _____ | | |
| | | | MM/DD/YYYY | | | |
| If more than 2 cases, attach a separate list. | | | | | | |

Debtor    **Eddie Bauer LLC**                                           Case number *(if known)* _____
      Name

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes.  Debtor    **See Rider 2**    Relationship    **Affiliate**

         District    **District of New Jersey**

                When    **02/09/2026**
         Case number, if known _____    MM / DD / YYYY

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

    What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
              Number      Street

              City         State   Zip Code

**Is the property insured?**

☐ No
☐ Yes.    Insurance agency _____

        Contact name _____

        Phone _____

| Statistical and administrative information |
| --- |

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☒ More than 100,000

Debtor    **Eddie Bauer LLC**                                                Case number *(if known)* _____
　　　　　 Name

| 15. Estimated assets (on a consolidated basis) | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

| 16. Estimated liabilities (on a consolidated basis) | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| | Request for Relief, Declaration, and Signatures |
|---|---|

**WARNING --**    Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on     **02/09/2026**
　　　　　　　　　 MM / DD / YYYY

✖    **/s/ Stephen Coulombe**_____          **Stephen Coulombe**_____
　　　 Signature of authorized representative of debtor          Printed name

　　　 Title    **Co-Chief Restructuring Officer**_____

**18. Signature of attorney**    ✖    **/s/ Michael D. Sirota**_____    Date    **02/09/2026**_____
　　　　　　　　　　　　　　　　 Signature of attorney for debtor                    MM / DD / YYYY

　　　　　　　　　　　　　　　　 **Michael D. Sirota**_____
　　　　　　　　　　　　　　　　 Printed name

　　　　　　　　　　　　　　　　 **Cole Schotz P.C.**_____
　　　　　　　　　　　　　　　　 Firm name

　　　　　　　　　　　　　　　　 **Court Plaza North, 25 Main Street**_____
　　　　　　　　　　　　　　　　 Number　　　　　　　 Street

　　　　　　　　　　　　　　　　 **Hackensack**_____          **New Jersey**    **07601**_____
　　　　　　　　　　　　　　　　 City                                   State          ZIP Code

　　　　　　　　　　　　　　　　 **(201) 489-3000**_____          **msirota@coleschotz.com**_____
　　　　　　　　　　　　　　　　 Contact phone                          Email address

　　　　　　　　　　　　　　　　 **014321986**_____          **New Jersey**_____
　　　　　　　　　　　　　　　　 Bar number                             State

<table>
<tr><td colspan="2">**Fill in this information to identify the case:**</td></tr>
</table>

| |
|---|
| **Fill in this information to identify the case:** |
| United States Bankruptcy Court for the: |
| **District of New Jersey** |
| (State) |
| Case number *(if known)*: _____    Chapter    __11__ |

☐ Check if this is an
amended filing

**<u>Rider 1</u>**
**<u>Store Locations</u>**

On the date hereof, Eddie Bauer LLC maintains stores at the following locations in New Jersey:

- 1 American Dream Wy Suite B237, East Rutherford, NJ 07073
- 1 Garden State Plaza Pkwy Suite T7, Paramus, NJ 07652
- 1 Premium Outlets Blvd Suite 830, Tinton Falls, NJ 07753
- 100 Premium Outlets Dr Suite 330, Blackwood, NJ 08012
- 301 Mt Hope Ave #1082, Rockaway, NJ 07866

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**District of New Jersey**
(State)

Case number *(if known)*: _____    Chapter    **11**

☐ Check if this is an
amended filing

## Rider 2
## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the District of New Jersey for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Eddie Bauer LLC.

- Eddie Bauer LLC
- 13051269 Canada Inc.
- Eddie Bauer Gift Card Services LLC
- Eddie Bauer of Canada Corporation
- SPARC EB Holdings LLC

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EDDIE BAUER LLC, | ) | Case No. 26-_____(___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

### LIST OF EQUITY SECURITY HOLDERS[1]

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| SPARC EB Holdings LLC | 10401 Northeast 8th Street, Suite 500 Bellevue, Washington 98004 | 100% |

---

[1] This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| EDDIE BAUER LLC, | ) | Case No. 26-_____(____) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| SPARC EB Holdings LLC | 100% |

**Fill in this information to identify the case:**

Debtor name: **Eddie Bauer LLC, et al.**

United States Bankruptcy Court for the **District of New Jersey**
(State)

Case number (*If known*): _____

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | **GXO Logistics Supply Chain Inc.** 4043 Piedmont Pkway High Point, NC 27265, USA | Attn: Devin Russell Attn: Jorge Guanter 614 349 2050 Devin.russell001@gxo.com Jorge.guanter@gxo.com | Trade debt | | | | $6,935,833 |
| 2 | **Bosideng International Fashion LTD** 99 Queen's Road, Unit 5709, 57/F Hong Kong, HK | Attn: Charles Wang Wang.lijun@bosideng.com Customercare@bosidengfashion.com | Trade debt | | | | $3,425,995 |
| 3 | **Shanghai Dongxia Industry & Commerce Co LTD** No. 53 Chuanxie Road, Hongmiao Industry Zone, Fengcheng Town, Fengxian District, Shanghai, 201411 China | Attn: Helen Zhang +86 021 64069006*8006 helen@shdongxia.cn | Trade debt | | | | $2,555,476 |
| 4 | **MTL Sourcing DMCC** HDS Business Centre Plot No. M1 Jumaira Lake Towers, Unit No 105, Dubai UAE | Attn: Tarik Kareem tarik@maliban.com | Trade debt | | | | $2,404,238 |
| 5 | **Vietsun** Lot III-3A, CN1 Street, Industrial Area No.III, Tan Binh Industrial Park, Tay Thanh Ward, Ho Chi Minh City, Vietnam | +84 28 38472878 vietsuncorp@vietsuncorp.com.vn | Trade debt | | | | $1,954,666 |
| 6 | **Martex Sourcing LLC** 261 Siri Dhamma Mawatha Colombo 01000, Sri Lanka | Attn: Azeem Ismile +94 112 668 000 azeem@maliban.com | Trade debt | | | | $1,916,478 |
| 7 | **Google, Inc.** 1600 Amphitheatre Parkway Mountain View, CA 94043, USA | collections@google.com | Trade debt | | | | $1,541,262 |
| 8 | **Dongxia Industrial Lanka PVT LTD** Lot 31 & 32 Bingiriya Export Processing Zone Dummalasuriya, 60450, Sri Lanka | Attn: Helen Zhang +86 021 64069006*8006 helen@shdongxia.cn | Trade debt | | | | $1,278,236 |
| 9 | **Meta Platforms Inc** 1 Meta Way Menlo Park, CA 94025, USA | payment@meta.com | Trade debt | | | | $1,130,945 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 10 | Ningbo Mengdi Imp. & Exp. Co<br>No. 8 Middle Jiangnan Road<br>Xiaogang Street, Beilun District<br>Ningbo, Zhejiang, China | Attn: Oscar Le<br>+86 574 26862126<br>oscar@china-mengdi.com | Trade debt | | | | $786,994 |
| 11 | South Asia Knitting Factory Limited<br>108 HOW MING STREET<br>KWUN TONG , KOWLOON<br>17/F South Asia Building<br>Hong Kong HK | Attn: Leo Yeung<br>leoyeung@southasiagroup.com | Trade debt | | | | $631,713 |
| 12 | Star Garments Group (PVT) LTD<br>PO Box 1, Ring Road 2, Phase 1,<br>Investment Promotion Zone<br>Katunyake 11450 Sri Lanka | Attn: A. Sukumaran<br>0094114837000 Ext 4102 /<br>0094773501864<br>suku@star.lk | Trade debt | | | | $628,682 |
| 13 | Ross Glove Co<br>1032 Alabama Ave.<br>Sheboygan WI 53081 USA | Attn: Andy Ross<br>+1 920 457 4331<br>Andy.ross@earthlink.net | Trade debt | | | | $518,037 |
| 14 | Yee Tung Garment – Direct<br>3/F, Chiap Luen Ind. Bldg.,<br>30-32, Kung Yip Street<br>Kwai Chung, N.T.,<br>Hong Kong | Attn: May Wong<br>852 2211 0100<br>may@yeetung.com | Trade debt | | | | $481,322 |
| 15 | Eastman Exp Glo Clo PVT LTD<br>5/591, Sri Lakshmi Nagar,<br>Pitchampalayam Pudur, Tirupur, Tamil Nadu, India | Attn: Ritesh Kumar<br>ritesh@eastmanexports.com<br>+91 421 430 1234 | Trade debt | | | | $437,395 |
| 16 | Washington Shoe Company<br>5530 S 266th St<br>Kent, WA 98032 USA | Attn: Kristin Raber<br>kristin@westernchief.com | Trade debt | | | | $427,195 |
| 17 | United Parcel Service Inc.<br>55 Glenlake Parkway, N.E.<br>Atlanta, GA 30328 USA | ACHDETAIL@UPS.COM | Trade debt | | | | $390,369 |
| 18 | Forter Inc<br>575 5th Ave, 29th Floor<br>New York, NY 10017, USA | Attn: Michael Reiblat<br>michael@forter.com | Trade debt | | | | $381,169 |
| 19 | Viet Thai Garment Export JSC<br>No. 142 Quang Trung Road- Tran Hung Dao Ward, Thai Binh City, Thai Binh, Vietnam | Attn: Bach Nguyen<br>+84 2273 831 686<br>bachkd@vitexco-gar.com.vn | Trade debt | | | | $355,362 |
| 20 | Accutech Packaging Inc<br>157 Green Street<br>Foxboro, MA 02035, USA | Attn: Michael Meneally<br>+1 508 543 3800<br>mkemeally@accutechpkg.com | Trade debt | | | | $322,880 |
| 21 | Primary Color Systems<br>11130 Holder St,<br>Cypress CA 90630 USA | +1 949 660 7080<br>payments@primarycolor.com | Trade debt | | | | $292,825 |
| 22 | Dogree Fashions (USA) Inc<br>6445 de la Cote de Lisse Road<br>Saint Laurent, Quebec, H4T 1E5 Canada | +1 800 839 8808<br>rtock@dogree.com | Trade debt | | | | $270,177 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 23 | **Infinity Global Inc.** 501 Bridge Street Danville VA 24541, USA | +1 434 793 7570 infinityglobal@gmail.com | Trade debt | | | | $257,563 |
| 24 | **Noi Solutions LLC** 132 W 36th Street, 4th Floor New York NY 10018 USA | Attn: Saima Chowdhury +1 845 825 3156 saima@noisolutionsllc.com | Trade debt | | | | $249,607 |
| 25 | **Pinterest Inc** 651 Branna Street San Francisco, CA 94107, USA | support@pinterest-business.zendesk.com | Trade debt | | | | $241,070 |
| 26 | **Charmant USA Inc** 400 The American Road Morris Plains NJ 07950 USA | Attn: Masato Nakagaichi +1 973 538 1511 MNakagaichi@charmant.com | Trade debt | | | | $211,953 |
| 27 | **Hansae Co., LTD** 5F, 29, Eunhaeng-ro (Jeongwoo Bldg, Yeouido-dong), Yeongdeungpo-gu, Seoul, 07238, South Korea | Attn: Jina Park +82 2 3779 0779 jinpark@hansae.com | Trade debt | | | | $164,723 |
| 28 | **TMone LLC dba MCI BPO LC** 2937 Sierra Court SW Iowa City, IA 52240 USA | info@mci.world +1 866 624 2622 | Trade debt | | | | $157,408 |
| 29 | **Hadley Development, LLC** 3629 N Hydraulic Street Wichita, KS 67219 USA | Attn: A. Brunner ABrunner@RealmBrands.com +1 316 821 9700 | Trade debt | | | | $142,890 |
| 30 | **Fullcharm Knitters LTD** Plot # 1175 & 1179 Bashan Sarak, Vogra, National University 1704, Gazipur, Bangladesh | Attn: Anar Kali Chowdhury 01716007397 Commercial@fullraybd.com | Trade debt | | | | $138,005 |

Fill in this information to identify the case and this filing:

Debtor Name:       **Eddie Bauer LLC**

United States Bankruptcy Court for the:        **District of New Jersey**

Case number (If known):                                                    (State)

# Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors      12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐   *Schedule H: Codebtors (Official Form 206H)*

☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐   Amended Schedule

☒   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒   Other document that requires a declaration **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

| Executed on | 02/09/2026 | ☒ /s/ Stephen Coulombe |
|---|---|---|
| | MM / DD / YYYY | Signature of individual signing on behalf of debtor |
| | | **Stephen Coulombe** |
| | | Printed name |
| | | **Co-Chief Restructuring Officer** |
| | | Position or relationship to debtor |

**Official Form 202**                          **Declaration Under Penalty of Perjury for Non-Individual Debtor**

**OMNIBUS ACTION BY**
**UNANIMOUS WRITTEN CONSENT OF THE**
**BOARDS OF DIRECTORS AND THE BOARDS OF MANAGERS**

Dated as of February 8, 2026

The undersigned, being all of the members of the Boards of Directors or the Boards of Managers (each, a "Governing Body"), as applicable, of each of the entities listed on **Schedule I** attached hereto (each a "Company" and collectively, the "Companies"), as Governing Body of such Company hereby take the following actions by unanimous written consent (this "Written Consent") in lieu of holding a special meeting in accordance with the bylaws or limited liability company agreements of each Company (collectively, the "Governing Documents"), as applicable, and the applicable laws of the jurisdiction in which each Company is organized, do hereby approve, consent to, and adopt the following recitals and resolutions, with the same force and effect as if they had been adopted at a duly convened special meeting of each Governing Body.

WHEREAS, the Governing Body of each Company has reviewed and considered: (i) the filing of voluntary petitions for relief (the "Bankruptcy Petitions") for each Company under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") pursuant to the Governing Documents, as applicable, of each Company and the applicable laws of the jurisdiction in which each Company is organized (together with the transactions contemplated by that certain Restructuring Support Agreement executed on February 8, 2026, the "Restructuring Matters"); (ii) the use of cash collateral contemplated in connection therewith; (iii) the retention of professionals by each Company; and (iv) the filing of applications by Eddie Bauer LLC for an interim stay order under the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended (the "CCAA") in the Ontario Superior Court of Justice (Commercial List) (the "Canadian Court") and, as foreign representative of the Companies for protection under Part IV of the CCAA in the Canadian Court;

WHEREAS, (a) the disinterested managers (each a, "Disinterested Manager," and together, the "Disinterested Managers") of SPARC EB Holdings LLC, Eddie Bauer LLC, and Eddie Bauer Gift Card Services LLC were appointed pursuant to that certain Omnibus Written Consent of the Boards of Managers of SPARC EB Holdings LLC, Eddie Bauer LLC, and Eddie Bauer Gift Card Services LLC dated October 3, 2025 (the "Disinterested Manager Resolution"), (b) the disinterested directors (each a, "Disinterested Director," and together, the "Disinterested Directors") of 13051269 Canada Inc. were appointed pursuant to those certain Resolutions of the Sole Shareholder of 13051269 Canada Inc. dated February 5, 2026 (the "1305 Canada Inc. Delegation Resolutions"), and (c) the Disinterested Directors of Eddie Bauer of Canada Corporation were appointed pursuant to those certain Resolutions of the Sole Shareholder of Eddie Bauer of Canada Corporation dated February 5, 2026 (the "EB Canada Delegation Resolutions," and together with the Disinterested Manager Resolution and the 1305 Canada Inc. Delegation Resolutions, the "Appointing Resolutions");

WHEREAS, pursuant to the Appointing Resolutions, each Company has delegated to its Disinterested Managers or Disinterested Directors, as applicable, (a) certain authority to investigate and determine, in the Disinterested Managers' or Disinterested Directors' business

judgment, as applicable, whether any matter arising from or related to any restructuring, reorganization, and/or other recapitalization transaction involving the Company and/or one or more of its subsidiaries and/or affiliates (any such transaction, a "Transaction") constitutes a Conflicts Matter (as defined in the Appointing Resolutions), and (b) certain authority and power to review, discuss, consider, negotiate, approve, and authorize the Companies' entry into and consummation of a Transaction that constitutes (in whole or in part) a Conflicts Matter;

WHEREAS, the Disinterested Managers and the Disinterested Directors, as applicable, have had the opportunity to consult with the management and financial and legal advisors of the Companies and review the chapter 11 and CCAA preparation materials provided by the financial and legal advisors, and, to the extent of any Conflicts Matter, the Disinterested Managers and the Disinterested Directors, as applicable, recommend the adoption of this Written Consent and that the Companies take the actions set forth herein;

WHEREAS, the Companies have requested an appointment of Eddie Bauer LLC as foreign representative (the "Foreign Representative") in connection with and in furtherance of Eddie Bauer LLC (as Foreign Representative) applying to the Canadian Court under Part IV of the CCAA; and

WHEREAS, each Governing Body has reviewed and considered the materials presented by the management of each Company and each Company's financial and legal advisors, and has had adequate opportunity to consult with such persons regarding the materials presented, obtain additional information, and to fully consider each of the strategic alternatives available to the Companies.

NOW, THEREFORE, IT IS HEREBY RESOLVED, that, pursuant to the Governing Documents, each Governing Body has determined, in its business judgment, that the following resolutions are advisable and in the best interest of the Companies and hereby adopt the following resolutions:

## CHAPTER 11 FILING

RESOLVED, that in the business judgment of each Governing Body, it is desirable and maximizes the value of each Company for the benefit of all stakeholders, for each Company to file or cause to be filed the Bankruptcy Petitions under the Bankruptcy Code in the Bankruptcy Court, and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States or Canada;

FURTHER RESOLVED, that in accordance with the Governing Documents, as applicable, of each Company and the applicable laws of the jurisdiction in which each Company is organized, hereby consents to, authorizes, and approves the filing of the Bankruptcy Petitions;

FURTHER RESOLVED, that any director, manager, other duly appointed officers or authorized signatories of each Company and any other person designated by the applicable Board (collectively, the "Authorized Officers" and individually, an "Authorized Officer"), shall be, and each of them individually hereby is, authorized and directed for and on behalf of each Company to take all actions (including, without limitation, to negotiate and execute any documents, certificates, supplemental agreements, and instruments) to act as signatory and attorney on behalf

of each Company in respect of the Restructuring Matters and/or any persons to whom such Authorized Officers delegate certain responsibilities, be, and hereby are, authorized, empowered, and directed to execute and file on behalf of each Company all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all actions that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary or proper to maintain the ordinary course operations of each Company's business;

FURTHER RESOLVED, Eddie Bauer LLC hereby authorizes and consents to its appointment as Foreign Representative by the Bankruptcy Court in connection with and in furtherance of Eddie Bauer LLC applying to the Canadian Court under Part IV of the CCAA as the Foreign Representative of the Companies for recognition of the chapter 11 proceedings commenced by the Companies and further consents to take all steps and actions it deems necessary or proper in connection with such application and proceedings; and

FURTHER RESOLVED, each Company hereby authorizes and consents to Eddie Bauer LLC applying to the Canadian Court under the CCAA for an interim stay order in respect of the Companies and under Part IV of the CCAA as the Foreign Representative of the Canadian Companies for recognition of the chapter 11 proceedings commenced by Eddie Bauer LLC and further consent to take all steps and actions it deems necessary or proper in connection with such applications and proceedings.

## CASH COLLATERAL AND ADEQUATE PROTECTION OBLIGATIONS

WHEREAS, each of the Companies is party to that certain Credit Agreement dated as of December 7, 2020 (as amended, restated, supplemented, or otherwise modified from time to time, the "ABL Credit Agreement"), by and among Penney Holdings LLC, as lead administrative borrower, the other loan parties from time to time party thereto, the lenders from time to time party thereto, and Wells Fargo Bank, National Association, as administrative agent;

WHEREAS, each of the Companies is party to that certain Credit Agreement dated as of September 19, 2025 (as amended, restated, supplemented, or otherwise modified from time to time, the "Term Loan Credit Agreement") by and among Penney Holdings LLC, as lead administrative borrower, the other loan parties from time to time party thereto, the lenders from time to time party thereto, and WhiteHawk Capital Partners LP, as administrative and collateral agent;

WHEREAS, each of the Companies is party to that certain Amended and Restated Term Loan Credit Agreement dated as of December 19, 2024 (as amended, restated, supplement, or otherwise modified from time to time, the "Subordinated Loan Credit Agreement" and together with the ABL Credit Agreement and Term Loan Credit Agreement, the "Prepetition Credit Agreements") by and among Penney Holdings LLC, as lead administrative borrower, the other loan parties from time to time party thereto, the lenders from time to time party thereto, and Copper Retail JV LLC, as administrative agent; and

WHEREAS, each Governing Body has considered presentations by the Companies' management and advisors of the Companies regarding the liabilities and liquidity situation of the Companies and their affiliates and subsidiaries, the strategic alternatives available to them, and the

effect of the foregoing on the Companies' business and has determined, in the business judgment of each Governing Body and based on the recommendation from the Companies' management and advisors, that the following resolutions maximize value of the Companies for the benefit of all stakeholders.

NOW, THEREFORE, IT IS HEREBY RESOLVED, that in the business judgment of each Governing Body, it is desirable and maximizes the value of each Company for the benefit of all of their stakeholders, to obtain the benefits from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for certain of the Companies' prepetition secured parties under the Prepetition Credit Agreements (the "Prepetition Secured Parties");

RESOLVED, that each Authorized Officer of each Company be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, each Company to seek approval of the use of Cash Collateral pursuant to a Cash Collateral order in interim and final form (together, the "Cash Collateral Orders"), and, to the extent applicable to the Company, any Authorized Officer be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of the Company, necessary or advisable to implement the Cash Collateral Order, including providing for adequate protection to the Prepetition Secured Lenders in accordance with section 363 of the Bankruptcy Code (the "Adequate Protection Obligations"), as well as any additional or further agreements for the use of Cash Collateral in connection with the chapter 11 cases, which agreement(s) may require the Companies to grant adequate protection, including periodic cash payments, and security interests to the Prepetition Secured Lenders and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of the Companies pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Officer shall deem necessary, proper, or advisable, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery of such agreement, instrument, or document; and

FURTHER RESOLVED, that each Company be, and hereby is, authorized to incur the Adequate Protection Obligations.

## RETENTION OF PROFESSIONALS

RESOLVED, that each of the Authorized Officers of each Company be, and hereby is, authorized, empowered, and directed to employ on behalf of each Company: (i) Kirkland & Ellis LLP and Kirkland & Ellis International LLP as restructuring counsel; (ii) Cole Schotz P.C. as co-bankruptcy counsel; (iii) GBH SOLIC Holdco, LLC as investment banker; (iv) Berkeley Research Group, LLC as restructuring advisor; (v) Stretto, Inc. as claims and noticing agent; (vi) Retail Consulting Services, Inc. d/b/a Real Estate Advisors as real estate consultant; and any other legal counsel, accountants, financial advisors, restructuring advisors, or other professionals the Authorized Officers deem necessary, appropriate, or advisable, each to represent and assist each Company in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code, CCAA, and any applicable law (including, but not limited to, the law firms filing any motions, objections, replies, applications, pleadings, or responses); and

4

FURTHER RESOLVED, that each of the Authorized Officers of each Company be, and hereby is, authorized and directed to employ any other professionals to assist each Company in carrying out its duties under the Bankruptcy Code and CCAA; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, to pay appropriate retainers and fees, and to cause to be filed appropriate applications for authority to retain the services of any other professionals as necessary.

## THE RESTRUCTURING SUPPORT AGREEMENT

RESOLVED, that the Governing Body of each Company has determined in its business judgment that it is desirable and in the best interests of such Company, its creditors, and other stakeholders to enter into the Restructuring Support Agreement (substantially in the form presented to each Governing Body, with such changes as approved by one or more Authorized Officers, such approval to be conclusively established by such Authorized Officer's execution and delivery or taking thereof) and that such Company's performance of its obligations under the Restructuring Support Agreement be and hereby is, in all respects, authorized and approved;

FURTHER RESOLVED, that the Governing Body of each Company has determined in its business judgment that it is desirable and in the best interests of such Company, its creditors, and other stakeholders, that the Authorized Officers, acting individually and with full power of substitution, be, and hereby are, authorized, approved, empowered, and directed, to take all actions (including, without limitation, to negotiate and execute any agreements, documents, or certificates) necessary to undertake and enter into the Restructuring Support Agreement and to consummate the transactions contemplated thereby, including without limitation, the negotiation and documentation of the Restructuring Matters, the incurrence of indebtedness, assumption of obligations, rejection of obligations, sale of the Companies, sale of equity or assets, merger, liquidation, or other transactions contemplated thereby and all exhibits, schedules, attachments, and ancillary documents or agreements related thereto (each in the form and upon the terms as such Authorized Officer may approve, such approval to be conclusively established by such Authorized Officer's execution and delivery or taking thereof), and that such Companies' entry into and performance of its obligations in respect thereof, is, in all respects, authorized, approved, confirmed, and ratified; and

FURTHER RESOLVED, that the Authorized Officers of each Company be, and each hereby is, authorized to take all actions (including, without limitation, to negotiate and execute any agreements, documents, or certificates) necessary to enter into the Restructuring Support Agreement and to consummate the transactions contemplated thereby in connection with the Bankruptcy Petitions, and to pay any fees or expenses related thereto, and that such Company's performance of its obligations under the Restructuring Support Agreement hereby is, in all respects, authorized and approved.

## GENERAL AUTHORIZATION

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates), either individually or as otherwise required by the Governing Documents, as applicable, of each Company and the applicable laws of the jurisdiction in which each Company is organized, be, and

each of them hereby is, authorized to execute, acknowledge, deliver, and file any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds, and other documents on behalf of each Company relating to the foregoing resolutions;

FURTHER RESOLVED, that each of the Authorized Officers be, and hereby is, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and to perform such further actions and execute such further documentation that the Authorized Officers in their absolute discretion deem necessary, proper, appropriate, or desirable in connection with chapter 11 cases and CCAA cases of each Company and in accordance with the foregoing resolutions.

FURTHER RESOLVED, that each of the Authorized Officers (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of each Company to take or cause to be taken any such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, retainers, and fees, including but not limited to filing fees, in each case as in such Authorized Officer's absolute discretion, shall be necessary, appropriate, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

FURTHER RESOLVED, that each Governing Body has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the Governing Documents, as applicable, of each Company, or hereby waives any right to have received such notice;

FURTHER RESOLVED, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved, confirmed, and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of each Company; and

FURTHER RESOLVED, that any Authorized Officer (and their designees and delegates) be, and each of them hereby is, authorized to do all such other acts, deeds, and other things as each Company itself may lawfully do, in accordance with the Governing Documents, as applicable, of each Company and the applicable laws of the jurisdiction in which each Company is organized, howsoever arising in connection with the matters above, or in furtherance of the intentions expressed in the foregoing resolutions, including, but not limited to, the negotiation, finalization, execution, and delivery of any other agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds, and other documents whatsoever as the individual acting may in his/her absolute and unfettered discretion approve, deem or determine necessary, appropriate, or advisable, such approval, deeming, or determination to be conclusively evidenced by said individual taking such action or the execution thereof.

[SIGNATURE PAGE FOLLOWS]

**IN WITNESS WHEREOF,** the undersigned hereby take the actions described herein, to be effective as of the date first set forth hereinabove.

By: _____
Name:  Ken Ohashi

By: _____
Name:  Keith Melker

By: _____
Name:  Glen Morris

By: _____
Name:  Jeffrey S. Stein

By: _____
Name:  Anthony Horton

Being the Managers of the Boards of:

**SPARC EB HOLDINGS LLC**
**EDDIE BAUER LLC**
**EDDIE BAUER GIFT CARD SERVICES LLC**

*[Signature Page to Omnibus Written Consent – Board of Managers Filing Resolutions]*

**IN WITNESS WHEREOF,** the undersigned hereby take the actions described herein, to be effective as of the date first set forth hereinabove.

By: _____
Name:  Ken Ohashi

By: _____
Name:  Keith Melker

By: _____
Name:  Glen Morris

By: _____
Name:  Jeffrey S. Stein

By: _____
Name:  Anthony Horton

Being the Managers of the Boards of:

**SPARC EB HOLDINGS LLC**
**EDDIE BAUER LLC**
**EDDIE BAUER GIFT CARD SERVICES LLC**

*[Signature Page to Omnibus Written Consent – Board of Managers Filing Resolutions]*

**IN WITNESS WHEREOF,** the undersigned hereby take the actions described herein, to be effective as of the date first set forth hereinabove.

By: _____
Name:  Ken Ohashi


By: _____
Name:  Keith Melker

By: _____ *Glen Morris* _____
                15E346390759462...
Name:  Glen Morris


By: _____
Name:  Jeffrey S. Stein


By: _____
Name:  Anthony Horton


Being the Managers of the Boards of:


**SPARC EB HOLDINGS LLC**
**EDDIE BAUER LLC**
**EDDIE BAUER GIFT CARD SERVICES LLC**


*[Signature Page to Omnibus Written Consent – Board of Managers Filing Resolutions]*

**IN WITNESS WHEREOF,** the undersigned hereby take the actions described herein, to be effective as of the date first set forth hereinabove.

By: _____
Name:  Ken Ohashi


By: _____
Name:  Keith Melker


By: _____
Name:  Glen Morris

By: _____
Name:  Jeffrey S. Stein


By: _____
Name:  Anthony Horton


Being the Managers of the Boards of:


**SPARC EB HOLDINGS LLC**
**EDDIE BAUER LLC**
**EDDIE BAUER GIFT CARD SERVICES LLC**


*[Signature Page to Omnibus Written Consent – Board of Managers Filing Resolutions]*

**IN WITNESS WHEREOF,** the undersigned hereby take the actions described herein, to be effective as of the date first set forth hereinabove.

By: _____
Name:  Ken Ohashi


By: _____
Name:  Keith Melker


By: _____
Name:  Glen Morris


By: _____
Name:  Jeffrey S. Stein


By: _____
Name:  Anthony Horton


Being the Managers of the Boards of:


**SPARC EB HOLDINGS LLC**
**EDDIE BAUER LLC**
**EDDIE BAUER GIFT CARD SERVICES LLC**


*[Signature Page to Omnibus Written Consent – Board of Managers Filing Resolutions]*

**IN WITNESS WHEREOF,** the undersigned hereby take the actions described herein, to be effective as of the date first set forth hereinabove.

By: _____

Name:  Jocelyn Miller


By: _____

Name:  Jeffrey S. Stein


By: _____

Name:  Anthony Horton


Being the Directors of the Boards of:


**13051269 CANADA INC.**
**EDDIE BAUER OF CANADA**
**CORPORATION**

*[Signature Page to Omnibus Written Consent – Board of Directors Filing Resolutions]*

**IN WITNESS WHEREOF,** the undersigned hereby take the actions described herein, to be effective as of the date first set forth hereinabove.

By: _____
Name:  Jocelyn Miller

By: _____
Name:  Jeffrey S. Stein

By: _____
Name:  Anthony Horton

Being the Directors of the Boards of:

**13051269 CANADA INC.**
**EDDIE BAUER OF CANADA**
**CORPORATION**

*[Signature Page to Omnibus Written Consent – Board of Directors Filing Resolutions]*

**IN WITNESS WHEREOF,** the undersigned hereby take the actions described herein, to be effective as of the date first set forth hereinabove.

By: _____

Name:  Jocelyn Miller

By: _____

Name:  Jeffrey S. Stein

By: _____

Name:  Anthony Horton

Being the Directors of the Boards of:

**13051269 CANADA INC.**
**EDDIE BAUER OF CANADA**
**CORPORATION**

*[Signature Page to Omnibus Written Consent – Board of Directors Filing Resolutions]*

## Schedule I

| Entity | Jurisdiction of Incorporation |
|---|---|
| SPARC EB Holdings LLC | Delaware |
| Eddie Bauer LLC | Delaware |
| Eddie Bauer Gift Card Services LLC | Ohio |
| 13051269 Canada Inc. | Canada |
| Eddie Bauer of Canada Corporation | Canada |