**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Matthew C. Fagen, P.C. (admitted *pro hac vice*)
Oliver Paré (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
joshua.sussberg@kirkland.com
matthew.fagen@kirkland.com
oliver.pare@kirkland.com

-and-

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:      (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel to the Debtors and
the Debtors in Possession*

Order Filed on March 3, 2026
by Clerk,
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re: | Chapter 11 |
| EDDIE BAUER LLC, *et al.*, | Case No. 26-11422 (SLM) |
| Debtors.[1] | (Jointly Administered) |

---

[1]  The last four digits of Debtor Eddie Bauer LLC's tax identification number are 6060.  A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/EddieBauer.  The location of Debtor Eddie Bauer LLC's principal place of business is 10401 Northeast 8th Street, Suite 500, Bellevue, WA 98004; the Debtors' service address in these chapter 11 cases is 6501 Legacy Drive, Suite B100, Plano, TX 75024.

## ORDER AUTHORIZING EMPLOYMENT AND PAYMENT
## OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS

The relief set forth on the following pages, numbered three (3) through ten (10), is

**ORDERED**.

**DATED: March 3, 2026**

Honorable Stacey L. Meisel
United States Bankruptcy Judge

(Page | 3)

| | |
|---|---|
| Debtors: | EDDIE BAUER LLC, *et al.* |
| Case No. | 26-11422 (SLM) |
| Caption of Order: | Order Authorizing Employment and Payment of Professionals Utilized in the Ordinary Course of Business |

Upon the Debtors' motion (the "Motion")[2] for entry of an order (this "Order"): (a) authorizing, but not directing, the Debtors to (i) retain Ordinary Course Professionals (which includes both Initial Ordinary Course Professionals and Additional Ordinary Course Professionals) without the necessity of a separate, formal retention application approved by this Court for each Ordinary Course Professional, and (ii) pay each Ordinary Course Professional for postpetition services rendered and expenses incurred, including, if necessary, advancing any reasonable postpetition retainer to the Ordinary Course Professional, subject to certain limits set forth below, without the necessity of additional court approval; and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.); and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"), if any; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing, if any,

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | EDDIE BAUER LLC, *et al*. |
| Case No. | 26-11422 (SLM) |
| Caption of Order: | Order Authorizing Employment and Payment of Professionals Utilized in the Ordinary Course of Business |

establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT:**

1.      The Motion is **GRANTED** on a final basis as set forth herein.

2.      Any objections to the entry of this Order, to the extent not withdrawn or settled, are overruled.

3.      The Debtors are authorized, but not directed, to employ and retain the Ordinary Course Professionals listed on **Exhibit 1** attached hereto (the "Initial Ordinary Course Professionals"), and any Additional Ordinary Course Professional (as defined in the Motion and in this Order, and collectively with the Initial Ordinary Course Professionals, the "Ordinary Course Professionals"), without the need to file individual retention applications or obtain retention orders for each such Ordinary Course Professional.  The Debtors are further authorized, but not directed, to pay such Ordinary Course Professionals' fees, including, if necessary, advancing any reasonable postpetition retainer to the Ordinary Course Professional, and reimburse expenses incurred pursuant to the terms of this Order.  Such authorizations are effective as of the Petition Date or the applicable date of engagement.

4.      Within seven days after the date of entry of this Order, the Debtors shall serve this Order upon each Initial Ordinary Course Professional.  Thereafter, by the date which is thirty days after the later of (a) the date of entry of this Order or (b) the date on which each retained Initial Ordinary Course Professional commences services for the Debtors, each Initial Ordinary Course Professional shall provide to the Debtors and the Debtors' counsel a Declaration pursuant to section 1746 of title 28 of the United States Code, substantially in the form attached hereto as

(Page | 5)

| | |
|---|---|
| Debtors: | EDDIE BAUER LLC, *et al*. |
| Case No. | 26-11422 (SLM) |
| Caption of Order: | Order Authorizing Employment and Payment of Professionals Utilized in the Ordinary Course of Business |

**Exhibit 2**, for filing with the Court and service (via e-mail) upon (a) proposed co-counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Matthew C. Fagen, P.C. (matthew.fagen@kirkland.com), Oliver Paré (oliver.pare@kirkland.com), and Nathan Felton (nathan.felton@kirkland.com); (b) proposed co-counsel to the Debtors, Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn.: Michael D. Sirota, Esq. (msirota@coleschotz.com), Warren A. Usatine, Esq. (wusatine@coleschotz.com), and Felice R. Yudkin, Esq. (fyudkin@coleschotz.com); (c) counsel to the Prepetition ABL Administrative Agent, Otterbourg P.C., 230 Park Avenue, New York, NY 10169, Attn.: Daniel F. Fiorillo (dfiorillo@otterbourg.com); (e) counsel to the Consenting Prepetition Term Loan Agent, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, NY 10036, Attn.: Gregg Galardi (gregg.galardi@ropesgray.com); (f) counsel to the Prepetition Subordinated Loan Agent, Choate, Hall & Stewart LLP, Two International Place, Boston, Massachusetts 02110, Attn.: Mark Silva (msilva@choate.com); (g) the U.S. Trustee, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey 07102, Attn.: Fran B. Steele (Fran.B.Steele@usdoj.gov) and David Gerardi (David.Gerardi@usdoj.gov); and (h) proposed counsel to the Official Committee of Unsecured Creditors, Pachulski Stang Ziehl & Jones LLP, 1700 Broadway, 36th Floor, New York, New York 10019 Attn.: Robert Feinstein (rfeinstein@pszjlaw.com), Brad Sandler (bsandler@pszjlaw.com), and Shirley Cho (scho@pszjlaw.com) (collectively, the "Notice Parties"). Each Ordinary Course Professional shall also complete and return the Retention Questionnaire, substantially in the form attached hereto as **Exhibit 3**, and serve the same (via e-mail) upon the Notice Parties.

(Page | 6)

| | |
|---|---|
| Debtors: | EDDIE BAUER LLC, *et al.* |
| Case No. | 26-11422 (SLM) |
| Caption of Order: | Order Authorizing Employment and Payment of Professionals Utilized in the Ordinary Course of Business |

5.       The Debtors are authorized, without need for further hearing or order from the Court, to employ and retain ordinary course professionals not currently listed on **Exhibit 1** (the "Additional Ordinary Course Professionals") by filing with the Court, and serving on the Notice Parties, a supplement to **Exhibit 1** (the "Supplemental List"), listing the name of the Additional Ordinary Course Professional, together with a brief description of the services to be rendered and the applicable Monthly Fee Cap, serving a copy of both the Supplemental List and the Retention Questionnaire on the Notice Parties, and by otherwise complying with the terms of this Order.  Such authorization is effective retroactive to the date of filing the Supplemental List or the applicable date of engagement.  Each Additional Ordinary Course Professional shall file a Declaration within thirty days of the filing of such Supplemental List, and the Debtors shall file such documentation with the Court and serve a copy on the Notice Parties.

6.       The Notice Parties shall have fourteen days after the later of (a) the entry of this Order, (b) the service of any Declaration, or (c) the service of any Retention Questionnaire (the "Objection Deadline") to object to the retention of any Ordinary Course Professional.  Any such objections shall be filed with the Court and served upon the Notice Parties and the Ordinary Course Professional subject to such objection by the Objection Deadline.  If any objection cannot be resolved or withdrawn within fourteen days after service (or on such earlier date as determined by the Debtors in their discretion), upon request by the Debtors, such objection shall be scheduled for hearing before the Court on the next regularly scheduled omnibus hearing date or such other date that may be agreeable to the Ordinary Course Professional, the Debtors, and the objecting party.  If no objection is received on or before the Objection Deadline, or if any submitted objection is timely withdrawn or resolved, the Debtors shall be authorized to retain the Ordinary Course

(Page | 7)

| | |
|---|---|
| Debtors: | EDDIE BAUER LLC, *et al*. |
| Case No. | 26-11422 (SLM) |
| Caption of Order: | Order Authorizing Employment and Payment of Professionals Utilized in the Ordinary Course of Business |

Professional as a final matter without further order of the Court, effective as of the Petition Date or the applicable date of engagement.

7.      The Debtors shall not pay any fees or reimburse any expenses (nor shall any Ordinary Course Professional draw down any previously provided retainer) to any Ordinary Course Professional unless:  (a) the Ordinary Course Professional has submitted its Declaration and such Declaration has been filed with the Court and, along with the Retention Questionnaire, served on the Notice Parties; (b) the Objection Deadline has expired; and (c) no timely objection is pending.  If a timely objection is received, no payment shall be made until such objection is either resolved, withdrawn, or otherwise overruled by the Court.

8.      The Debtors shall pay each Ordinary Course Professional retained in accordance with the procedures outlined above 100 percent of the fees and expenses incurred with respect to postpetition services, upon the submission to, and approval by, the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and expenses actually incurred during the month, without prejudice and subject to the Debtors' rights to dispute any such invoices in the ordinary course; *provided*, *however*, that each Ordinary Course Professional's total compensation and reimbursement shall not exceed the Monthly Fee Cap set forth in **Exhibit 1** or in any Supplemental List, as applicable, on average over any rolling three-month period.

9.      The Debtors shall have the authority, in their discretion, to change the Monthly Fee Cap applicable to any given Ordinary Course Professional upon five calendar days' notice to the Notice Parties.

10.      If an Ordinary Course Professional's fees and expenses exceed the Monthly Fee Cap over any rolling three-month period, such Ordinary Course Professional shall file a fee

(Page | 8)

| | |
|---|---|
| Debtors: | EDDIE BAUER LLC, *et al.* |
| Case No. | 26-11422 (SLM) |
| Caption of Order: | Order Authorizing Employment and Payment of Professionals Utilized in the Ordinary Course of Business |

application on account of the amount over the applicable limit and apply for compensation and reimbursement of such amount in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Local Rules, the U.S. Trustee Fee Guidelines (as defined below), and any other procedures and orders of the Court. Such applicable Ordinary Course Professional shall be entitled to interim payment of its requested fees and expenses up to the Monthly Fee Cap pending the Court's allowance of those requested fees and expenses in excess of the Monthly Fee Cap.

11. Within thirty days after the end of, and with respect to, each full three-month period after entry of this Order, the Debtors shall serve upon the Notice Parties a summary statement that includes the following information for each Ordinary Course Professional: (a) the name of the Ordinary Course Professional; (b) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by such Ordinary Course Professional during the statement period; and (c) a general description of the services rendered by such Ordinary Course Professional. The obligation to file summary statements shall terminate upon confirmation of a plan of reorganization in these chapter 11 cases.

12. This Order shall not apply to any Chapter 11 Professional retained by the Debtors pursuant to a separate order of this Court.

13. Each Ordinary Course Professional shall waive any prepetition claim against the Debtors as a condition of its retention and compensation as an Ordinary Course Professional.

14. Each Ordinary Course Professional shall periodically update its Declaration and Retention Questionnaire to the extent necessary to reflect new facts or circumstances relevant to its retention, including, without limitation, any changes in the type or scope of services to be

(Page | 9)

| | |
|---|---|
| Debtors: | EDDIE BAUER LLC, *et al.* |
| Case No. | 26-11422 (SLM) |
| Caption of Order: | Order Authorizing Employment and Payment of Professionals Utilized in the Ordinary Course of Business |

provided.  Upon the filing of an updated Declaration and Questionnaire, the Notice Parties and any party in interest shall have fourteen days after service to object.

15.     Subject to the payment procedures set forth in this Order, the Debtors' rights and the right of any party in interest to dispute any invoice submitted by an Ordinary Course Professional shall not be affected or otherwise prejudiced.

16.     The Debtors shall not make any payment to any Ordinary Course Professional that has not complied with the Ordinary Course Professional Procedures and the other terms of this Order.

17.     Any amounts contemplated to be paid, and actually paid, by this Order, shall be subject to, and paid in accordance with, the *Interim Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* (the "Interim Cash Collateral Order"), *Final Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Secured Parties, (III) Modifying the Automatic Stay, and (IV) Granting Related Relief* (the "Final Cash Collateral Order," and together with the Interim Cash Collateral Order, the "Cash Collateral Order"), and Approved Budget (as defined in the Cash Collateral Order).

18.     Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

19.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

(Page | 10)

| | |
|---|---|
| Debtors: | EDDIE BAUER LLC, *et al.* |
| Case No. | 26-11422 (SLM) |
| Caption of Order: | Order Authorizing Employment and Payment of Professionals Utilized in the Ordinary Course of Business |

20.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

21.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

22.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**<u>Exhibit 1</u>**

**Initial Ordinary Course Professionals**

| Professional | Type of Service Provided | Monthly Fee Cap if Services are Utilized |
|---|---|---|
| Norton Rose Fulbright Canada LLP | Legal | $10,000 |
| Proskauer Rose LLP | Legal | $10,000 |
| Fox Rothschild LLP | Legal | $10,000 |

**<u>Exhibit 2</u>**

**Form of Declaration**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Matthew C. Fagen, P.C. (admitted *pro hac vice*)
Oliver Paré (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
matthew.fagen@kirkland.com
oliver.pare@kirkland.com

*Proposed Co-Counsel to the Debtors and*
*the Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel to the Debtors and*
*the Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re:<br><br>EDDIE BAUER LLC, *et al.*,<br><br>                                Debtors.[1] | Chapter 11<br><br>Case No. 26-11422 (SLM)<br><br>(Jointly Administered) |

## DECLARATION OF [DECLARANT,] ON BEHALF OF
## PROPOSED ORDINARY COURSE PROFESSIONAL [COMPANY NAME]

I, [**Declarant**], pursuant to section 1746 of title 28 of the United States Code, hereby declare that the following is true to the best of my information, knowledge, and belief:

1.     I am [**Title**] of [**Company Name**], located at [**Address**] (the "Firm").

2.     Eddie Bauer LLC and/or its affiliated debtors (collectively, the "Debtors") have requested that the Company provide [**Type of Services**] to the Debtors, and the Firm has consented to provide such services.

---

[1]    The last four digits of Debtor Eddie Bauer LLC's tax identification number are 6060.  A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/EddieBauer.  The location of Debtor Eddie Bauer LLC's principal place of business is 10401 Northeast 8th Street, Suite 500, Bellevue, WA 98004; the Debtors' service address in these chapter 11 cases is 6501 Legacy Drive, Suite B100, Plano, TX 75024.

3.      The Firm may have performed services in the past and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in these cases.  As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants or employees of the Debtors, or other parties in interest in these cases.  The Firm does not perform services for any such person in connection with these cases.  In addition, the Firm does not have any relationship with any such person, their attorneys, or their accountants that would be adverse to the Debtors or their estates.

4.      Neither I nor any principal of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm.

5.      Neither I nor any principal of, or professional employed by, the Firm, insofar as I have been able to discover, holds or represents any interest adverse to the Debtors or their estates.

6.      The Debtors owe the Firm $_____ for prepetition services, the payment of which is subject to limitations contained in title 11 of the United States Code, 11 U.S.C. §§ 101–1532.

7.      [**FOR NON-LEGAL SERVICE FIRMS ONLY:** The Company agreed to waive all unpaid amounts for services rendered prior to the Petition Date.]

8.      As of the Petition Date, which was the date on which the Debtors commenced these chapter 11 cases, the Firm [was/was not] party to an agreement for indemnification with the Debtors.  [A copy of such agreement is attached as **Exhibit 1** to this Declaration.]

9.      At any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

10.    I, or a representative of the Firm, have read and am familiar with the requirements of the *Order Authorizing Employment and Payment of Professionals Utilized in the Ordinary Course of Business.*

I declare under penalty of perjury that the foregoing is true and correct.

Executed this [**Date**] in [**City, State, Country**].

_____
[**Declarant**]

## **Exhibit 3**

**Form Retention Questionnaire**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| EDDIE BAUER LLC, *et al.*, | Case No. 26-11422 (SLM) |
| Debtors.[2] | (Jointly Administered) |

## RETENTION QUESTIONNAIRE

### TO BE COMPLETED BY EACH ORDINARY COURSE PROFESSIONAL EMPLOYED BY THE DEBTORS

### <u>Do not **file**</u> this Questionnaire with the Court.  Please return it to:

| | |
|---|---|
| **KIRKLAND & ELLIS LLP** | **COLE SCHOTZ P.C.** |
| **KIRKLAND & ELLIS INTERNATIONAL LLP** | Michael D. Sirota, Esq. |
| Matthew C. Fagen, P.C. (admitted *pro hac vice*) | Warren A. Usatine, Esq. |
| Oliver Paré (admitted *pro hac vice* ) | Felice R. Yudkin, Esq. |
| Nathan Felton (admitted *pro hac vice*) | Court Plaza North, 25 Main Street |
| 601 Lexington Avenue | Hackensack, New Jersey 07601 |
| New York, New York 10022 | Telephone:  (201) 489-3000 |
| Telephone:  (212) 446-4800 | msirota@coleschotz.com |
| Facsimile:   (212) 446-4900 | wusatine@coleschotz.com |
| matthew.fagen@kirkland.com | fyudkin@coleschotz.com |
| oliver.pare@kirkland.com | |
| nathan.felton@kirkland.com | |
| | |
| *Proposed Co-Counsel to the Debtors and* | *Proposed Co-Counsel to the Debtors and* |
| *the Debtors in Possession* | *the Debtors in Possession* |

---

[2]  The last four digits of Debtor Eddie Bauer LLC's tax identification number are 6060.  A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/EddieBauer.  The location of Debtor Eddie Bauer LLC's principal place of business is 10401 Northeast 8th Street, Suite 500, Bellevue, WA 98004; the Debtors' service address in these chapter 11 cases is 6501 Legacy Drive, Suite B100, Plano, TX 75024.

*If more space is needed, please complete on a separate page and attach.*

1. Name and address of firm:

_____

_____

_____

_____

2. Date of retention:

_____

3. Type of services provided (accounting, legal, etc.):

_____

_____

_____

4. Brief description of services to be provided:

_____

_____

_____

5. Arrangements for compensation (hourly, contingent, etc.):

_____

_____

_____

6. Prepetition claims against the Debtors held by the firm (if any):

_____

_____

_____

(a) Average hourly rate (if applicable):

_____

(b) Estimated average monthly compensation:

_____

7. Prepetition claims against the Debtors held individually by any member, associate, or professional employee of the firm:

_____

_____

_____

8. Disclose the nature and provide a brief description of any interest adverse to the Debtors or to its estate with respect to the matters on which the above-named firm is to be employed:

_____

_____

_____

9. Name and title of individual completing this Retention Questionnaire:

_____

_____

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and information.

Dated: _____, 2026

<div style="margin-left:50%">

[Name]
[Title]
[Firm]

</div>