**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Matthew C. Fagen, P.C. (admitted *pro hac vice*)
Oliver Paré (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
matthew.fagen@kirkland.com
oliver.pare@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel to the Debtors and*
*the Debtors in Possession*

*Proposed Co-Counsel to the Debtors and*
*the Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| EDDIE BAUER LLC, *et al*., | Case No. 26-11422 (SLM) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF HEARING ON**
**DEBTORS' MOTION FOR ENTRY OF**
**AN ORDER (I) AUTHORIZING AND ESTABLISHING**
**PROCEDURES FOR THE DE MINIMIS ASSET TRANSACTIONS;**
**(II) AUTHORIZING AND ESTABLISHING PROCEDURES FOR**
**DE MINIMIS ASSET ABANDONMENT; (III) APPROVING THE**
**FORM AND MANNER OF THE NOTICE OF DE MINIMIS ASSET**
**TRANSACTIONS AND ABANDONMENT; AND (IV) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that, on **March 30, 2026, at 11:00 a.m., prevailing**

**Eastern Time**, or as soon thereafter as counsel may be heard, the above-captioned debtors and

debtors in possession (the "Debtors"), by and through their undersigned proposed counsel, shall

---

[1] The last four digits of Debtor Eddie Bauer LLC's tax identification number are 6060. A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/EddieBauer. The location of Debtor Eddie Bauer LLC's principal place of business is 10401 Northeast 8th Street, Suite 500, Bellevue, WA 98004; the Debtors' service address in these chapter 11 cases is 6501 Legacy Drive, Suite B100, Plano, TX 75024.

move the *Debtors' Motion for Entry of an Order (I) Authorizing and Establishing Procedures for the De Minimis Asset Transactions; (II) Authorizing and Establishing Procedures for De Minimis Asset Abandonment; (III) Approving the Form and Manner of the Notice of De Minimis Asset Transactions and Abandonment; and (IV) Granting Related Relief* (the "Motion") before the Honorable Stacey L. Meisel, United States Bankruptcy Judge, in Courtroom 3A of the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"), 50 Walnut Street, Newark, NJ 07102, for entry of an order (the "Order"), substantially in the form submitted herewith, (i) authorizing and establishing procedures providing for the expedited use, sale, or transfer of the De Minimis Assets; (ii) authorizing and establishing procedures to provide for the expedited abandonment of a De Minimis Asset; (iii) approving the form and manner of the notice of De Minimis Asset Transactions and abandonment; and (iv) granting related relief.

**PLEASE TAKE FURTHER NOTICE** that, in support of the relief requested in the Motion, the Debtors shall rely on the accompanying Motion, which sets forth the relevant legal and factual bases upon which the relief requested should be granted. A proposed Order granting the relief requested in the Motion is also submitted herewith.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Motion shall: (i) be in writing; (ii) state with particularity the basis of the objection; and (iii) be filed with the Clerk of the Court electronically by attorneys who regularly practice before the Court in accordance with the *General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents dated March 27, 2002* (the "General Order"), and the *Commentary Supplementing Administrative Procedures* dated as of March 2004 (the "Supplemental Commentary") (the General Order, the Supplemental Commentary, and the

2

User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Court) and, by all other parties in interest, on CD-ROM in Portable Document Format (PDF), and shall be served in accordance with the General Order and the Supplemental Commentary so as to be received no later than seven (7) days before the hearing date set forth above.

**PLEASE TAKE FURTHER NOTICE** that copies of all documents filed in these chapter 11 cases may be obtained free of charge by visiting the website of Stretto, Inc. at https://cases.stretto.com/EddieBauer.  You may also obtain copies of any pleadings by visiting the Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

**PLEASE TAKE FURTHER NOTICE** that, unless responses are timely and properly filed and served, the Motion shall be decided on the papers in accordance with D.N.J. LBR 9013-3(d), and the relief requested may be granted without further notice or hearing.

*[Remainder of Page Intentionally Left Blank]*

Dated:  March 9, 2026

/s/  *Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:  (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel to the Debtors and
the Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Matthew C. Fagen, P.C. (admitted *pro hac vice*)
Oliver Paré (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
joshua.sussberg@kirkland.com
matthew.fagen@kirkland.com
oliver.pare@kirkland.com

*Proposed Co-Counsel to the Debtors and
the Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Matthew C. Fagen, P.C. (admitted *pro hac vice*)
Oliver Paré (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
matthew.fagen@kirkland.com
oliver.pare@kirkland.com

*Proposed Co-Counsel to the Debtors and*
*the Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel to the Debtors and*
*the Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| EDDIE BAUER LLC, *et al.*, | Case No. 26-11422 (SLM) |
| Debtors.[1] | (Jointly Administered) |

## DEBTORS' MOTION FOR
## ENTRY OF AN ORDER (I) AUTHORIZING
## AND ESTABLISHING PROCEDURES FOR
## THE DE MINIMIS ASSET TRANSACTIONS;
## (II) AUTHORIZING AND ESTABLISHING PROCEDURES
## FOR DE MINIMIS ASSET ABANDONMENT; (III) APPROVING
## THE FORM AND MANNER OF THE NOTICE OF DE MINIMIS ASSET
## TRANSACTIONS AND ABANDONMENT; AND (IV) GRANTING RELATED RELIEF

TO THE HONORABLE STACEY L. MEISEL, UNITED STATES BANKRUPTCY

JUDGE FOR THE DISTRICT OF NEW JERSEY:

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state

the following in support of this motion (this "Motion"):[2]

---

[1] The last four digits of Debtor Eddie Bauer LLC's tax identification number are 6060. A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/EddieBauer. The location of Debtor Eddie Bauer LLC's principal place of business is 10401 Northeast 8th Street, Suite 500, Bellevue, WA 98004; the Debtors' service address in these chapter 11 cases is 6501 Legacy Drive, Suite B100, Plano, TX 75024.

## Relief Requested

1.      The Debtors seek entry of an order, substantially in the form attached hereto as

**Exhibit A** (the "Order"):  (i) authorizing and establishing procedures providing for the expedited

use, sale, or transfer of certain assets, including any rights or interests therein (collectively,

the "De Minimis Assets") in any individual transaction or series of related transactions (each,

a "De Minimis Asset Transaction") to a single buyer or group of related buyers with an

aggregate sale price equal to or less than $4,000,000 as calculated within the Debtors' reasonable

discretion, free and clear of all liens, claims, interests, and encumbrances (collectively,

the "Liens"), without the need for further Court approval and with Liens attaching to the

proceeds of such use, sale, or transfer with the same validity, extent, and priority as had attached

to the De Minimis Assets immediately prior to the use, sale, or transfer, (ii) authorizing and

establishing procedures to provide for the expedited abandonment of a De Minimis Asset to the

extent that a sale thereof cannot be consummated at a value greater than the cost of liquidating

such De Minimis Asset, (iii) approving the form and manner of the notice of De Minimis Asset

Transactions and abandonment; and (iv) granting related relief.

## Jurisdiction

2.      The United States Bankruptcy Court for the District of New Jersey (the "Court")

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order*

*of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on

June 6, 2025 (Bumb, C.J.).  The Debtors confirm their consent to the Court's entry of a final

order in connection with this Motion to the extent that it is later determined that the Court, absent

---

[2]  A description of the Debtors and their business, as well as the facts and circumstances supporting this Motion
and giving rise to the Debtors' chapter 11 cases, is set forth in greater detail in the *Declaration of Stephen
Coulombe, Co-Chief Restructuring Officer of Eddie Bauer LLC and its Affiliates, in Support of Chapter 11
Petitions and First Day Motions* [Docket No. 35] (the "First Day Declaration").  Capitalized terms used but not
otherwise defined in this Motion shall have the meanings ascribed to them in the First Day Declaration.

consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.    Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.    The bases for the relief requested herein are sections 105(a), 363, and 554 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and rules 2002, 6004, 6007, and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Background

5.    On February 9, 2026 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On February 10, 2026, the Court entered an order directing the procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) [Docket No. 56].  The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On February 25, 2026, the United States Trustee for the District of New Jersey (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code [Docket No. 210] (the "Committee").

## De Minimis Asset Transactions

6.    In the ordinary course of business, the Debtors frequently enter into various agreements and transactions related to their interests in various assets that the Debtors are authorized to enter into on a postpetition basis pursuant to section 363(c) of the Bankruptcy Code.  For example, the Debtors may sell certain non-core assets, including, but not limited to, certain personal property, furniture, fixtures, and equipment, that are no longer needed for their business.  It is foreseeable that some of the counterparties to these transactions may

have concerns about whether the Debtors are authorized to enter into such transactions without receiving approval from the Court. Accordingly, the Debtors seek approval of certain procedures that will, to the extent necessary, authorize the Debtors to use, sell, swap, or transfer certain assets outside the ordinary course of business with a transaction value equal to or less than $4,000,000. In addition, the Debtors currently own (or may in the future own) assets of little or no use to the Debtors' estates. This Motion also seeks approval of procedures for governing the abandonment of such assets.[3]

7.     In certain circumstances, the Debtors have a limited window of time in which they may enter into or take advantage of opportunities to sell, transfer, or otherwise monetize the De Minimis Assets. The cost and delay associated with seeking individual Court approval of each De Minimis Asset Transaction could eliminate or substantially diminish the economic benefits of the transactions. The De Minimis Asset Transaction Procedures (as defined below) permit the Debtors to dispose of De Minimis Assets in a cost-efficient manner and allow for more expeditious and cost-effective review of certain De Minimis Asset Transactions by interested parties while at the same time protecting the rights of creditors and other parties in interest.

**De Minimis Asset Transaction Procedures**

8.     The Debtors propose to use, sell, swap, or transfer each of the De Minimis Assets on the best terms available, taking into consideration the exigencies and circumstances in each

---

[3]   For the avoidance of doubt, the De Minimis Asset Abandonment Procedures (as defined below) are without prejudice to the Debtors' rights to abandon their personal property under the *Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases; and (II) Granting Related Relief* [Docket No. 230] and the *Interim Order (I) Authorizing the Debtors to Assume the Agency Agreement; (II) Authorizing and Approving the Conduct of Store Closing Sales and the Related Sale Guidelines, With Such Sales to Be Free and Clear of All Liens, Claims, and Encumbrances; (III) Modifying Customer Programs at the Closing Stores; and (IV) Granting Related Relief* [Docket No. 68] or any final order related thereto.

such transaction under the following procedures (the "<u>De Minimis Asset Transaction Procedures</u>"):

a.  With regard to uses, sales, or transfers of De Minimis Assets in any individual transaction or series of related transactions to or from a single buyer or group of related buyers with a total transaction value, as calculated within the Debtors' reasonable discretion, less than or equal to $200,000:

   i.  the Debtors are authorized to consummate such transactions if the Debtors determine in the reasonable exercise of their business judgment that such transactions are in the best interest of the estates without further order of the Court, subject only to the noticing procedures set forth herein;

   ii.  any such transactions shall be, without need for any action by any party, final and fully authorized by the Court and may be, as provided in the documentation governing the applicable transaction, final and free and clear of all Liens with such Liens attaching only to the proceeds of such transactions with the same validity, extent, and priority as immediately prior to the transaction;

   iii.  before closing such sale or effectuating such transaction, the Debtors shall give at least five (5) calendar days' advance written notice (email being sufficient), on a confidential, and to the extent applicable, professionals'-eye-only basis, to:  (a) the U.S. Trustee, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey 07102, Attn.:  Fran Steele (fran.b.steele@usdoj.gov) and David Gerardi (david.gerardi@usdoj.gov); (b) Pachulski Stang Ziehl & Jones LLP, proposed counsel to the Official Committee of Unsecured Creditors, 1700 Broadway, 36th Floor, New York, New York, 10019 Attn.:  Robert Feinstein (rfeinstein@pszjlaw.com), Brad Sandler (bsandler@pszjlaw.com), and Shirley Cho (scho@pszjlaw.com), (c) Otterbourg P.C., counsel to the Prepetition ABL Administrative Agent, 230 Park Avenue, New York, New York 10169, Attn.:  David Morse (dmorse@otterbourg.com); (d) Ropes & Gray LLP, counsel to the Prepetition Term Loan Agent, 1211 Avenue of the Americas, New York, New York 10036-8704, Attn.: Max Silverstein (max.silverstein@ropesgray.com); (e) Choate, Hall & Stewart LLP, counsel to the Prepetition Subordinated Loan Agent, Two International Place, Boston, Massachusetts 02110, Attn.:  Mark D. Silva (msilva@choate.com) and Michael E. Comerford (mcomerford@choate.com); (f) any party to the transaction; (g) any affected creditor(s) (including their counsel, if known) asserting a Lien on the relevant De Minimis Assets, if known; (h) the landlords of leased premises where the De Minimis Assets are located, the sale may be closed, or the transaction may be effected, as well as their counsel who have entered appearances in these cases; and (i) those parties requesting notice pursuant to Bankruptcy Rule 2002 (each, a "<u>Notice Party</u>," and, collectively, the "<u>Notice Parties</u>");

iv.     such notice will be in substantially the form of the Transaction Notice attached as <u>Exhibit 1</u> to the Order and will specify: (i) identification of the De Minimis Assets being used, sold, or transferred; (ii) identification of the Debtor that directly owns the De Minimis Assets; (iii) identification of the purchaser of the assets; (iv) identification of the holders of any Liens on the De Minimis Assets known to the Debtors; (v) the purchase price; (vi) the material economic terms and conditions of the sale or transfer; and (vii) any commission, fees, or similar expenses to be paid in connection with such transaction;

v.     if the terms of a proposed sale or transfer are materially amended after transmittal of the Transaction Notice but prior to the applicable deadline of any Notice Parties' right to object to such sale of the De Minimis Assets, the Debtors will send a revised Transaction Notice (the "<u>Amended Transaction Notice</u>") to the Notice Parties, after which the Notice Parties shall have an additional two (2) calendar days to object to such sale prior to closing such sale or effectuating such transaction;

vi.     any Notice Party shall have the right to object to any such proposed sale, acquisition, or transaction of De Minimis Assets by notifying the Debtors in writing (email being sufficient) of such objection by the later of (i) five (5) calendar days after service of such Transaction Notice and (ii) two (2) calendar days after service of an Amended Transaction Notice, as applicable, without the need to file a formal objection with the Court (an "<u>Objection Notice</u>") and the Debtors shall promptly notify the Notice Parties of any Objection Notices they receive, which notice may be provided electronically; if the Debtors do not receive an Objection Notice, the Debtors are authorized to consummate such transaction immediately;

vii.     if the Debtors receive an Objection Notice, and, after good faith negotiations, the Debtors and such objecting Notice Party are unable to resolve such objection consensually, the objecting Notice Party shall have two (2) business days after being notified by the Debtors that the objection has not been resolved to file a formal objection and the transaction shall not proceed except upon (i) resolution of the objection by the parties in question or (ii) further order of the Court; and

viii.     good faith purchasers of assets pursuant to these De Minimis Asset Transaction Procedures shall be entitled to the protections of section 363(m) of the Bankruptcy Code.

b.     With regard to the uses, sales, or transfers of De Minimis Assets in any individual transaction or series of related transactions to or from a single buyer or group of related buyers with a total transaction value, as calculated within the Debtors' reasonable discretion, greater than $200,000, and less than or equal to $4,000,000:

i.     the Debtors are authorized to consummate such transactions if the Debtors determine in the reasonable exercise of their business judgment that such

transactions are in the best interest of the estates, without further order of the Court, subject to the procedures set forth herein;

ii.   any such transactions shall be, without need for any action by any party, final and fully authorized by the Court and may be, as provided in the documentation governing the applicable transaction, final and free and clear of all Liens with such Liens attaching only to the proceeds of such transactions with the same validity, extent, and priority as immediately prior to the transaction;

iii.   before closing such sale or effectuating such transaction, the Debtors shall give at least seven (7) calendar days' advance written notice (email being sufficient), on a confidential, and to the extent applicable, professionals'-eye-only basis, to the Notice Parties;

iv.   such notice will be in substantially the form of the Transaction Notice attached as Exhibit 1 to the Order and will specify: (i) identification of the De Minimis Assets being used, sold, or transferred; (ii) identification of the Debtor that directly owns the De Minimis Assets; (iii) identification of the purchaser of the assets; (iv) identification of the holders of any Liens on the De Minimis Assets known to the Debtors; (v) the purchase price; (vi) the material economic terms and conditions of the sale or transfer; and (vii) any commission, fees, or similar expenses to be paid in connection with such transaction;

v.   if the terms of a proposed sale or transfer are materially amended after transmittal of the Transaction Notice but prior to the applicable deadline of any Notice Parties' right to object to such sale of the De Minimis Assets, the Debtors will send an Amended Transaction Notice to the Notice Parties, after which the Notice Parties shall have an additional two (2) calendar days to object to such sale prior to closing such sale or effectuating such transaction;

vi.   if no written objections are filed by the Notice Parties within the greater of (i) seven (7) calendar days of service of such Transaction Notice or (ii) two (2) calendar days of service of an Amended Transaction Notice, as applicable (the "Objection Deadline"), the Debtors are authorized to consummate such transaction immediately;

vii.   if any of the Notice Parties properly and timely object to any transaction by the Objection Deadline, and the Debtors, in their sole discretion, still desire to enter into such transaction, the transaction shall not proceed except upon (i) resolution of the objection by the parties in question or (ii) further order of the Court; and

viii.   good faith purchasers of assets pursuant to these De Minimis Asset Transaction Procedures shall be entitled to the protections of section 363(m) of the Bankruptcy Code.

9.      To the extent that De Minimis Assets cannot be sold at a price greater than the cost of liquidating such asset that is no longer needed for the Debtors' operations, the Debtors seek authority to abandon De Minimis Assets in accordance with the following procedures (the "De Minimis Asset Abandonment Procedures," and, together with the De Minimis Asset Transaction Procedures, the "De Minimis Asset Procedures"):

a.      The Debtors shall give written notice of the abandonment substantially in the form attached as Exhibit 2 to the Order (each such notice, an "Abandonment Notice") to the Notice Parties;

b.      the Abandonment Notice shall contain: (i) a description in reasonable detail of the De Minimis Assets to be abandoned, including the projected book value of the assets being abandoned as reflected in the Debtors' books and records; (ii) the identification of the Debtor entity that directly owns the De Minimis Assets; (iii) identification of holders of any Liens on the De Minimis Assets known to the Debtors; (iv) the Debtors' reasons for such abandonment; and (v) the proposed abandonment date absent a timely objection;

c.      if no written objections from any of the Notice Parties are filed with the Court within ten (10) calendar days after the date of receipt of such Abandonment Notice, then the Debtors are authorized to immediately proceed with the abandonment; and

d.      if a written objection from any Notice Party is filed with the Court within ten (10) calendar days after receipt of such Abandonment Notice, then the relevant De Minimis Asset shall only be abandoned upon (i) resolution of the objection by the parties in question or (ii) further order of the Court after notice and a hearing.

e.      Notwithstanding anything to the contrary in this Order, in relation to the Debtors' personal property that may be located at the Debtors' leased premises (i) nothing shall modify any requirement under applicable law with respect to the removal of any hazardous materials as defined under the applicable law from any of the Debtors' leased premises, and (ii) to the extent the Debtors seek to abandon personal property known to contain "personally identifiable information," as that term is defined in section 101(41A) of the Bankruptcy Code (the "PII"), the Debtors shall use commercially reasonable efforts to remove the PII from such personal property before abandonment.  The applicable landlord may return any remaining PII to the Debtors at Eddie Bauer LLC, c/o Stretto, Inc., 410 Exchange, Suite 100, Irvine, CA 92602.  As long as the Debtors are in full compliance with applicable law (and in compliance with building rules previously provided to the Debtors applicable to the removal of furniture, fixtures, and equipment), the applicable landlord may not interfere with Debtors' removal of any of the Debtors' personal property prior to the abandonment.  Following abandonment, landlords may, in their sole discretion and without further notice or order of this

9

Court, utilize and/or dispose of such property without liability to the Debtors or third parties, and, to the extent applicable, the automatic stay is modified to allow such disposition. Notwithstanding anything herein to the contrary, no license or other right to use any intellectual property of the Debtors, including any right to reproduce, modify, or create derivatives, shall be conferred to any landlord as a result of such abandonment, and landlords shall have no right to the continued use of such intellectual property. Nothing in the Order is intended to waive the rights of any landlords to assert any claim, pursuant to, *inter alia*, §§ 365 or 503 of the Bankruptcy Code, for any costs or expenses that any landlords may incur in relation to any sale or abandonment of any property at their premises, with the Debtors likewise not waiving any defenses.

10. Additionally, the Debtors shall maintain a matrix or schedule of the De Minimis Asset Transactions consummated pursuant to the Order, including the names of the purchasing or selling parties, as applicable, and the types and amounts of the transactions, and shall provide a copy of such matrix or schedule to the Court and the Notice Parties within fifteen (15) days after the end of each calendar month beginning with the month in which the Order is entered.

11. The Debtors submit that the establishment of the foregoing procedures is desirable and in the best interests of the Debtors' estates, their creditors, and other parties in interest in these chapter 11 cases. The procedures set forth herein will enable the Debtors to generate additional value and help preserve existing value for the benefit of the Debtors' estates and all parties in interest. These De Minimis Asset Transaction Procedures will promote an efficient administration of these chapter 11 cases, make De Minimis Asset Transactions cost effective, and expedite the use, sale, or transfer of more valuable assets in a manner that will provide the most benefit to the Debtors' estates and creditors.

## Basis for Relief

### I. The De Minimis Asset Transaction Procedures Are Appropriate Under Section 363(b) of the Bankruptcy Code.

12. The Debtors believe they are authorized to use, sell, or transfer the De Minimis Assets in the ordinary course of business without notice or a hearing pursuant to section 363(c)(1) of the Bankruptcy Code. To the extent that any De Minimis Asset Transaction

is not in the ordinary course of business, the Debtors believe that they are able to satisfy the requirements of 363(b) with respect to such De Minimis Asset Transaction.

13.    Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."  11 U.S.C. § 363(b)(1).  Although section 363 of the Bankruptcy Code does not specify a standard for determining when it is appropriate for a court to authorize the use, sale, or lease of property of the estate, bankruptcy courts routinely authorize sales of a debtor's assets if such sale is based upon the sound business judgment of the debtor.  *See In re Chateaugay Corp.*, 973 F.2d 141 (2d Cir.1992) (approval of section 363(b) sale is appropriate if good business reasons exist for such sale); *see also In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983).

14.    The De Minimis Asset Transaction Procedures reflect a reasonable exercise of their business judgment and satisfy the requirements of section 363(b) of the Bankruptcy Code. Courts generally accord significant deference to a debtor's business judgment to use or sell assets outside the ordinary course of business.  *See In re W.A. Mallory Co., Inc.*, 214 B.R. 834, 836–37 (Bankr. E.D. Va. 1997) ("[G]reat deference is given to a business in determining its own best interests.").  Requiring the Debtors to file a motion with the Court each time the Debtors seek to dispose of certain De Minimis Assets would distract from their chapter 11 efforts and force the Debtors to incur unnecessary costs that would reduce whatever value might be realized from the sale of such assets.  In addition, the De Minimis Asset Transaction Procedures afford those creditors with an interest in the De Minimis Assets the opportunity to object to their use, sale, or transfer and obtain a hearing if necessary, and the relief requested will not apply to sales of De Minimis Assets to "insiders," as that term is described in section 101(31) of the Bankruptcy Code.

## II.    The De Minimis Asset Transaction Procedures Are Appropriate Under Section 363(f) of the Bankruptcy Code.

15.    Section 363(f) of the Bankruptcy Code permits a debtor to sell property free and clear of another party's interest in the property if:  (i) applicable nonbankruptcy law permits such a "free and clear" sale; (ii) the holder of the interest consents; (iii) the interest is a lien and the sales price of the property exceeds the value of all liens on the property; (iv) the interest is in bona fide dispute; or (v) the holder of the interest could be compelled in a legal or equitable proceeding to accept a monetary satisfaction of its interest.  11 U.S.C. § 363(f).

16.    The Debtors propose to sell or transfer the De Minimis Assets in a commercially reasonable manner and expect that the value of the proceeds from such sales or transfers will fairly reflect the value of the property sold.  The Debtors further propose that any party with a Lien on De Minimis Assets sold or transferred pursuant to this Motion shall have a corresponding security interest in the proceeds of such sale or transfer.  Moreover, the Debtors propose that a party's failure to object timely to (i) the entry of the Order approving this Motion and (ii) a De Minimis Asset Transaction as required under the De Minimis Asset Transaction Procedures, as applicable, in each case following the provision of notice, be deemed "consent" to any sales or transfers pursuant to the Order within the meaning of section 363(f)(2) of the Bankruptcy Code.  As such, the requirements of section 363(f) of the Bankruptcy Code would be satisfied for any proposed sales or transfers free and clear of Liens.

## III.    Sales or Other Divestitures of De Minimis Assets Should Be Entitled to the Protections of Section 363(m) of the Bankruptcy Code.

17.    Section 363(m) of the Bankruptcy Code provides in relevant part that the reversal or modification on appeal of an authorization under section 363(b) of a sale or lease of property does not affect the validity of a sale or lease under such authorization to a purchaser who bought or leased such property in good faith, whether or not such entity knew of the pendency of the

appeal, unless such authorization and such sale or lease were stayed pending appeal. *See* 11 U.S.C. § 363(m). "Although the Bankruptcy Code does not define the meaning of 'good-faith purchaser,' most courts have adopted a traditional equitable definition: one who purchases the assets for value, in good faith and without notice of adverse claims." *In re Gucci*, 126 F.3d 380, 390 (2d Cir. 1997) (internal citations omitted). The Third Circuit has held that "[t]he requirement that a purchaser act in good faith . . . speaks to the integrity of [purchaser's] conduct in the course of the sale proceedings." *In re Abbotts Dairies of Pa., Inc*., 788 F.2d 143, 147 (3d Cir. 1986) (internal citations omitted). Typically, the misconduct that would destroy a purchaser's good faith status involves "fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders." *Hoese Corp. v. Vetter Corp. (In re Vetter Corp.)*, 724 F.2d 52, 56 (7th Cir. 1983) (emphasis omitted) (quoting *In re Rock Indus. Mach. Corp*., 572 F.2d 1195, 1198 (7th Cir. 1978)) (interpreting Bankruptcy Rule 805, the precursor to section 363(m)). Any agreement that results in the sale or divestiture of De Minimis Assets will be an arm's-length transaction entitled to the protections of section 363(m).

**IV.     The De Minimis Asset Abandonment Procedures Are Justified by the Debtors' Sound Business Judgment and Appropriate Under Section 554(a) of the Bankruptcy Code.**

18.     Section 554(a) of the Bankruptcy Code provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). The costs associated with sales of certain De Minimis Assets may exceed any possible proceeds thereof. Further, the costs of storing and maintaining such De Minimis Assets may burden the Debtors' estates such that abandonment of De Minimis Assets pursuant to the De Minimis Asset Abandonment Procedures is in the best interest of the Debtors' estates. Accordingly, the Debtors contend that, in such

circumstances, the abandonment of De Minimis Assets pursuant to the De Minimis Asset Abandonment Procedures is in the best interest of the Debtors' estates.

## Waiver of Bankruptcy Rules 6004(a) and 6004(h)

19.     The Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the fourteen-day stay period under Bankruptcy Rule 6004(h).

## Reservation of Rights

20.     Notwithstanding anything to the contrary herein, nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended or should be construed as:  (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in this Motion or any order granting the relief requested by this Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission by the Debtors as to the validity, priority, enforceability, or perfection of any lien (contractual, common law, statutory, or otherwise) on, security interest in, or other encumbrance on property of the Debtors' estates and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (g) a waiver or limitation of the Debtors' or any other party in interest's claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law; or (h) a waiver of the obligation of any party in interest to file a proof of claim.

**No Prior Request**

21.     No prior request for the relief sought in this Motion has been made to this Court or any other court.

**Notice**

22.     The Debtors will provide notice of this Motion to the following parties or their respective counsel:  (a) the U.S. Trustee; (b) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (c) the state attorneys general for the states in which the Debtors conduct business; (d) the United States Attorney's Office for the District of New Jersey; (e) the Internal Revenue Service; (f) Otterbourg P.C., counsel to the Prepetition ABL Administrative Agent; (g) Ropes & Gray LLP, counsel to the Consenting Prepetition Term Loan Agent; (h) Choate, Hall & Stewart LLP, counsel to the Prepetition Subordinated Loan Agent; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors request that the Court enter the Order granting the relief

requested herein and such other relief the Court deems appropriate under the circumstances.

Dated:  March 9, 2026

/s/  Michael D. Sirota

**COLE SCHOTZ P.C.**                                              **KIRKLAND & ELLIS LLP**
Michael D. Sirota, Esq.                                          **KIRKLAND & ELLIS INTERNATIONAL LLP**
Warren A. Usatine, Esq.                                          Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Felice R. Yudkin, Esq.                                           Matthew C. Fagen, P.C. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street                                Oliver Paré (admitted *pro hac vice*)
Hackensack, New Jersey 07601                                     601 Lexington Avenue
Telephone:  (201) 489-3000                                       New York, New York 10022
msirota@coleschotz.com                                           Telephone:  (212) 446-4800
wusatine@coleschotz.com                                          Facsimile:  (212) 446-4900
fyudkin@coleschotz.com                                           joshua.sussberg@kirkland.com
                                                                 matthew.fagen@kirkland.com
                                                                 oliver.pare@kirkland.com

*Proposed Co-Counsel to the Debtors and*                         *Proposed Co-Counsel to the Debtors and*
*the Debtors in Possession*                                      *the Debtors in Possession*

## Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Matthew C. Fagen, P.C. (admitted *pro hac vice*)
Oliver Paré (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
joshua.sussberg@kirkland.com
matthew.fagen@kirkland.com
oliver.pare@kirkland.com

-and-

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:      (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel to the Debtors and*
*the Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| EDDIE BAUER LLC, *et al.*, | Case No. 26-11422 (SLM) |
| Debtors.[1] | (Jointly Administered) |

---

[1]    The last four digits of Debtor Eddie Bauer LLC's tax identification number are 6060.  A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/EddieBauer.  The location of Debtor Eddie Bauer LLC's principal place of business is 10401 Northeast 8th Street, Suite 500, Bellevue, WA 98004; the Debtors' service address in these chapter 11 cases is 6501 Legacy Drive, Suite B100, Plano, TX 75024.

**ORDER (I) AUTHORIZING
AND ESTABLISHING PROCEDURES
FOR THE DE MINIMIS ASSET TRANSACTIONS;
(II) AUTHORIZING AND ESTABLISHING PROCEDURES
FOR DE MINIMIS ASSET ABANDONMENT; (III) APPROVING
THE FORM AND MANNER OF THE NOTICE OF DE MINIMIS ASSET
TRANSACTIONS AND ABANDONMENT; AND (IV) GRANTING RELATED RELIEF**

---

The relief set forth on the following pages, numbered three (3) through thirteen (13), is

**ORDERED**.

(Page | 3)

| | |
|---|---|
| Debtors: | EDDIE BAUER LLC, *et al.* |
| Case No. | 26-11422 (SLM) |
| Caption of Order: | Order (I) Authorizing and Establishing Procedures for the De Minimis Asset Transactions; (II) Authorizing and Establishing Procedures for De Minimis Asset Abandonment; (III) Approving the Form and Manner of the Notice of De Minimis Asset Transactions and Abandonment; and (IV) Granting Related Relief |

Upon the Debtors' motion *(*the "Motion"),[2] for entry of an order (this "Order") (i) authorizing and establishing procedures providing for the expedited use, sell, or transfer of the De Minimis Assets in any De Minimis Asset Transaction to a single buyer or group of related buyers with an aggregate sale price equal to or less than $4,000,000 as calculated within the Debtors' reasonable discretion, free and clear of all Liens, without the need for further Court approval and with Liens attaching to the proceeds of such use, sale, or transfer with the same validity, extent, and priority as had attached to the De Minimis Assets immediately prior to the use, sale, or transfer; (ii) authorizing and establishing procedures to provide for the expedited abandonment of a De Minimis Asset to the extent that a sale thereof cannot be consummated at a value greater than the cost of liquidating such De Minimis Asset; (iii) approving the form and manner of the notice of De Minimis Asset Transactions and abandonment; and (iv) granting related relief**,** all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.); and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and

---

[2]    Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | EDDIE BAUER LLC, *et al.* |
| Case No. | 26-11422 (SLM) |
| Caption of Order: | Order Approving (I) Authorizing and Establishing Procedures for the De Minimis Asset Transactions; (II) Authorizing and Establishing Procedures for De Minimis Asset Abandonment; (III) Approving the Form and Manner of the Notice of De Minimis Asset Transactions and Abandonment; and (IV) Granting Related Relief |

this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"), if any; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing, if any, establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** as set forth herein.

2.      Any objections to the entry of this Order, to the extent not withdrawn or settled, are overruled.

3.      Pursuant to section 363(b) of the Bankruptcy Code, the Debtors are authorized to use, sell, swap, or transfer De Minimis Assets outside the ordinary course of business, without further order of the Court in accordance with the following De Minimis Asset Transaction Procedures:

a.      With regard to uses, sales, or transfers of De Minimis Assets in any individual transaction or series of related transactions to or from a single buyer or group of related buyers with a total transaction value, as calculated within the Debtors' reasonable discretion, less than or equal to $200,000:

i.      the Debtors are authorized to consummate such transactions if the Debtors determine in the reasonable exercise of their business judgment that such transactions are in the best interest of the estates, without further order of the Court, subject only to the noticing procedures set forth herein;

ii.      any such transactions shall be, without need for any action by any party, final and fully authorized by the Court and may be, as provided in the documentation governing the applicable transaction, final and free and

| | |
|---|---|
| (Page \| 5) | |
| Debtors: | EDDIE BAUER LLC, *et al.* |
| Case No. | 26-11422 (SLM) |
| Caption of Order: | Order Approving (I) Authorizing and Establishing Procedures for the De Minimis Asset Transactions; (II) Authorizing and Establishing Procedures for De Minimis Asset Abandonment; (III) Approving the Form and Manner of the Notice of De Minimis Asset Transactions and Abandonment; and (IV) Granting Related Relief |

clear of all Liens with such Liens attaching only to the proceeds of such transactions with the same validity, extent, and priority as immediately prior to the transaction;

iii.    before closing such sale or effectuating such transaction, the Debtors shall give at least five (5) calendar days advance written notice (email being sufficient), on a confidential, and to the extent applicable, professionals'-eye-only basis, to:  (a) the U.S. Trustee, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey 07102, Attn.:  Fran Steele (fran.b.steele@usdoj.gov) and David Gerardi (david.gerardi@usdoj.gov); (b) Pachulski Stang Ziehl & Jones LLP, proposed counsel to the Official Committee of Unsecured Creditors, 1700 Broadway, 36th Floor, New York, New York, 10019 Attn.:  Robert Feinstein (rfeinstein@pszjlaw.com), Brad Sandler (bsandler@pszjlaw.com), and Shirley Cho (scho@pszjlaw.com), (c) Otterbourg P.C., counsel to the Prepetition ABL Administrative Agent, 230 Park Avenue, New York, New York 10169, Attn.:  David Morse (dmorse@otterbourg.com); (d) Ropes & Gray LLP, counsel to the Prepetition Term Loan Agent, 1211 Avenue of the Americas, New York, New York 10036-8704, Attn.: Max Silverstein (max.silverstein@ropesgray.com); (e) Choate, Hall & Stewart LLP, counsel to the Prepetition Subordinated Loan Agent, Two International Place, Boston, Massachusetts 02110, Attn.:  Mark D. Silva    (msilva@choate.com)    and    Michael    E. Comerford (mcomerford@choate.com); (f) any party to the transaction; (g) any affected creditor(s) (including their counsel, if known) asserting a Lien on the relevant De Minimis Assets, if known; (h) the landlords of leased premises where the De Minimis Assets are located, the sale may be closed, or the transaction may be effected, as well as their counsel who have entered appearances in these cases; and (i) those parties requesting notice pursuant to Bankruptcy Rule 2002 (each, a "Notice Party," and, collectively, the "Notice Parties");

iv.    such notice will be in substantially the form of the Transaction Notice attached as **Exhibit 1** hereto and will specify:  (i) identification of the De Minimis Assets being used, sold, or transferred; (ii) identification of the Debtor that directly owns the De Minimis Assets; (iii) identification of the purchaser of the assets; (iv) identification of the holders of any Liens on the De Minimis Assets known to the Debtors; (v) the purchase price; (vi) the material economic terms and conditions of the sale or transfer; and (vii) any commission, fees, or similar expenses to be paid in connection with such transaction;

(Page | 6)

| | |
|---|---|
| Debtors: | EDDIE BAUER LLC, *et al*. |
| Case No. | 26-11422 (SLM) |
| Caption of Order: | Order Approving (I) Authorizing and Establishing Procedures for the De Minimis Asset Transactions; (II) Authorizing and Establishing Procedures for De Minimis Asset Abandonment; (III) Approving the Form and Manner of the Notice of De Minimis Asset Transactions and Abandonment; and (IV) Granting Related Relief |

v.   if the terms of a proposed sale or transfer are materially amended after transmittal of the Transaction Notice but prior to the applicable deadline of any Notice Parties' right to object to such sale of the De Minimis Assets, the Debtors will send a revised Transaction Notice (the "Amended Transaction Notice") to the Notice Parties, after which the Notice Parties shall have an additional two (2) calendar days to object to such sale prior to closing such sale or effectuating such transaction;

vi.   any Notice Party shall have the right to object to any such proposed sale, acquisition, or transaction of De Minimis Assets by notifying the Debtors in writing (email being sufficient) of such objection by the later of (i) five (5) calendar days after service of such Transaction Notice and (ii) two (2) calendar days after service of an Amended Transaction Notice, as applicable, without the need to file a formal objection with the Court (an "Objection Notice") and the Debtors shall promptly notify the Notice Parties of any Objection Notices they receive, which notice may be provided electronically; if the Debtors do not receive an Objection Notice, the Debtors are authorized to consummate such transaction immediately;

vii.   if the Debtors receive an Objection Notice, and, after good faith negotiations, the Debtors and such objecting Notice Party are unable to resolve such objection consensually, the objecting Notice Party shall have two (2) business days after being notified by the Debtors that the objection has not been resolved to file a formal objection and the transaction shall not proceed except upon (i) resolution of the objection by the parties in question or (ii) further order of the Court; and

viii.   good faith purchasers of assets pursuant to these De Minimis Asset Transaction Procedures shall be entitled to the protections of section 363(m) of the Bankruptcy Code.

b.   With regard to the uses, sales, or transfers of De Minimis Assets in any individual transaction or series of related transactions to or from a single buyer or group of related buyers with a total transaction value, as calculated within the Debtors' reasonable discretion, greater than $200,000, and less than or equal to $4,000,000:

i.   the Debtors are authorized to consummate such transactions if the Debtors determine in the reasonable exercise of their business judgment that such transactions are in the best interest of the estates, without further order of the Court, subject to the procedures set forth herein;

(Page | 7)

| | |
|---|---|
| Debtors: | EDDIE BAUER LLC, *et al.* |
| Case No. | 26-11422 (SLM) |
| Caption of Order: | Order Approving (I) Authorizing and Establishing Procedures for the De Minimis Asset Transactions; (II) Authorizing and Establishing Procedures for De Minimis Asset Abandonment; (III) Approving the Form and Manner of the Notice of De Minimis Asset Transactions and Abandonment; and (IV) Granting Related Relief |

ii. any such transactions shall be, without need for any action by any party, final and fully authorized by the Court and may be, as provided in the documentation governing the applicable transaction, final and free and clear of all Liens with such Liens attaching only to the proceeds of such transactions with the same validity, extent, and priority as immediately prior to the transaction;

iii. before closing such sale or effectuating such transaction, the Debtors shall give at least seven (7) calendar days' advance written notice (email being sufficient), on a confidential, and to the extent applicable, professionals'-eye-only basis, to the Notice Parties;

iv. such notice will be in substantially the form of the Transaction Notice attached as **Exhibit 1** hereto and will specify: (i) identification of the De Minimis Assets being used, sold, or transferred; (ii) identification of the Debtor that directly owns the De Minimis Assets; (iii) identification of the purchaser of the assets; (iv) identification of the holders of any Liens on the De Minimis Assets known to the Debtors; (v) the purchase price; (vi) the material economic terms and conditions of the sale or transfer; and (vii) any commission, fees, or similar expenses to be paid in connection with such transaction;

v. if the terms of a proposed sale or transfer are materially amended after transmittal of the Transaction Notice but prior to the applicable deadline of any Notice Parties' right to object to such sale of the De Minimis Assets, the Debtors will send an Amended Transaction Notice to the Notice Parties, after which the Notice Parties shall have an additional two (2) calendar days to object to such sale prior to closing such sale or effectuating such transaction;

vi. if no written objections are filed by the Notice Parties within the greater of (i) seven (7) calendar days of service of such Transaction Notice or (ii) two (2) calendar days of service of an Amended Transaction Notice, as applicable (the "Objection Deadline"), the Debtors are authorized to consummate such transaction immediately;

vii. if any of the Notice Parties properly and timely object to any transaction by the Objection Deadline, and the Debtors, in their sole discretion, still desire to enter into such transaction, the transaction shall not proceed except upon (i) resolution of the objection by the parties in question or (ii) further order of the Court; and

(Page | 8)

| | |
|---|---|
| Debtors: | EDDIE BAUER LLC, *et al.* |
| Case No. | 26-11422 (SLM) |
| Caption of Order: | Order Approving (I) Authorizing and Establishing Procedures for the De Minimis Asset Transactions; (II) Authorizing and Establishing Procedures for De Minimis Asset Abandonment; (III) Approving the Form and Manner of the Notice of De Minimis Asset Transactions and Abandonment; and (IV) Granting Related Relief |

       viii.    good faith purchasers of assets pursuant to these De Minimis Asset Transaction Procedures shall be entitled to the protections of section 363(m) of the Bankruptcy Code.

4.      Pursuant to section 554(a) of the Bankruptcy Code, the Debtors are authorized to abandon De Minimis Assets in accordance with the following De Minimis Asset Abandonment Procedures:[1]

    a.    The Debtors shall give written notice of the abandonment substantially in the form attached as **Exhibit 2** hereto (each such notice, an "Abandonment Notice") to the Notice Parties;

    b.    the Abandonment Notice shall contain: (i) a description in reasonable detail of the De Minimis Assets to be abandoned, including the projected book value of the assets being abandoned as reflected in the Debtors' books and records; (ii) the identification of the Debtor entity that directly owns the De Minimis Assets; (iii) identification of holders of any Liens on the De Minimis Assets known to the Debtors; (iv) the Debtors' reasons for such abandonment; and (v) the proposed abandonment date absent a timely objection;

    c.    if no written objections from any of the Notice Parties are filed with the Court within ten (10) calendar days after the date of receipt of such Abandonment Notice, then the Debtors are authorized to immediately proceed with the abandonment; and

    d.    if a written objection from any Notice Party is filed with the Court within ten (10) calendar days after receipt of such Abandonment Notice, then the relevant De Minimis Asset shall only be abandoned upon (i) resolution of the objection by the parties in question or (ii) further order of the Court after notice and a hearing.

    e.    Notwithstanding anything to the contrary in this Order, in relation to the Debtors' personal property that may be located at the Debtors' leased premises (i) nothing

---

[1]    For the avoidance of doubt, the De Minimis Asset Abandonment Procedures are without prejudice to the Debtors' rights to abandon their personal property under the *Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases; and (II) Granting Related Relief* [Docket No. 230] and the *Interim Order (I) Authorizing the Debtors to Assume the Agency Agreement; (II) Authorizing and Approving the Conduct of Store Closing Sales and the Related Sale Guidelines, With Such Sales to Be Free and Clear of All Liens, Claims, and Encumbrances; (III) Modifying Customer Programs at the Closing Stores; and (IV) Granting Related Relief* [Docket No. 68] or any final order related thereto.

(Page | 9)

| | |
|---|---|
| Debtors: | EDDIE BAUER LLC, *et al*. |
| Case No. | 26-11422 (SLM) |
| Caption of Order: | Order Approving (I) Authorizing and Establishing Procedures for the De Minimis Asset Transactions; (II) Authorizing and Establishing Procedures for De Minimis Asset Abandonment; (III) Approving the Form and Manner of the Notice of De Minimis Asset Transactions and Abandonment; and (IV) Granting Related Relief |

shall modify any requirement under applicable law with respect to the removal of any hazardous materials as defined under the applicable law from any of the Debtors' leased premises, and (ii) to the extent the Debtors seek to abandon personal property known to contain "personally identifiable information," as that term is defined in section 101(41A) of the Bankruptcy Code (the "PII"), the Debtors shall use commercially reasonable efforts to remove the PII from such personal property before abandonment.  The applicable landlord may return any remaining PII to the Debtors at Eddie Bauer LLC, c/o Stretto, Inc., 410 Exchange, Suite 100, Irvine, CA 92602.  As long as the Debtors are in full compliance with applicable law (and in compliance with building rules previously provided to the Debtors applicable to the removal of furniture, fixtures, and equipment), the applicable landlord may not interfere with Debtors' removal of any of the Debtors' personal property prior to the abandonment.  Following abandonment, landlords may, in their sole discretion and without further notice or order of this Court, utilize and/or dispose of such property without liability to the Debtors or third parties, and, to the extent applicable, the automatic stay is modified to allow such disposition.  Notwithstanding anything herein to the contrary, no license or other right to use any intellectual property of the Debtors, including any right to reproduce, modify, or create derivatives, shall be conferred to any landlord as a result of such abandonment, and landlords shall have no right to the continued use of such intellectual property.  Nothing in the Order is intended to waive the rights of any landlords to assert any claim, pursuant to, *inter alia*, §§ 365 or 503 of the Bankruptcy Code, for any costs or expenses that any landlords may incur in relation to any sale or abandonment of any property at their premises, with the Debtors likewise not waiving any defenses.

5.      Any uses, sales, or transfers to "insiders," as that term is defined in section 101(31) of the Bankruptcy Code, are excluded from this Order.

6.      A party's failure to timely object to (i) the relief requested in the Motion and (ii) the sale or transfer of De Minimis Assets in accordance with the terms of this Order shall be determined to be "consent" to such use, sale, or transfer within the meaning of section 363(f)(2) of the Bankruptcy Code.

7.      Sales and transfers of De Minimis Assets are, without need for any action by any party, free and clear of all Liens, with such Liens attaching to the proceeds of such sale or

| | |
|---|---|
| (Page \| 10) | |
| Debtors: | EDDIE BAUER LLC, *et al.* |
| Case No. | 26-11422 (SLM) |
| Caption of Order: | Order Approving (I) Authorizing and Establishing Procedures for the De Minimis Asset Transactions; (II) Authorizing and Establishing Procedures for De Minimis Asset Abandonment; (III) Approving the Form and Manner of the Notice of De Minimis Asset Transactions and Abandonment; and (IV) Granting Related Relief |

transfer with the same validity, extent, and priority as had attached to such De Minimis Assets immediately prior to such sale or transfer.  The holder of any valid Lien on such De Minimis Assets shall, as of the effective date of such sale or transfer, be deemed to have waived and released such Lien without regard to whether such holder has executed or filed any applicable release, and such Lien shall automatically, and with no further action by any party, attach to the proceeds of such sale.  Notwithstanding the foregoing, any such holder of such a Lien is authorized and directed to execute and deliver any waivers, releases, or other related documentation, as reasonably requested by the Debtors.

8.      Purchasers and transferees of De Minimis Assets are entitled to the protections afforded to good-faith purchasers under section 363(m) of the Bankruptcy Code.

9.      The Debtors will maintain a matrix or schedule of the De Minimis Asset Transactions consummated pursuant to the Order, including the names of the purchasing or selling parties, as applicable, and the types and amounts of the transactions, and shall provide a copy of such matrix or schedule to the Court and the Notice Parties within fifteen (15) days after the end of each calendar month beginning with the month in which this Order is entered.

10.     The Transaction Notice with regard to the sale or transfer of De Minimis Assets substantially in the form attached hereto as **Exhibit 1** is hereby authorized and approved.

11.     The Abandonment Notice with regard to the abandonment of De Minimis Assets substantially in the form attached hereto as **Exhibit 2** is hereby authorized and approved.

12.     Service of the Transaction Notice, as applicable, is sufficient notice of the use, sale, or transfer of such De Minimis Assets.

(Page | 11)

| | |
|---|---|
| Debtors: | EDDIE BAUER LLC, *et al.* |
| Case No. | 26-11422 (SLM) |
| Caption of Order: | Order Approving (I) Authorizing and Establishing Procedures for the De Minimis Asset Transactions; (II) Authorizing and Establishing Procedures for De Minimis Asset Abandonment; (III) Approving the Form and Manner of the Notice of De Minimis Asset Transactions and Abandonment; and (IV) Granting Related Relief |

13. Service of the Abandonment Notice, as applicable, is sufficient notice of the abandonment of such De Minimis Assets.

14. Sales of De Minimis Assets shall be deemed arm's-length transactions entitled to the protections of section 363(m) of the Bankruptcy Code.

15. With respect to all sale transactions consummated pursuant to this Order, this Order shall be sole and sufficient evidence of the transfer of title to any particular buyer, and the sale transactions consummated pursuant to this Order shall be binding upon and shall govern the acts of all persons and entities who may be required by operation of law, the duties of their office, or contract to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the property sold pursuant to this Order, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, administrative agencies, governmental departments, secretaries of state and federal, state, and local officials, and each of such persons and entities is hereby directed to accept this Order as sole and sufficient evidence of such transfer of title and shall rely upon this Order in consummating the transactions contemplated hereby.

16. The Debtors are authorized to pay those reasonable and necessary fees and expenses incurred in the use, sale, or transfer of De Minimis Assets, including commission and fees to agents, brokers, auctioneers, and liquidators.

17. Nothing contained herein shall prejudice the rights of the Debtors to seek authorization for the use, sale, or transfer of any asset under section 363 of the Bankruptcy Code.

(Page | 12)

| | |
|---|---|
| Debtors: | EDDIE BAUER LLC, *et al.* |
| Case No. | 26-11422 (SLM) |
| Caption of Order: | Order Approving (I) Authorizing and Establishing Procedures for the De Minimis Asset Transactions; (II) Authorizing and Establishing Procedures for De Minimis Asset Abandonment; (III) Approving the Form and Manner of the Notice of De Minimis Asset Transactions and Abandonment; and (IV) Granting Related Relief |

18.     Notwithstanding anything to the contrary in this Order, the De Minimis Asset Transaction Procedures, none of the Debtors' insurance policies or surety bonds and/or agreements related thereto, including, but not limited to, any claims handling service agreements and indemnification agreements, shall be abandoned, sold, assigned, or otherwise transferred pursuant to any sale(s) or abandonment of the De Minimis Assets, without the express prior written consent of the applicable insurer and/or third party administrator.

19.     Any amounts contemplated to be paid, and actually paid, pursuant to this Order, shall be subject to, and paid in accordance with, the *Interim Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* (the "Interim Cash Collateral Order"), the *Final Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Secured Parties, (III) Modifying the Automatic Stay, and (IV) Granting Related Relief* (the "Final Cash Collateral Order," and together with the Interim Cash Collateral Order, the "Cash Collateral Order"), and the Approved Budget (as defined in the Cash Collateral Order).

20.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

21.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

(Page | 13)

| | |
|---|---|
| Debtors: | EDDIE BAUER LLC, *et al.* |
| Case No. | 26-11422 (SLM) |
| Caption of Order: | Order Approving (I) Authorizing and Establishing Procedures for the De Minimis Asset Transactions; (II) Authorizing and Establishing Procedures for De Minimis Asset Abandonment; (III) Approving the Form and Manner of the Notice of De Minimis Asset Transactions and Abandonment; and (IV) Granting Related Relief |

22.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Rules and the Bankruptcy Local Rules are satisfied by such notice.

23.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## <u>Exhibit 1</u>

**Form of Transaction Notice**

| | |
|---|---|
| **KIRKLAND & ELLIS LLP** | **COLE SCHOTZ P.C.** |
| **KIRKLAND & ELLIS INTERNATIONAL LLP** | Michael D. Sirota, Esq. |
| Joshua A. Sussberg, P.C. (admitted *pro hac vice*) | Warren A. Usatine, Esq. |
| Matthew C. Fagen, P.C. (admitted *pro hac vice*) | Felice R. Yudkin, Esq. |
| Oliver Paré (admitted *pro hac vice*) | Court Plaza North, 25 Main Street |
| 601 Lexington Avenue | Hackensack, New Jersey 07601 |
| New York, New York 10022 | Telephone:  (201) 489-3000 |
| Telephone: (212) 446-4800 | msirota@coleschotz.com |
| Facsimile:  (212) 446-4900 | wusatine@coleschotz.com |
| joshua.sussberg@kirkland.com | fyudkin@coleschotz.com |
| matthew.fagen@kirkland.com | |
| oliver.pare@kirkland.com | |

*Proposed Co-Counsel to the Debtors and*          *Proposed Co-Counsel to the Debtors and*
*the Debtors in Possession*                                  *the Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| EDDIE BAUER LLC, *et al.*, | Case No. 26-11422 (SLM) |
| Debtors.[1] | (Jointly Administered) |

## NOTICE OF TRANSACTION

**PLEASE TAKE NOTICE** that, on February 9, 2026, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

**PLEASE TAKE FURTHER NOTICE** that, on [●], the United States Bankruptcy Court for the District of New Jersey (the "Court") approved an *Order (I) Authorizing and Establishing Procedures for the De Minimis Asset Transactions; (II) Authorizing and Establishing Procedures for De Minimis Asset Abandonment; (III) Approving the Form and Manner of the Notice of De Minimis Asset Transactions and Abandonment; and (IV) Granting Related Relief* [Docket No. [●]] (the "Transaction Procedures Order"), whereby the Court authorized the Debtors to use, sell, transfer, swap, or abandon certain non-core assets (collectively, the "De Minimis Assets").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Transaction Procedures Order, the Debtors propose to sell the De Minimis Assets set forth and described on **Exhibit A** attached hereto (the "Transaction Assets").  **Exhibit A** provides, for each Transaction Asset

---

[1]    The last four digits of Debtor Eddie Bauer LLC's tax identification number are 6060.  A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/EddieBauer.  The location of Debtor Eddie Bauer LLC's principal place of business is 10401 Northeast 8th Street, Suite 500, Bellevue, WA 98004; the Debtors' service address in these chapter 11 cases is 6501 Legacy Drive, Suite B100, Plano, TX 75024.

(i) identification of the Transaction Assets; (ii) identification of the Debtor that directly owns the Transaction Assets; (iii) identification of the purchaser of the Transaction Assets; (iv) identification of holders known to the Debtors as holding liens on the Transaction Assets; (v) the purchase price; (vi) the material economic terms and conditions of the sale or transfer; and (vii) any commission, fees, or similar expenses to be paid in connection with the transaction.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Transaction Procedures Order, if the terms of a proposed sale or transfer are materially amended after transmittal of this Transaction Notice but prior to the applicable deadline of any Notice Parties' right to object to such sale, the Debtors will send an amended Transaction Notice (the "Amended Transaction Notice") to the Notice Parties.

*If the De Minimis Asset Transaction value is less than $200,000:*

Any Notice Parties may object to the De Minimis Asset Transaction **by the later of (a) five (5) calendar days after service of this Transaction Notice and (b) two (2) calendar days after service of an Amended Transaction Notice, as applicable,** by serving such objection, without the need to file a formal objection with the Court (an "Objection Notice"), on (i) the Debtors, Eddie Bauer LLC, c/o Stretto, Inc., 410 Exchange, Suite 100, Irvine, CA 92602; (ii) proposed co-counsel to the Debtors, (a) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Matthew C. Fagen, P.C. (matthew.fagen@kirkland.com); Oliver Paré (oliver.pare@kirkland.com); and Nathan Felton (nathan.felton@kirkland.com); and (b) Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn.: Michael D. Sirota, Esq. (msirota@coleschotz.com), Warren A. Usatine, Esq. (wusatine@coleschotz.com), and Felice R. Yudkin, Esq. (fyudkin@coleschotz.com); and (iii) the other Notice Parties. **If the Debtors do not receive an Objection Notice, the Debtors are authorized to consummate the De Minimis Asset Transaction immediately.** If the Debtors receive an Objection Notice, and, after good faith negotiations, the Debtors and such Notice Party are unable to resolve such objection consensually, the objecting Notice Party shall **have two (2) business days after being notified by the Debtors that the objection has not been resolved to file a formal objection** and the matter shall be resolved by the Court (or by withdrawal of the formal objection) prior to the closing of the De Minimis Asset Transaction at a hearing to be scheduled as soon as reasonably practicable and in accordance with the Court's calendar.

*If the De Minimis Asset Transaction value is greater than $200,000 and less than or equal to $4,000,000:*

Any Notice Parties may object to the De Minimis Asset Transaction **by the later of (a) seven (7) calendar days after service of this Transaction Notice and (b) two (2) calendar days after service of an Amended Transaction Notice, as applicable** (the "Objection Deadline") to object to the De Minimis Asset Transaction by filing and serving such objection on (i) the Debtors, Eddie Bauer LLC, c/o Stretto, Inc., 410 Exchange, Suite 100, Irvine, CA 92602; (ii) proposed counsel to the Debtors, (a) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Matthew C. Fagen, P.C. (matthew.fagen@kirkland.com); Oliver Paré (oliver.pare@kirkland.com); and Nathan Felton (nathan.felton@kirkland.com); and (b) Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn.: Michael D. Sirota, Esq. (msirota@coleschotz.com), Warren A. Usatine, Esq. (wusatine@coleschotz.com), and Felice R. Yudkin, Esq. (fyudkin@coleschotz.com); and (iii) the

other Notice Parties.  **If the Debtors do not receive an Objection Notice, the Debtors are authorized to consummate the De Minimis Asset Transaction immediately.**

Dated:  [●], 2026

_/s/  DRAFT_

| | |
|---|---|
| **COLE SCHOTZ P.C.** | **KIRKLAND & ELLIS LLP** |
| Michael D. Sirota, Esq. | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Warren A. Usatine, Esq. | Joshua A. Sussberg, P.C. (admitted _pro hac vice_) |
| Felice R. Yudkin, Esq. | Matthew C. Fagen, P.C. (admitted _pro hac vice_) |
| Court Plaza North, 25 Main Street | Oliver Paré (admitted _pro hac vice_) |
| Hackensack, New Jersey 07601 | 601 Lexington Avenue |
| Telephone:  (201) 489-3000 | New York, New York 10022 |
| msirota@coleschotz.com | Telephone:  (212) 446-4800 |
| wusatine@coleschotz.com | Facsimile:  (212) 446-4900 |
| fyudkin@coleschotz.com | joshua.sussberg@kirkland.com |
| | matthew.fagen@kirkland.com |
| | oliver.pare@kirkland.com |

_Proposed Co-Counsel to the Debtors and_          _Proposed Co-Counsel to the Debtors and_
_the Debtors in Possession_                        _the Debtors in Possession_

3

**Exhibit A**

| Required Notice Information | |
|---|---|
| Transaction Assets | |
| Debtor that directly owns the Transaction Assets | |
| Purchaser of the Transaction Assets | |
| Holders known to the Debtors as holding liens on the Transaction Assets | |
| Purchase Price | |
| Material economic terms and conditions of the sale or transfer | |
| Commission, fees, or similar expenses to be paid in connection with the transaction | |

## **Exhibit 2**

### **Form of Abandonment Notice**

**KIRKLAND & ELLIS LLP**                          **COLE SCHOTZ P.C.**
**KIRKLAND & ELLIS INTERNATIONAL LLP**           Michael D. Sirota, Esq.
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)   Warren A. Usatine, Esq.
Matthew C. Fagen, P.C. (admitted *pro hac vice*)     Felice R. Yudkin, Esq.
Oliver Paré (admitted *pro hac vice*)             Court Plaza North, 25 Main Street
601 Lexington Avenue                              Hackensack, New Jersey 07601
New York, New York 10022                          Telephone:  (201) 489-3000
Telephone: (212) 446-4800                         msirota@coleschotz.com
Facsimile:  (212) 446-4900                        wusatine@coleschotz.com
joshua.sussberg@kirkland.com                      fyudkin@coleschotz.com
matthew.fagen@kirkland.com
oliver.pare@kirkland.com

*Proposed Co-Counsel to the Debtors and*          *Proposed Co-Counsel to the Debtors and*
*the Debtors in Possession*                       *the Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| EDDIE BAUER LLC, *et al.*, | Case No. 26-11422 (SLM) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF ABANDONMENT**

>    **PLEASE TAKE NOTICE** that, on February 9, 2026, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

>    **PLEASE TAKE FURTHER NOTICE** that, on [●], the United States Bankruptcy Court for the District of New Jersey (the "Court") approved an *Order (I) Authorizing and Establishing Procedures for the De Minimis Asset Transactions, (II) Authorizing and Establishing Procedures for De Minimis Asset Abandonment, (III) Approving the Form and Manner of the Notice of De Minimis Asset Transactions and Abandonment, and (IV) Granting Related Relief* [Docket No. [●]] (the "Transaction Procedures Order"), whereby the Court authorized the Debtors to use, sell, transfer, swap, or abandon certain non-core assets (collectively, the "De Minimis Assets").

>    **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Transaction Procedures Order, the Debtors propose to abandon the De Minimis Assets set forth and described on **Exhibit A** attached hereto, which exhibit also sets forth (i) a description in reasonable detail of the De Minimis Assets to be abandoned, including the projected book value of the assets being

---

[1]    The last four digits of Debtor Eddie Bauer LLC's tax identification number are 6060.  A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/EddieBauer.  The location of Debtor Eddie Bauer LLC's principal place of business is 10401 Northeast 8th Street, Suite 500, Bellevue, WA 98004; the Debtors' service address in these chapter 11 cases is 6501 Legacy Drive, Suite B100, Plano, TX 75024.

abandoned as reflected in the Debtors' books and records; (ii) identification of the Debtor entity that directly owns the De Minimis Assets; (iii) identification of holders known to the Debtors as holding liens on the De Minimis Assets; and (iv) the Debtors' reasons for such abandonment.

**PLEASE TAKE FURTHER NOTICE** that, any Notice Parties may object to the De Minimis Asset Transaction **by the date that is ten (10) days after service of the written notice** (the "Objection Deadline") to object to the abandonment of the De Minimis Asset by filing and serving such objection on (i) the Debtors, Eddie Bauer LLC c/o Stretto, Inc., 410 Exchange, Suite 100, Irvine, CA 92602; (ii) proposed counsel to the Debtors, (a) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Matthew C. Fagen, P.C. (matthew.fagen@kirkland.com); Oliver Paré (oliver.pare@kirkland.com); and Nathan Felton (nathan.felton@kirkland.com); and (b) Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn.: Michael D. Sirota, Esq. (msirota@coleschotz.com); Warren A. Usatine, Esq. (wusatine@coleschotz.com); and Felice R. Yudkin (fyudkin@coleschotz.com); and (iii) the other Notice Parties.

Dated:  [●], 2026

*/s/  DRAFT*

| | |
|---|---|
| **COLE SCHOTZ P.C.** | **KIRKLAND & ELLIS LLP** |
| Michael D. Sirota, Esq. | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Warren A. Usatine, Esq. | Joshua A. Sussberg, P.C. (admitted *pro hac vice*) |
| Felice R. Yudkin, Esq. | Matthew C. Fagen, P.C. (admitted *pro hac vice*) |
| Court Plaza North, 25 Main Street | Oliver Paré (admitted *pro hac vice*) |
| Hackensack, New Jersey 07601 | 601 Lexington Avenue |
| Telephone:  (201) 489-3000 | New York, New York 10022 |
| msirota@coleschotz.com | Telephone:  (212) 446-4800 |
| wusatine@coleschotz.com | Facsimile:   (212) 446-4900 |
| fyudkin@coleschotz.com | joshua.sussberg@kirkland.com |
| | matthew.fagen@kirkland.com |
| | oliver.pare@kirkland.com |

*Proposed Co-Counsel to the Debtors and*          *Proposed Co-Counsel to the Debtors and*
*the Debtors in Possession*                              *the Debtors in Possession*

## Exhibit A

| Required Notice Information | |
|---|---|
| De Minimis Assets to be abandoned | |
| Debtor that directly owns the Transaction Assets | |
| Holders known to the Debtors as holding liens on the Transaction Assets | |
| Reason for the abandonment | |