**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Matthew C. Fagen, P.C. (admitted *pro hac vice*)
Oliver Paré (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
matthew.fagen@kirkland.com
oliver.pare@kirkland.com

*Proposed Co-Counsel to the Debtors and*
*the Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel to the Debtors and*
*the Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| EDDIE BAUER, LLC, *et al.,* | Case No. 26-11422 (SLM) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF HEARING ON**
**DEBTORS' MOTION FOR ENTRY OF AN ORDER**
**(I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF**
**BERKELEY RESEARCH GROUP, LLC TO PROVIDE CO-CHIEF RESTRUCTURING**
**OFFICERS AND ADDITIONAL PERSONNEL FOR THE DEBTORS EFFECTIVE**
**AS OF THE PETITION DATE; AND (II) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that on **March 30, 2026, at 11:00 a.m.**, prevailing Eastern

Time, or as soon thereafter as counsel may be heard, the above-captioned debtors and debtors in

possession (the "Debtors"), by and through their undersigned proposed counsel, shall move the

---

[1]     The last four digits of Debtor Eddie Bauer LLC's tax identification number are 6060. A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/EddieBauer. The location of Debtor Eddie Bauer LLC's principal place of business is 10401 Northeast 8th Street, Suite 500, Bellevue, WA 98004; the Debtors' service address in these chapter 11 cases is 6501 Legacy Drive, Suite B100, Plano, TX 75024.

*Debtors' Motion for Entry of an Order (I) Authorizing the Retention and Employment of Berkeley Research Group, LLC to Provide Co-Chief Restructuring Officers and Additional Personnel for the Debtors Effective as of the Petition Date; and (II) Granting Related Relief* (the "<u>Motion</u>") before the Honorable Stacey L. Meisel, United States Bankruptcy Judge, in Courtroom 3A of the United States Bankruptcy Court for the District of New Jersey (the "<u>Bankruptcy Court</u>"), 50 Walnut Street, Newark, NJ 07102, for entry of an order (the "<u>Order</u>"), substantially in the form submitted herewith, (i) authorizing the Debtors to retain and employ Berkeley Research Group, LLC ("<u>BRG</u>"), pursuant to the terms and conditions of that certain engagement letter dated January 31, 2026 between BRG and the Debtors (the "<u>Engagement Letter</u>"), to provide (a) Stephen Coulombe and George Pantelis as Co-Chief Restructuring Officers (together, the "<u>Co-CROs</u>") and (b) additional staff (the "<u>Additional Personnel</u>" and together with the Co-CROs, the "<u>BRG Professionals</u>") to support the Co-CROs and perform professional services; (ii) providing that the employment of the BRG Professionals is effective as of the Petition Date (as defined below); and (iii) granting related relief.

**PLEASE TAKE FURTHER NOTICE** that in support of the Motion, the Debtors shall rely on the accompanying Motion, which sets forth the relevant legal and factual bases upon which the relief requested should be granted. A proposed Order granting the relief requested in the Motion is also submitted herewith.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Motion shall:  (i) be in writing; (ii) state with particularity the basis of the objection; and (iii) be filed with the Clerk of the Court electronically by attorneys who regularly practice before the Court in accordance with the *General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents dated March 27, 2002* (the "<u>General Order</u>"), and the *Commentary*

2

*Supplementing Administrative Procedures* dated as of March 2004 (the "Supplemental Commentary") (the General Order, the Supplemental Commentary, and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Court) and, by all other parties-in-interest, on CD-ROM in Portable Document Format (PDF), and shall be served in accordance with the General Order and the Supplemental Commentary so as to be received no later than fourteen (14) days before the hearing date set forth above.

**PLEASE TAKE FURTHER NOTICE** that copies of all documents filed in these chapter 11 cases may be obtained free of charge by visiting the website of Stretto, Inc. at https://cases.stretto.com/EddieBauer.  You may also obtain copies of any pleadings by visiting the Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

**PLEASE TAKE FURTHER NOTICE** that, unless responses are timely and properly filed and served, the Motion shall be decided on the papers in accordance with D.N.J. LBR 9013-3(d), and the relief requested may be granted without further notice or hearing.


[*Remainder of Page Intentionally Left Blank*]

Dated: March 9, 2026

/s/  Michael D. Sirota

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:  (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com


*Proposed Co-Counsel to the Debtors and
the Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Matthew C. Fagen, P.C. (*pro hac vice* pending)
Oliver Paré (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
joshua.sussberg@kirkland.com
matthew.fagen@kirkland.com
oliver.pare@kirkland.com

*Proposed Co-Counsel to the Debtors and
the Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Matthew C. Fagen, P.C. (admitted *pro hac vice*)
Oliver Paré (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
matthew.fagen@kirkland.com
oliver.pare@kirkland.com

*Proposed Co-Counsel to the Debtors and*
*the Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel to the Debtors and*
*the Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| EDDIE BAUER, LLC, *et al.*, | Case No. 26-11422 (SLM) |
| Debtors.[1] | (Jointly Administered) |

**DEBTORS' MOTION FOR ENTRY OF AN
ORDER (I) AUTHORIZING THE RETENTION
AND EMPLOYMENT OF BERKELEY RESEARCH
GROUP, LLC TO PROVIDE CO-CHIEF RESTRUCTURING
OFFICERS AND ADDITIONAL PERSONNEL FOR THE DEBTORS
EFFECTIVE AS OF THE PETITION DATE AND (II) GRANTING RELATED RELIEF**

---

[1]   The last four digits of Debtor Eddie Bauer LLC's tax identification number are 6060. A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/EddieBauer. The location of Debtor Eddie Bauer LLC's principal place of business is 10401 Northeast 8th Street, Suite 500, Bellevue, WA 98004; the Debtors' service address in these chapter 11 cases is 6501 Legacy Drive, Suite B100, Plano, TX 75024.

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Eddie Bauer, LLC and its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors" or the "Company"), respectfully state the following in support of this motion (the "Motion"):

## RELIEF REQUESTED

1.      By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"): (i) authorizing the Debtors to retain and employ Berkeley Research Group, LLC ("BRG"), pursuant to the terms and conditions of that certain engagement letter dated January 31, 2026 between BRG and the Debtors (the "Engagement Letter"),[2,3] to provide (a) Stephen Coulombe and George Pantelis as Co-Chief Restructuring Officers (together, the "Co-CROs") and (b) additional staff (the "Additional Personnel" and together with the Co-CROs, the "BRG Professionals") to support the Co-CROs and perform professional services; (ii) providing that the employment of the BRG Professionals is effective as of the Petition Date (as defined below); and (iii) granting related relief. A copy of the Engagement Letter is attached hereto as **Exhibit B.** In support of this Motion, the Debtors submit the declaration of Stephen Coulombe (the "Coulombe Declaration"), which is attached hereto as **Exhibit C**

## JURISDICTION AND VENUE

2.      The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of*

---

[2]    Any references to, or summaries of, the Engagement Letter in this Motion are qualified by the express terms of the Engagement Letter, which shall govern if there is any conflict between the Engagement Letter and such summaries or references herein.

[3]    Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Engagement Letter.

2

*Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984 and amended on September 18, 2025 (Bumb, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgements in connection herewith consistent with Article III of the United States Constitution.

3.        Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.        The statutory bases for the relief requested herein are sections 105(a) and 363(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

5.        On February 9, 2026, (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases.

6.        These Chapter 11 Cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b) as directed by the Court's order entered on February 10, 2026 [Docket No. 56].

7.        On February 25, 2026, the United States Trustee for the District of New Jersey (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee") [Docket No. 210].

3

8.    Additional factual background regarding the Debtors, including their business

operations, corporate and capital structure, and the events leading to the filing of these Chapter 11

Cases is set forth in detail in the *Declaration of Stephen Coulombe, Co-Chief Restructuring Officer*

*of Eddie Bauer, LLC and Its Affiliates, in Support of Chapter 11 Petitions and First Day Motions*

(the "First Day Declaration") [Docket No. 35] filed on February 9, 2026 and incorporated herein

by reference.

## BRG'S QUALIFICATIONS

9.    BRG has significant qualifications and experience in providing the services

contemplated herein. BRG's Corporate Finance practice consists of senior financial, management

consulting, accounting, and other professionals who specialize in providing restructuring,

transaction advisory, litigation support, solvency, and valuation assistance and providing a focus

on viable solutions that maximize value for companies and creditors, typically in distressed

business settings. In selecting interim management and associated support, the Debtors sought an

advisor with experience in providing similar services in complex cases. The Debtors understand

that BRG professionals have significant restructuring and industry experience assisting distressed

companies with financial and operational challenges and working with management teams and

boards of directors of large companies facing financial challenges similar to those of the Debtors.

10.    BRG has acted as financial advisor, crisis manager, and corporate officer in middle

market to large multinational restructurings across a wide array of industries, including retail

operations. Moreover, the professionals at BRG have assisted and advised debtors, independent

boards, creditors, creditors' committees, bondholders, investors, and others in numerous

bankruptcy cases, including Conn's, Inc.; F21 OpCo, LLC (a.k.a. Forever21); Never Slip

Holdings, Inc. (a.k.a. Shoes for Crews); David's Bridal, LLC; Independent Pet Partners Holdings,

LLC; Saks Global Enterprises LLC; RentPath Holdings, Inc.; Le Tote, Inc.; BlockFi, Inc.; Brookstone Holdings Corp.; Specialty Retail Shops Holding Corp. (a.k.a. Shopko); Sports Authority Holdings, Inc; rue21, inc.; CBL & Associates Properties, Inc.; The Hertz Corporation; hhgregg, Inc.; Stage Stores, Inc.; RTW Retailwinds, Inc (a.k.a. NY & Company); WeWork Inc.; Intelsat, S.A.; Christopher & Banks, Inc.; Things Remembered, Inc.; Voyager Digital Holdings, Inc.; SVB Financial Group; Century 21 Department Stores, LLC; Destination Maternity Corporation; The Collected Group, LLC; Neiman Marcus Group LTD LLC; Nine West Holdings, Inc.; Modell's Sporting Goods; Guitar Center, Inc.; GNC Holdings, Inc.; Hospital Acquisition LLC (a.k.a. LifeCare Health Partners); Verity Health System of California; Brazos Electric Power Cooperative, Inc.; Centric Brands Inc.; Aeropostale, Inc.; American Apparel, LLC; Samuels Jewelers Inc.; Z Gallerie LLC; Charlotte Russe Holding, Inc.; Michigan Sporting Goods Distributors, Inc. (a.k.a. MC Sports); Avenue Stores, LLC; and Aerogroup International, Inc. (a.k.a. Aerosoles). BRG's business, experience, and expertise are further described in the Coulombe Declaration.

11.    Mr. Coulombe, one of the proposed Co-CROs, is a Managing Director at BRG who specializes in performance improvement, restructuring, and interim management. Mr. Coulombe has over twenty-five years of experience providing a wide range of consulting services, including liquidity and capital structure assessment, debt and equity restructuring advice and securing financing, identification of strategic and reorganization alternatives, and leading processes to sell businesses or underperforming assets. Further, Mr. Coulombe has extensive experience serving in CRO and interim Chief Financial Officer ("CFO") roles, including CRO roles during chapter 11 bankruptcy proceedings, as well as working with senior management teams and boards of directors

while providing restructuring services to large global public and private companies in scenarios similar to those of the Debtors.

12.     Mr. Pantelis, the other proposed Co-CRO, is a Director at BRG with nearly a decade of experience in financial advisory and restructuring work. Mr. Pantelis specializes in guiding companies through complex financial challenges, both in-court and out-of-court, delivering strategic solutions that drive stability and long-term success. Mr. Pantelis' experience spans financial modeling, liquidity management, business plan evaluation, operational support, and implementing cost takeout initiatives. In addition to his advisory roles, Mr. Pantelis has served as interim management in both the treasury and finance functions.

13.     Mr. Coulombe, Mr. Pantelis, and the Additional Personnel who will work on this matter have substantial expertise in the areas discussed above, and, if approved, will provide services to the Debtors under an order approving this Motion. The BRG Professionals will work closely with the Debtors' management and other professionals throughout the chapter 11 process. By virtue of the expertise of its restructuring personnel, BRG is well qualified to provide services to and represent the Debtors' interests in these Chapter 11 Cases. In addition, as a result of performing prepetition advisory work for the Debtors, working closely with the Debtors' management and other professionals, BRG, the Co-CROs, and the Additional Personnel have acquired significant knowledge of the Debtors' businesses and are familiar with the Debtors' financial affairs, capital structure, operations, and related matters.

14.     Accordingly, the Debtors believe that the BRG Professionals are well-qualified and uniquely suited to deal effectively and efficiently with matters that may arise in the context of these Chapter 11 Cases. The Debtors submit that the designation of Stephen Coulombe and George Pantelis as Co-CROs and the retention of BRG on the terms and conditions set forth herein are

6

necessary and appropriate, in the best interest of the Debtors' estates, creditors, and all other parties in interest, and should be granted in all respects.

**SERVICES TO BE RENDERED**

15.    In accordance with the terms of the Engagement Letter and as more fully described in the Coulombe Declaration, BRG has agreed that Mr. Coulombe and Mr. Pantelis will serve as Co-CROs and will assist the Debtors in identifying and implementing strategic options to maximize liquidity and profitability. In addition, BRG has agreed to provide Additional Personnel to assist the Co-CROs and perform professional services for the Debtors. The BRG Professionals' rates and other related information are set forth in the Engagement Letter and summarized herein. The Engagement Letter entered into by and between the Debtors and BRG governs their relationship except as explicitly set forth herein or in the Proposed Order. The terms and conditions of the Engagement Letter were negotiated at arm's length and reflect the parties' mutual agreement as to the substantial efforts that will be required under this engagement.

16.    The Debtors have requested that the Co-CROs and Additional Personnel provide the following services as independent consultants:

(a)    Serve as Co-CROs (Stephen Coulombe and George Pantelis);

(b)    In consultation with management of the Debtors and subject to the approval of the Board of Directors of the Debtors, develop and implement a chosen course of action to preserve asset value and maximize recoveries to stakeholders;

(c)    Oversee the activities of the Debtors in consultation with the Debtors' other advisors and the management team to effectuate the selected course of action;

(d)    Manage the development of cash flow projections and related methodologies and assist with planning for alternatives and managing liquidity in consultation with management;

(e)    Oversee and approve all disbursements throughout the duration of the engagement;

7

(f)     Assist the Debtors in negotiations with secured lenders and communicate directly with the agent and lenders and be authorized to furnish the agent and lenders with such information as they may request;

(g)     Oversee the activities related to preparing for and operating in a Chapter 11 bankruptcy proceeding, including negotiations with stakeholders, and the formulation of a Chapter 11 strategy and Chapter 11 plan directed to preserve and maximize value;

(h)     Assist the Debtors and their investment banker in conducting a sale process by facilitating data requests, providing ad hoc financial and operational analyses, engaging with potential purchasers, and supporting other activities necessary to execute a successful transaction;

(i)     Provide information deemed by the Co-CROs to be reasonable and relevant to stakeholders and consult with key constituents as necessary;

(j)     To the extent reasonably requested by the Debtors, offer testimony before the Bankruptcy Court with respect to the services provided by the Co-CROs and the Additional Personnel, and participate in depositions, including by providing deposition testimony, related thereto; and

(k)     Such other services as mutually agreed upon by the Co-CROs, BRG and the Debtors.

17.     The Debtors submit that the authorization for Mr. Coulombe and Mr. Pantelis to serve as Co-CROs with the assistance of the Additional Personnel effective as of the Petition Date on the terms and conditions set forth herein are necessary and appropriate, in the best interest of the Debtors' estates, creditors, and all other parties in interest, and should be granted in all respects.

## NO DUPLICATION OF SERVICES

18.     The services provided by the Co-CROs and the Additional Personnel will complement, and not duplicate, the services to be rendered by the professionals retained in these Chapter 11 Cases. Further, BRG will coordinate with the Debtors' retained professionals to avoid unnecessary duplication of efforts. In light of BRG's, the Co-CROs', and the Additional Personnel's substantial experience and the complex nature of the Debtors' business and financial

affairs, the Debtors believe that BRG, the Co-CROs, and the Additional Personnel are well-qualified to advise them in these Chapter 11 Cases.

## PROFESSIONAL COMPENSATION

19.     BRG's decision to advise and assist the Debtors in connection with these Chapter 11 Cases is conditioned upon its ability to be retained in accordance with BRG's customary terms and conditions of employment, as set forth more fully in the Fees & Expenses section of the Engagement Letter (the "Fee and Expense Structure"). Pursuant to the terms of the Engagement Letter, the Co-CROs' fees for the provision of services will be $250,000 per month. Fees for the Additional Personnel will be based on the actual hours worked, charged at BRG's standard hourly rates which are in effect when the services are rendered. The current standard hourly rates for the BRG Professionals anticipated to be assigned to these Chapter 11 Cases are as follows:[4]

| Position | 2026 Hourly Rates |
|---|---|
| Managing Directors | $1,180 - $1,450 |
| Associate Directors & Directors | $950 - $1,150 |
| Professional Staff | $475 - $925 |
| Support Staff | $195 - $415 |

20.     BRG periodically revises its hourly rates to reflect promotions and other changes in personnel responsibilities, increases in experience and increases in the cost of doing business. Hourly rates may change in the future from time to time and are typically adjusted annually. Rate changes will be noted on the invoice for the first time period in which the revised rates became effective.

---

[4] The ranges herein are for BRG professionals in the Corporate Finance practice group who may practice in bankruptcy and non-bankruptcy related matters. They exclude BRG professionals in other industry practice groups who may also provide specialized services in these Chapter 11 Cases. To the extent such other professionals provide services, they will charge their standard hourly rates as they would in non-bankruptcy matters.

21.     In addition to compensation for professional services rendered by the BRG Professionals, BRG also will be entitled to reimbursement for its reasonable costs and expenses incurred in connection with these Chapter 11 Cases, including, but not limited to, reasonable travel expenses (including lodging expenses and business meals), costs of reproduction, research, communications, our legal counsel, any applicable sales or excise taxes, and other direct expenses.

22.     The Fee and Expense Structure is consistent with and typical of compensation arrangements entered into by BRG and other comparable firms that render similar services under similar circumstances both in and out of court. The Debtors believe that the Fee and Expense Structure is reasonable, market-based, and designed to compensate BRG fairly for its work and to cover fixed and routine overhead expenses.

23.     In the 90 days prior to the Petition Date, BRG received cash on account and payments totaling $3,529,799.88. As of the Petition Date, BRG holds $250,000.00 in cash on account (the "Cash on Account") from the Debtors, pursuant to the terms of the Engagement Letter.

24.     Due to the ordinary course and unavoidable reconciliation of fees and submission of expenses immediately prior, and subsequent to the Petition Date, BRG may have incurred, but not invoiced, fees and reimbursable expenses that relate to the prepetition period. BRG intends to apply such amounts against the Cash on Account. As agreed to with the Debtors, the remaining Cash on Account will not be segregated by BRG in a separate account and will be held until the end of these Chapter 11 Cases and applied to BRG's final fees and expenses. Upon termination of BRG's engagement, BRG will return any unused portion of the Cash on Account to the Debtors.

25.     Because BRG is not being retained as a professional under section 327 of the Bankruptcy Code, the Debtors request, on behalf of BRG, that BRG not be required to submit fee

10

applications pursuant to sections 330 and 331 of the Bankruptcy Code. However, to maintain transparency and comply with the U.S. Trustee's protocol applicable to the retention of personnel under section 363 of the Bankruptcy Code, BRG will file reports of staffing, compensation earned, and expenses incurred on a monthly basis by the last day of each month for the previous month (each a "Staffing Report") with the Court. Each Staffing Report shall include the names and functions filled by all BRG Professionals assigned to the engagement as well as compensation earned and expenses incurred for the relevant period. Each Staffing Report shall contain summary charts which describe the services provided, including the number of hours worked by category, identify the compensation earned by each BRG Professional, and itemize the expenses incurred for the relevant period. Time records shall (i) be appended to the Staffing Report, (ii) contain detailed time entries describing the task(s) performed, and (iii) be organized by project category. Where BRG Professionals are providing services at an hourly rate, the time entries shall identify the time spent completing each task in 1/10th hour increments; where BRG Professionals are providing services at a "flat" rate, the time entries shall be kept in hourly increments. All compensation shall be subject to review by the Court in the event an objection is filed. BRG's first Staffing Report shall be filed as soon as practicable following the entry of an order authorizing BRG's retention for the period February 9, 2026 through February 28, 2026.

## **USE OF CONTRACTORS**

26.     Notwithstanding anything in this Motion to the contrary, BRG shall, to the extent it uses the services of independent contractors or subcontractors (the "Contractors") in these Chapter 11 Cases, (i) pass-through the cost of such Contractors to the Debtors at the same rate that BRG pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the

Contractors are subject to the same conflict checks as required of BRG; and (iv) file with the Court appropriate disclosures required by Bankruptcy Rule 2014.

### INDEMNIFICATION AND LIMITATION OF LIABILITY

27.     The Engagement Letter contains standard indemnification and limitation of liability language with respect to BRG's services, including, without limitation, an agreement by the Debtors to indemnify, hold harmless and defend the Co-CROs, Additional Personnel, and BRG and its affiliates, partners, directors, officers, employees, and agents (collectively, the "BRG Parties") from and against all claims, liabilities, losses, expenses, and damages arising out of or in connection with this engagement of the Co-CROs and BRG that is the subject of the Engagement Letter except such liabilities that result from the gross negligence, fraud, or willful misconduct of the BRG Parties.

28.     The Debtors and BRG believe that the indemnification provisions contained in the Engagement Letter are customary and reasonable for BRG and comparable firms providing restructuring services for engagements of this type and should be approved.

29.     The terms and conditions of the indemnification provisions were negotiated by the Debtors and BRG at arm's length and in good faith. The provisions contained in the Engagement Letter, viewed in conjunction with the other terms of the Proposed Order, are reasonable and in the best interests of the Debtors, their estates, and creditors in light of the fact that the Debtors require BRG's services to successfully navigate these Chapter 11 Cases.

30.     Notwithstanding any provisions of the Engagement Letter to the contrary, in accordance with the U.S. Trustee's protocol applicable to the retention of personnel to assist the Debtors under section 363 of the Bankruptcy Code (sometimes referred to as the "Jay Alix Protocol"), BRG has agreed otherwise, as set forth below:

a. Notwithstanding anything to the contrary in the Engagement Letter, the Debtors are permitted to indemnify those persons acting as executive officers only on the same terms as provided to the Debtors' other officers and directors under the corporate bylaws and applicable state law, in addition to insurance coverage under the Debtors' director and officer insurance policies.

b. There will be no indemnification of BRG or its affiliates.

c. Finally, notwithstanding any provisions of the Engagement Letter to the contrary, BRG has agreed not to raise or assert any defense based upon jurisdiction, venue, abstention, or otherwise to the jurisdiction and venue of this Court or (if the reference is withdrawn) the District Court for the District of New Jersey to hear or determine any controversy or claims with respect to, in connection with, arising out of, or in any way related to BRG's engagement on these Chapter 11 Cases.

### **BRG'S DISINTERESTEDNESS**

31.     The Debtors do not believe that BRG is a "professional" whose retention is subject to approval under section 327 of the Bankruptcy Code. However, BRG has nonetheless provided information with respect to its connections with the Debtors, their creditors, and other related parties, as more specifically described in the Coulombe Declaration.

32.     SPARC Group Holdings LLC ("SPARC") is the direct parent company of SPARC EB Holdings LLC and indirect parent company of Eddie Bauer, LLC. On May 30, 2023, BRG was engaged by SPARC on matters unrelated to these Chapter 11 Cases. BRG's work on the foregoing project substantially concluded in December 2024 and fully concluded in mid-February 2025. The matters are now closed. On January 16, 2025, BRG was engaged by a subsidiary of SPARC, F21 OpCo, LLC (together with its affiliated debtors, the "F21 Debtors") on matters unrelated to these Chapter 11 Cases. BRG was further retained in connection with the F21 Debtors' chapter 11 cases. See *In re: F21 OpCo, LLC, et al.*, Case No. 25-10469 (Bankr. D. Del. March 16, 2025) [Docket No. 411]. BRG's work on the F21 Debtors' chapter 11 cases concluded in June 2025 upon the occurrence of the effective date of the F21 Debtors' chapter 11 plan. The matters are now closed. On October 1, 2025, BRG was engaged by the Debtors in connection with these Chapter 11 Cases.

On January 31, 2026, Messieurs Coulombe and Pantelis were appointed as the Debtors' Co-CROs and report to the Debtors' board of directors. The BRG employees who primarily worked on the SPARC engagement are not working on the Debtors' engagement. With the exception of Mr. Coulombe, and one staff member, the BRG employees who primarily worked on the F21 Debtors' engagement are not working on the Debtors' engagement.

33.    To the best of the Debtors' knowledge and based upon and subject to the disclosures made herein and in the Coulombe Declaration filed contemporaneously herewith, BRG The Debtors understand that, except as set forth in the preceding paragraph and in the Coulombe Declaration, to the best of BRG's knowledge, information, and belief, BRG has no connection with the Debtors, their creditors, other parties in interest, or the attorneys or accountants of the foregoing, or the U.S. Trustee or any person employed in the Office of the United States Trustee for the District of New Jersey and does not hold any interest adverse to the Debtors' estates.

34.    The Debtors do not believe that any disclosures made in the Coulombe Declaration, as applicable, present a conflict of interest under the circumstances of these Chapter 11 Cases or diminish BRG's ability to serve the Debtors effectively in these Chapter 11 Cases.

35.    As set forth in the Coulombe Declaration, if any new material facts or relationships requiring disclosure are discovered or arise during the term of BRG's retention, BRG will use reasonable efforts to promptly provide the Court with a supplemental declaration.

36.    As stated above and in the Coulombe Declaration, the Debtors do not believe that BRG holds or represents any interest adverse to the Debtors' estates. Accordingly, the Debtors submit that the retention of BRG is in the best interests of the Debtors, their estates, and their creditors and should be approved by the Court.

**BASIS FOR RELIEF**

37.     The Debtors submit that the retention of BRG and the Co-CROs and the Additional

Personnel under the terms described herein is appropriate under section 363 of the Bankruptcy

Code. Section 363(b) of the Bankruptcy Code permits a Bankruptcy Court, after notice and a

hearing, to authorize a debtor to "use, sell, or lease, other than in the ordinary course of business,

property of the estate." 11 U.S.C. § 363(b)(1). "In determining whether to authorize the use, sale,

or lease of a property of the estate under this section, courts require the debtor to show that a sound

business purpose justifies such actions." *In re Montgomery Ward Holding Corp.*, 242 B.R. 147,

153 (D. Del. 1999) (collecting cases); *see also In re James A. Phillips, Inc.*, 29 B.R. 391, 397

(S.D.N.Y. 1983) (relying on section 363 to allow contractor to pay prepetition claims of suppliers

who were potential lien claimants because the payments were necessary for general contractors to

release funds owed to debtors); *In re Ionosphere Clubs*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989)

(finding that a sound business justification existed to justify payment of certain prepetition wages);

*In re Phx. Steel Corp.*, 82 B.R. 334, 335–36 (Bankr. D. Del. 1987) (requiring the debtor to show a

"good business reason" for a proposed transaction under section 363(b)). Courts in this district

routinely grant the relief requested herein under section 363.   *See In re Del Monte Foods*

*Corporation II Inc.*, No. 25-16984 (MBK) (Bankr. D.N.J. Aug. 05, 2025); *In re New Rite Aid LLC*,

No. 25-14861 (MBK) (Bankr. D.N.J. June 09, 2025); *In re Thrasio Holdings, Inc.*, No. 24-11840

(CMG) (Bankr. D.N.J. May 8, 2024); *In re Rite Aid Corp.*, No. 23-18993 (MBK) (Bankr. D.N.J.

Dec. 20, 2023*); In re Bed Bath & Beyond*, No. 23-13359 (VFP) (Bankr. D.N.J. June 15, 2023); *In*

*re BlockFi Inc.*, No. 22-19361 (MBK) (Bankr. D.N.J. Feb. 9, 2023); *In re Nat'l Realty Investment*

*Advisors, LLC*, No. 22-14539 (JKS) (Bankr. D.N.J. Aug. 10, 2022).

38.    Additionally, section 105(a) of the Bankruptcy Code provides this Court with the power to grant the relief requested herein. Section 105(a) of the Bankruptcy Code codifies a Bankruptcy Court's inherent equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a); *see also United States v. Energy Resources Co.*, 495 U.S. 545, 549 (1990); *In re Cont'l Airlines*, 203 F.3d 203, 211 (3d Cir. 2000) ("Section 105(a) of the Bankruptcy Code supplements courts' specifically enumerated bankruptcy powers by authorizing orders necessary or appropriate to carry out provisions of the Bankruptcy Code").

39.    Courts recognize the applicability of section 363(b) of the Bankruptcy Code to the use of estate property to retain and compensate individuals employed outside of the ordinary course of business. Indeed, courts frequently grant debtors' requests to employ financial management services firms similar to BRG pursuant to section 363(b). *See, e.g.*, *In re Modell's Sporting Goods, Inc.*, Case No. 20-14179 (VFP) (Bankr. D.N.J. March 13, 2020); *In re Avenue Stores*, Case No. 19-11842 (Bankr. D. Del. Sept. 16, 2019); *In re Tintri, Inc.*, Case No. 18-11625 (LSS) (Bankr. D. Del. Aug. 9, 2018); *In re Samuels Jewelers, Inc.*, Case No. 18-11818-KJC (Bankr. D. Del. Sept. 14, 2018); *In re the Weinstein Company Holdings LLC*, Case No. 18-10601 (MFW) (Bankr. D. Del. April 24, 2018); *In re Vestis Retail Group, LLC*, Case No. 16-10971 (LSS) (Bankr. D. Del. July 13, 2016); *In re Fresh & Easy, LLC*, Case No. 15-12220 (BLS) (Bankr. D. Del. Nov. 20, 2015); *In re Landauer Healthcare Holdings, Inc.*, Case No. 13-12098 (CSS) (Bankr. D. Del. Sept. 12, 2013); *In re Spheris Inc.*, Case No. 10-10352 (KG) (Bankr. D. Del. March 2, 2010). To the extent such approval is required here, it should be granted for the reasons set forth below.

40.     The Debtors have engaged BRG to complete crucial, time-sensitive, and work-intensive projects. Accordingly, the Debtors submit that the decision to retain BRG, and employ Mr. Coulombe and Mr. Pantelis as Co-CROs, should be authorized because it is a sound exercise of the Debtors' business judgement. As set forth above, Mr. Coulombe and Mr. Pantelis have extensive experience as advisors for many companies undertaking restructuring efforts and the Additional Personnel are well qualified and equipped to support the Co-CROs and assist in restructuring advisory duties. BRG, Mr. Coulombe, and Mr. Pantelis in their capacity as Co-CROs, will provide services that are in the best interests of all parties in interest in these Chapter 11 Cases. Further, BRG will work with senior management as well as other employees to ensure that the Debtors comply with the operational requirements imposed as a result of the filing of these Chapter 11 Cases. For the foregoing reasons, the Debtors submit that the relief requested in this Motion should be granted.

## **WAIVER OF BANKRUPTCY RULE 6004(A) AND 6004(H)**

41.     To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

## **NO PRIOR REQUEST**

42.     No prior request for the relief sought in this motion has been made to this or any other court.

## **NOTICE**

43.     The Debtors will provide notice of this Motion to the following parties or their respective counsel: (a) the U.S. Trustee; (b) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (c) the state attorneys general for the states in which

the Debtors conduct business; (d) the United States Attorney's Office for the District of New

Jersey; (e) the Internal Revenue Service; (f) Otterbourg P.C., counsel to the Prepetition ABL

Administrative Agent; (g) Ropes & Gray LLP, counsel to the Consenting Prepetition Term Loan

Agent; (h) Choate, Hall & Stewart LLP, counsel to the Prepetition Subordinated Loan Agent; and

(i) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that,

in light of the nature of the relief requested, no other or further notice need be given.


[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, granting the relief requested herein and granting the Debtors such other and further relief as is just and proper.

Dated:  March 9, 2026

*/s/ Michael D. Sirota*

| **COLE SCHOTZ P.C.** | **KIRKLAND & ELLIS LLP** |
|---|---|
| Michael D. Sirota, Esq. | **KIRKLAND & ELLIS** |
| Warren A. Usatine, Esq. | **INTERNATIONAL LLP** |
| Felice R. Yudkin, Esq. | Joshua A. Sussberg, P.C. (admitted *pro hac vice*) |
| Court Plaza North, 25 Main Street | Matthew C. Fagen, P.C. (admitted *pro hac vice*) |
| Hackensack, New Jersey 07601 | |
| Telephone: (201) 489-3000 | Oliver Paré (admitted *pro hac vice*) |
| msirota@coleschotz.com | 601 Lexington Avenue |
| wusatine@coleschotz.com | New York, New York 10022 |
| fyudkin@coleschotz.com | Telephone: (212) 446-4800 |
| | Facsimile: (212) 446-4900 |
| | joshua.sussberg@kirkland.com |
| *Proposed Co-Counsel to the Debtors and* | matthew.fagen@kirkland.com |
| *the Debtors in Possession* | oliver.pare@kirkland.com |
| | |
| | *Proposed Co-Counsel to the Debtors* |
| | *and the Debtors in Possession* |

**EXHIBIT A**

**PROPOSED ORDER**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Matthew C. Fagen, P.C. (admitted *pro hac vice*)
Oliver Paré (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
matthew.fagen@kirkland.com
oliver.pare@kirkland.com

-and-

**COLE SCHOTZ P.C.**
Michale D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel to the Debtors and*
*the Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| EDDIE BAUER, LLC, *et al.*, | Case No. 26-11422 (SLM) |
| Debtors.[1] | (Jointly Administered) |

---

[1] The last four digits of Debtor Eddie Bauer LLC's tax identification number are 6060. A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/EddieBauer. The location of Debtor Eddie Bauer LLC's principal place of business is 10401 Northeast 8th Street, Suite 500, Bellevue, WA 98004; the Debtors' service address in these chapter 11 cases is 6501 Legacy Drive, Suite B100, Plano, TX 75024.

**ORDER (I) AUTHORIZING THE RETENTION
AND EMPLOYMENT OF BERKELEY RESEARCH GROUP, LLC
TO PROVIDE CO-CHIEF RESTRUCTURING OFFICERS AND
ADDITIONAL PERSONNEL FOR THE DEBTORS EFFECTIVE AS OF
THE PETITION DATE; AND (II) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three (3) through eleven (11), is

hereby **ORDERED**.

(Page | 3)

| | |
|---|---|
| Debtors: | EDDIE BAUER LLC, *et al* |
| Case No.: | 26-11422 (SLM) |
| Caption of Order: | Order (I) Authorizing the Retention and Employment of Berkeley Research Group, LLC to Provide Co-Chief Restructuring Officers and Additional Personnel for the Debtors Effective as of the Petition Date; and (II) Granting Related Relief |

Upon the Motion (the "<u>Motion</u>")[1] of the Debtors for entry of an order (this "<u>Order</u>"), pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), (i) authorizing the Debtors to retain and employ Berkeley Research Group, LLC ("<u>BRG</u>") to provide (a) Stephen Coulombe and George Pantelis as Co-Chief Restructuring Officers (together, the "<u>Co-CROs</u>"), and (b) additional staff (the "<u>Additional Personnel</u>" and together with the Co-CROs, the "<u>BRG Professionals</u>") to support the Co-CROs and perform professional services; (ii) providing that the employment of the BRG Professionals is effective as of the Petition Date; and (iii) granting related relief, all as more fully set forth in the Motion; and upon consideration of the Coulombe Declaration; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and venue of these chapter 11 cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "<u>Hearing</u>"); and this Court having determined that the legal and factual bases set forth in the Motion and at the

---

[1]    Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | EDDIE BAUER LLC, *et al* |
| Case No.: | 26-11422 (SLM) |
| Caption of Order: | Order (I) Authorizing the Retention and Employment of Berkeley Research Group, LLC to Provide Co-Chief Restructuring Officers and Additional Personnel for the Debtors Effective as of the Petition Date; and (II) Granting Related Relief |

Hearing, establish just cause for the relief granted herein; and this Court being satisfied based on the representations made in the Motion and in the Coulombe Declaration that the BRG does not hold or represent interests adverse to the Debtors' estates; that BRG is not a "creditor" within the meaning of section 101(11) of the Bankruptcy Code; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT:**

1.     The Motion is GRANTED as set forth herein.

2.     Any objections to the entry of this Order, to the extent not withdrawn or settled, are overruled.

3.     Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors are (i) authorized to retain and employ BRG to provide (a) Stephen Coulombe and George Pantelis as Co-CROs, and (b) Additional Personnel to support the Co-CROs and perform professional services in accordance with the terms of the Engagement Letter, as modified by this Order, effective as of the Petition Date.

4.     The terms of the Engagement Letter, including, without limitation, the indemnification provisions and compensation provisions, as modified by the Motion and this Order, are reasonable terms and conditions of employment and are hereby approved.

5.     The Debtors are authorized to pay in the ordinary course of business all reasonable amounts invoiced by BRG for fees and expenses, subject to paragraphs 7 and 8 of this Order, and

(Page | 5)

| | |
|---|---|
| Debtors: | EDDIE BAUER LLC, *et al* |
| Case No.: | 26-11422 (SLM) |
| Caption of Order: | Order (I) Authorizing the Retention and Employment of Berkeley Research Group, LLC to Provide Co-Chief Restructuring Officers and Additional Personnel for the Debtors Effective as of the Petition Date; and (II) Granting Related Relief |

none of the fees payable to BRG shall constitute a "bonus" or fee enhancement under applicable law.

6.      BRG shall file reports of staffing, compensation earned, and expenses incurred on a monthly basis by the last day of each month for the previous month (each, a "Staffing Report") with the Court. Each Staffing Report shall contain summary charts which describe the services provided, including the number of hours worked by category, identify the compensation earned by each Additional Personnel, and itemize the expenses incurred. Time records shall (i) be appended to the Staffing Report, (ii) contain detailed time entries describing the task(s) performed, and (iii) be organized by project category. Where BRG Professionals are providing services at an hourly rate, the time entries shall identify the time spent completing each task in 1/10th hour increments; where BRG Professionals are providing services at a "flat" rate, the time entries shall be kept in hourly increments. All compensation shall be subject to review by the Court in the event an objection is filed. BRG's first Staffing Report shall be filed as soon as practicable following the entry of this Order, covering the period of the Petition Date through February 28, 2026.

7.      Objections or responses to Staffing Reports, if any, shall be filed and served within fourteen (14) days of filing the Staffing Report.

8.      Success fees, transaction fees, or other back-end fees shall be approved by this Court at the conclusion of these chapter 11 cases on a reasonableness standard and are not being pre-approved by entry of this Order. No success fee, transaction fee, or back-end fee shall be

(Page | 6)

| | |
|---|---|
| Debtors: | EDDIE BAUER LLC, *et al* |
| Case No.: | 26-11422 (SLM) |
| Caption of Order: | Order (I) Authorizing the Retention and Employment of Berkeley Research Group, LLC to Provide Co-Chief Restructuring Officers and Additional Personnel for the Debtors Effective as of the Petition Date; and (II) Granting Related Relief |

sought upon conversion of these chapter 11 cases, dismissal of these chapter 11 cases for cause, or appointment of a trustee.

9. The terms of the Engagement Letter, as modified herein, are approved and the indemnification, contribution, and reimbursement provisions as set forth therein are approved, during the pendency of these cases, subject to the following modifications:

(a) BRG shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Letter, unless indemnification, contribution, or reimbursement is approved by the Court;

(b) Notwithstanding any provision of the Engagement Letter to the contrary, the Debtors shall have no obligation to indemnify BRG, or provide contribution or reimbursement to BRG, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from BRG's gross negligence, willful misconduct, bad faith or self-dealing to which the Debtors have not consented, (ii) for a contractual dispute in which the Debtors allege the breach of BRG's contractual obligations to maintain the confidentiality of non-public information unless the Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.,* 315 F.3d 217 (3d Cir. 2003), or (iii) settled without the Debtors consent prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing pursuant to subparagraph (c) to be a claim or expense for which BRG should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter as modified by this Order.

(c) If, before the earlier of (i) the entry of a final, non-appealable order confirming a chapter 11 plan in these cases, and (ii) the entry of an order closing these chapter 11 cases, BRG believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation the advancement of defense costs, BRG must file an application therefor in this Court, and the Debtors may not pay any such amounts to BRG before

(Page | 7)

| | |
|---|---|
| Debtors: | EDDIE BAUER LLC, *et al* |
| Case No.: | 26-11422 (SLM) |
| Caption of Order: | Order (I) Authorizing the Retention and Employment of Berkeley Research Group, LLC to Provide Co-Chief Restructuring Officers and Additional Personnel for the Debtors Effective as of the Petition Date; and (II) Granting Related Relief |

the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by BRG for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify BRG. All parties in interest shall retain the right to object to any demand by BRG for indemnification, contribution, or reimbursement.

(d)     Notwithstanding anything to the contrary in the Motion, the Engagement Letter, or the Coulombe Declaration, any limitation of liability or limitation on any amounts to be contributed by the parties to the Engagement Letter under the terms of the Engagement Letter shall be eliminated.

(e)     Notwithstanding anything to the contrary in the Motion, the Engagement Letter, or the Coulombe Declaration, and subject to the paragraphs (b) and c) above, the Debtors are permitted to (i) indemnify those persons serving as corporate officers on the same terms as provided to the Debtors' other officers and directors under the corporate bylaws and pursuant to applicable federal and state laws; and (ii) provide insurance coverage under the Debtors' D&O policy.

10.     Notwithstanding anything to the contrary in the Motion, the Engagement Letter, or the Coulombe Declaration, BRG shall not seek reimbursement of any fees or costs, including attorney fees and costs, arising from the defense of any of BRG's fee applications in the cases.  In the event BRG seeks reimbursement for attorneys' fees and expenses, the invoices and supporting time records for the attorneys' fees and expenses shall be included in BRG's fee and expense applications, and these invoices and time records from such attorneys shall be billed in one-tenth (1/10) hour increments and included in BRG's own fee own applications (both interim and final) and such invoices and time records shall be in compliance with the Local Rules and shall be subject to the U.S. Trustee Guidelines and the approval of the Court pursuant to sections 330 and 331 of

(Page | 8)
Debtors:                EDDIE BAUER LLC, *et al*
Case No.:              26-11422 (SLM)
Caption of Order:     Order (I) Authorizing the Retention and Employment of Berkeley Research
                      Group, LLC to Provide Co-Chief Restructuring Officers and Additional
                      Personnel for the Debtors Effective as of the Petition Date; and (II) Granting
                      Related Relief

the Bankruptcy Code, but without regard to whether such attorneys have been retained under

section 327 of the Bankruptcy Code, and without regard to whether such attorneys' services satisfy

section 330(a)(3)(C) of the Bankruptcy Code. All rights are reserved to permit objection to any

request for reimbursement of expenses, including but not limited to any request for the

reimbursement of legal fees of BRG's independent counsel.

11.     Notwithstanding anything to the contrary in the Motion, the Engagement Letter, or

the Coulombe Declaration, BRG shall, to the extent BRG uses the services of Contractors in these

cases and seeks to pass the fees and/or costs of the Contractors through to the Debtors, BRG shall:

(a) pass through the fees of such Contractors to the Debtors at the same rate that BRG pays the

Contractors; and (b) seek reimbursement for the actual costs of the Contractors only.  In addition,

BRG shall ensure that the Contractors perform conflicts checks and file disclosures as required by

the Bankruptcy Code and Bankruptcy Rules.

12.     BRG is authorized to apply the Cash on Account to satisfy any unbilled or other

remaining prepetition fees and expenses BRG becomes aware of during its ordinary course billing

review and reconciliation.  BRG is authorized to maintain the balance of the Cash on Account until

the conclusion of its representation of the Debtors, at which time BRG may apply such balance

against its final invoices or otherwise return the funds.

(Page | 9)

| | |
|---|---|
| Debtors: | EDDIE BAUER LLC, *et al* |
| Case No.: | 26-11422 (SLM) |
| Caption of Order: | Order (I) Authorizing the Retention and Employment of Berkeley Research Group, LLC to Provide Co-Chief Restructuring Officers and Additional Personnel for the Debtors Effective as of the Petition Date; and (II) Granting Related Relief |

13.     BRG and its affiliates shall not act in any other capacity (for example, and without limitation, as a financial advisor, claims agent/claims administrator, or investor/acquirer) in connection with these Chapter 11 Cases.

14.     To the extent the Debtors wish to expand the scope of BRG's services beyond those services set forth in the Motion or this Order, inclusive of the utilization of any BRG affiliates to perform services for the Debtors or seeking to have BRG personnel assume executive officer positions that are different than the position disclosed in the Motion, the Debtors shall be required to seek further approval from this Court. The Debtors shall file notice of any proposed additional services (the "Proposed Additional Services") and any underlying engagement agreement with the Court and serve such notice on the U.S. Trustee, the Committee, and any party requesting notice under Bankruptcy Rule 2002. If no such party files an objection within 14 days of the Debtors' filing such notice, the Proposed Additional Services and any underlying engagement agreement may be approved by the Court by further order without further notice or hearing.

15.     No principal, employee, or independent contractor of BRG and its affiliates shall serve as a director of any of the above-captioned Debtors during the pendency of these chapter 11 cases.

16.     For a period of three years after the conclusion of the engagement, neither BRG nor any of its affiliates shall make any investments in the Debtors or the reorganized Debtors. BRG

(Page | 10)

| | |
|---|---|
| Debtors: | EDDIE BAUER LLC, *et al* |
| Case No.: | 26-11422 (SLM) |
| Caption of Order: | Order (I) Authorizing the Retention and Employment of Berkeley Research Group, LLC to Provide Co-Chief Restructuring Officers and Additional Personnel for the Debtors Effective as of the Petition Date; and (II) Granting Related Relief |

personnel serving as corporate officers of the Debtors shall be subject to the same fiduciary duties and obligations applicable to other persons serving in such capacity.

17.     To the extent there is any inconsistency between the terms of the Engagement Letter, the Motion, the Coulombe Declaration, and this Order, the terms of this Order shall govern.

18.     During the pendency of these chapter 11 cases, the arbitration provision in the Engagement Letter shall not be applicable.

19.     During the pendency of the chapter 11 cases, the Fees and Expenses provision of the Engagement Letter shall be revised to provide that the 1% interest per month late charge, biweekly billing and seven (7) day review of invoices will not be applicable.

20.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

21.     BRG shall use its best efforts to avoid any unnecessary duplication of services provided by any retained professionals in these Chapter 11 Cases.

22.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

23.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Rules and the Local Bankruptcy Rules are satisfied by such notice.

(Page | 11)

| | |
|---|---|
| Debtors: | EDDIE BAUER LLC, *et al* |
| Case No.: | 26-11422 (SLM) |
| Caption of Order: | Order (I) Authorizing the Retention and Employment of Berkeley Research Group, LLC to Provide Co-Chief Restructuring Officers and Additional Personnel for the Debtors Effective as of the Petition Date; and (II) Granting Related Relief |

24.     This Court retains exclusive jurisdiction with respect to all matters arising from the

implementation, interpretation, and enforcement of this Order.

## EXHIBIT B

## ENGAGEMENT LETTER

Docusign Envelope ID: 14D147DE-3251-4F50-B8A0-D7BF27064344





**CONFIDENTIAL**

January 31, 2026

Via Email

Keith Melker
Chief Financial Officer
Eddie Bauer LLC
6501 Legacy Drive, Suite B100
Plano, TX 75024
keith.melker@catalystbrands.com

**Re: Eddie Bauer – Interim Management Services**

Dear Keith:

This engagement letter agreement confirms the engagement of Stephen Coulombe and George Pantelis of Berkeley Research Group, LLC ("BRG") as Co-Chief Restructuring Officers ("CROs") for Eddie Bauer LLC and its affiliates and direct and indirect subsidiaries set forth on **Schedule 1** hereto (collectively, the "Company"). The CROs' engagement team will include professional staff from BRG (the "Additional Personnel"). This letter and any attachments set forth the agreement ("Agreement") between the parties.

**SCOPE OF SERVICES**

The Company has requested that the CROs and Additional Personnel provide the following professional services as independent consultants ("Services"):

a.   Serve as Co-CROs (Stephen Coulombe and George Pantelis).

b.   In consultation with management of the Company and subject to the approval of the Board of Managers of the Company, develop and implement a chosen course of action to preserve asset value and maximize recoveries to stakeholders.

c.   Oversee the activities of the Company in consultation with the Company's other advisors and the management team to effectuate the selected course of action.

d.   Manage the development of cash flow projections and related methodologies and assist with planning for alternatives and managing liquidity in consultation with management.

e.   Oversee and approve all disbursements throughout the duration of the engagement.

f.   Assist the Company in negotiations with secured lenders and communicate directly with the agent and the lenders and be authorized to furnish the agent and lenders with such information as they may request.

g.  Oversee the activities related to preparing for and operating in a Chapter 11 bankruptcy proceeding, including negotiations with stakeholders, and the formulation of a Chapter 11 strategy and Chapter 11 plan directed to preserve and maximize value.

h.  Assist the Company and its investment banker in conducting a sale process by facilitating data requests, providing ad hoc financial and operational analyses, engaging with potential purchasers, and supporting other activities necessary to execute a successful transaction.

i.  Provide information deemed by the CROs to be reasonable and relevant to stakeholders and consult with key constituents as necessary.

j.  To the extent reasonably requested by the Company, offer testimony before the Bankruptcy Court with respect to the services provided by the CROs and the Additional Personnel, and participate in depositions, including by providing deposition testimony, related thereto.

k.  Such other services as mutually agreed upon by the CROs, BRG, and the Company.

The Company agrees that (i) Mr. Coulombe and Mr. Pantelis will provide Services as CROs as required, and (ii) the CROs may retain as consultants on behalf of the Company other members or employees of BRG. The Company agrees that the CROs will continue as employees of BRG and may continue to provide their services to other companies during the term of this Agreement, provided that the provision of such services is in accordance with any Company conflict of interest policies and does not interfere with the performance of their duties and responsibilities.

The CROs and Additional Personnel who provide Services to the Company under this Agreement are independent contractors and are not, and will not be deemed to be, employees of the Company. As the CROs and Additional Personnel are independent contractors, BRG shall be solely responsible for the payment of all federal, state, and local taxes and all appropriate withholdings, the payment or provision of any unemployment insurance benefits, state disability benefits, workers' compensation insurance, vacation, overtime or holiday pay, health, medical, dental or group insurance and other employee benefits for the CROs and Additional Personnel, and shall indemnify the Company against any liabilities related to or arising from such matters, which indemnification shall survive termination of this Agreement. Notwithstanding anything contained herein to the contrary, in the event that the consulting arrangement hereunder is reclassified to be an employment arrangement by any governmental agency or court of competent jurisdiction, the CROs and Additional Personnel shall not seek to participate in or benefit from any of the Company's employee benefit plans or programs as a result of reclassification.

**FEES & EXPENSES**

The CROs' fees for provision of the Services set forth in this Agreement will be an aggregate of $250,000 per month, which shall be prorated as appropriate for the start and end dates of the engagement, and fees for the Additional Personnel will be based on the actual hours charged at BRG's standard hourly rates which are in effect when the Services are rendered ("Professional

Docusign Envelope ID: 14D147DE-3251-4F50-B8A0-D7BF2F069631

Fees"). Hourly rates may change in the future from time to time and are typically adjusted annually. BRG's current hourly rates are as follows:

| | |
|---|---|
| Managing Directors | $1,180 – $1,450 |
| Directors & Associate Directors | $950 – $1,150 |
| Professional Staff | $475 – $925 |
| Support Staff | $195 – $415 |

Any estimate or budget of anticipated Professional Fees for Services that may be provided to the Company prior to or during the course of the Agreement is BRG's best estimate of the anticipated Professional Fees that will be incurred in connection with the Services based on the information available to BRG at the time the estimate or budget is prepared. Changes in scope will impact such estimate or budget. Under no circumstances shall such a budget or estimate be deemed a maximum fee or a fixed price.

In addition to Professional Fees, BRG will be reimbursed for direct reasonable and documented out-of-pocket expenses including, but not limited to, travel, costs of reproduction, research, communications, computer usage, legal counsel, any applicable sales or excise taxes, and other direct expenses, plus an amount equal to six percent (6%) of BRG's Professional Fees to cover internal project related expenses (including but not limited to technology, phone, supplies, and photocopies). BRG will provide a reasonably itemized statement of expenses incurred on this engagement and shall provide copies of original invoice or other documentation on itemized expenses over $75 upon request.

BRG will bill for Services every two (2) weeks and will provide customary descriptions regarding the Services rendered. BRG will provide additional details regarding Services rendered upon request by the Company. BRG's invoices statements shall be paid within seven (7) days of the invoice date. The Company agrees that it will review BRG's invoices upon receipt and will advise BRG of any objection to or dispute with the invoice and the work reflected in the invoice within seven (7) days of the invoice date.

BRG reserves the right to withhold delivery of further Services, testimony (deposition, trial, or hearing), reports or data (written or oral), or suspend work, at any time the account on this engagement is more than 60 days past due. Additionally, in order to preserve BRG's independence, all accounts must be paid in full prior to BRG's deposition or trial testimony. A late payment charge of one percent (1%) per month (or the maximum rate permitted by law, whichever is less) may be added to any outstanding invoices that are past due, and BRG shall be entitled to recover attorneys' fees and costs incurred in collecting any outstanding amounts due and owing under this Agreement.

Please remit payments by wire to:
Account Name: Berkeley Research Group, LLC
Account No:    8026286672
Bank:          PNC Bank, N.A.
ABA No:        031207607
remitadvice@thinkbrg.com

Docusign Envelope ID: 14D147DE-3251-4F50-B8A0-D7BF2D6604ad

## CASH ON ACCOUNT

Initially, the Company will forward to BRG the amount of $500,000, which funds will be held
"on account" to be applied to BRG's Professional Fees, charges and disbursements for the
engagement (the "Initial Cash on Account").  To the extent that this amount exceeds BRG's fees,
charges and disbursements upon the completion of the engagement, BRG will refund any unused
portion.  The Company agrees to increase or supplement the Initial Cash on Account from time to
time during the course of the engagement in such amounts as the Company and BRG mutually
shall agree are reasonably necessary to increase the Initial Cash on Account to a level that will be
sufficient to fund Professional Fees, charges, and disbursements to be incurred.  Such requested
increase will be invoiced to the Company after mutual agreement is reached.

Upon transmittal of an invoice, BRG may immediately draw upon the Initial Cash on Account (as
replenished from time to time) in the amount of the invoice.  The Company agrees upon
submission of each such invoice to promptly wire the invoice amount to BRG as replenishment of
the Initial Cash on Account (together with any supplemental amount to which BRG and the
Company mutually agree), without prejudice to the Company's right to advise BRG of any
differences it may have with respect to such invoice.  BRG has the right to apply to any
outstanding invoice (including amounts billed prior to the date hereof), up to the remaining
balance, if any, of the Initial Cash on Account (as may be supplemented from time to time) at any
time subject to (and without prejudice to) the Company's opportunity to review BRG's invoices.

## COMPANY RESPONSIBILITIES

The Company will undertake responsibilities to (a) use commercially reasonable efforts to
provide reliable and accurate detailed information, materials, and documentation and (b) make
decisions and take future actions, as the Company determines in its sole discretion, on any
recommendations made by the CROs in connection with this Agreement.  BRG's delivery of
Services and the fees charged are dependent on the Company's timely and effective completion
of its responsibilities and timely decisions and approvals made by the Company's management.

In connection with any Chapter 11 filing, the Company shall apply promptly to the Bankruptcy
Court for approval of the Company's retention of the CROs and BRG under the terms of this
Agreement.  The form of retention application and proposed order shall be reasonably acceptable
to BRG.  BRG shall have no obligation to provide any further Services if the Company becomes a
debtor under the Bankruptcy Code unless BRG's retention under the terms of this Agreement is
approved by a final order of the Bankruptcy Court reasonably acceptable to BRG.  The Company
shall assist, or cause its counsel to assist, with filing, serving and noticing of papers related to
BRG's fee and expense applications. The CROs and BRG reserve the right to request approval of
additional compensation in circumstances where extraordinary results may warrant such
additional compensation.

## CONFIDENTIALITY

BRG and the CROs shall not disclose any confidential or privileged information to any third
party; provided, however, that the CROs/BRG may disclose confidential or privileged
information (a) to BRG's employees, affiliates, vendors or agents who provide Services in

Docusign Envelope ID: 14D147DE-3251-4F50-B8A0-D7BF2F706C4F

connection with this engagement, (b) with the Company's written consent, or (c) when legally required to do so. Both parties agree that confidential and proprietary information will not be construed to include information that is available from public sources or sources not subject to obligations of confidentiality to the Company. Work papers associated with BRG's consulting Services are the confidential property of BRG, but in the event such work papers contain the Company's confidential or privileged information, such work papers will be subject to this confidentiality provision. This confidentiality provision shall continue after cessation of Services under this Agreement.

Except as otherwise required by law or special circumstance, BRG will return or destroy all data and documents provided by the Company at the conclusion of the engagement, but shall be entitled to retain work papers and work product generated by BRG staff, subject to the confidentiality and non-disclosure obligations set forth in this Agreement.

## CONFLICTS OF INTEREST

BRG is engaged by many other companies and individuals. It is possible that some of BRG's past, current or future clients had, have or may have disputes or other matters that are adverse to or may not be consistent with the interests of the Company. BRG reserves the right to undertake unrelated engagements during and after this engagement by the Company, consistent with BRG's internal policies. BRG will not be required to disclose any such unrelated engagements to the Company. BRG will institute procedures to protect the confidentiality of information provided by the Company in the course of this engagement.

## ARBITRATION

This Agreement shall be interpreted and controlled by the laws of the state of New York. Any controversy, dispute, or claim between the Company on the one hand and BRG on the other hand of whatever nature arising out of, in connection with, or in relation to the interpretation, performance or breach of this agreement, including any claim based on contract, tort, or statute, ("Claims") shall be resolved at the request of any party to this agreement, by final and binding arbitration. Such arbitration shall be administered either by (a) Judicial Arbitration & Mediation Services, Inc. (JAMS), pursuant to its Streamlined Arbitration Rules & Procedures or (b) the American Arbitration Association ("AAA") (with a sole arbitrator) in accordance with its Commercial Arbitration Rules, and judgment upon any award rendered by the arbitrator may be entered by any State or Federal Court having jurisdiction. Any such arbitration shall take place exclusively in the state or federal courts located in Manhattan, New York. The prevailing party shall be entitled to reasonable attorneys' fees and costs incurred in any arbitration or litigation brought in connection with this Agreement, as well as reasonable attorneys' fees and costs incurred in appealing or in connection with any action to enforce any judgment entered by the arbitrator in any court having jurisdiction. If a party to any arbitration proceeding filed in connection with this Agreement fails to pay any costs of the arbitration required to be paid by such party in the time required for payment, the arbitrator is authorized to provide an appropriate remedy, including an entry of a default and an arbitration award on the merits against such party.

Docusign Envelope ID: 14D147DE-3251-4F50-B8A0-D7BF2C70534F

## INDEMNIFICATION & LIMITATION OF LIABILITY

The Company shall indemnify, hold harmless and defend the CROs, Additional Personnel, and
BRG and its affiliates partners, directors, officers, employees and agents (collectively, the "BRG
Parties") from and against all claims, liabilities, losses, expenses and damages arising out of or in
connection with the engagement of the CROs and BRG that is the subject of this Agreement,
unless there is a final non-appealable order of a court of competent jurisdiction finding the CROs,
Additional Personnel, or the BRG Parties, as applicable, directly liable for gross negligence,
actual fraud, or willful misconduct. The Company shall pay damages and expenses, including
reasonable legal fees and disbursements of counsel as incurred in advance.  BRG agrees to
indemnify, defend and hold Company harmless from any third party loss, damage, costs or
expense, including reasonable attorneys' fees, to which Company may be subjected arising out of
(i) a breach of the confidentiality obligations under this Agreement by the CROs, BRG,
Additional Personnel, or any third party contracted by the CROs for the Company's benefit, or
(ii) any negligence, actual fraud, or willful misconduct on the part of the CROs, BRG, Additional
Personnel, or third party, in performing the Services.

In addition to the above indemnification and advancement, any BRG employees serving as
directors or officers of the Company or affiliates will receive the benefit of the most favorable
indemnification and advancement provisions provided by the Company to its directors, officers
and any equivalently placed employees, whether under the Company's charter or by-laws, by
contract or otherwise.

The Company shall specifically include and cover the CROs and any other employees and agents
serving as directors or officers of the Company or affiliates from time to time with direct
coverage under the Company's policy for liability insurance covering its directors, officers and
any equivalently placed employees ("D&O insurance"). Prior to accepting any officer position,
the Company shall, at the request of BRG, provide BRG a copy of Company's current D&O
policy, a certificate(s) of insurance evidencing the policy is in full force and effect, and a copy of
the signed board resolutions and any other documents as BRG may reasonably request evidencing
the appointment and coverage of the indemnitees. Company will maintain such D&O insurance
coverage for the period through which claims can be made against such persons. Company
disclaims a right to distribution from the D&O insurance coverage with respect to such persons.
In the event that the Company is unable to include BRG employees and agents under the
Company's policy or does not have first dollar coverage acceptable to BRG in effect for at least
$10 million (e.g., there are outstanding or threatened claims against officers and directors alleging
prior acts that may give rise to a claim), BRG may, at its option, attempt to purchase a separate
D&O insurance policy that will cover BRG employees and agents only. The cost of the policy
shall be invoiced to the Company as an out-of-pocket expense. If BRG is unable or unwilling to
purchase such D&O insurance, then BRG reserves the right to terminate the Agreement.

Notwithstanding any other provision in this Agreement to the contrary, the Company's
indemnification and advancement obligations shall be primary to (and without allocation against)
any similar indemnification and advancement obligations of BRG, its affiliates and insurers to the
indemnitees (which shall be secondary), and the Company's D&O insurance coverage for the
indemnitees shall be specifically primary to (and without allocation against) any other valid and

Docusign Envelope ID: 14D147DE-3251-4F50-B8A0-D7BF2D700041

CONFIDENTIAL
January 31, 2026
Page 7 of 10

collectible insurance coverage that may apply to the indemnitees (whether provided by BRG or otherwise).

IN NO EVENT SHALL THE COMPANY, THE CROS, ADDITIONAL PERSONNEL, BRG OR BRG PERSONNEL WHO SERVE AS OFFICERS OF THE COMPANY BE LIABLE FOR ANY SPECIAL, PUNITIVE, INCIDENTAL, INDIRECT, OR CONSEQUENTIAL DAMAGES OF ANY KIND IN CONNECTION WITH THIS AGREEMENT, EVEN IF THEY HAVE BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES.  THE CROS AND BRG SHALL NOT BE LIABLE TO THE COMPANY, OR ANY PARTY ASSERTING CLAIMS ON BEHALF OF THE COMPANY, EXCEPT FOR DIRECT DAMAGES FOUND IN A FINAL DETERMINATION TO BE THE DIRECT RESULT OF THE GROSS NEGLIGENCE, ACTUAL FRAUD, BAD FAITH, SELF-DEALING, OR INTENTIONAL MISCONDUCT OF BRG.  BRG'S AGGREGATE LIABILITY, WHETHER IN TORT, CONTRACT, OR OTHERWISE, IS LIMITED TO THE AMOUNT OF FEES PAID TO BRG FOR SERVICES UNDER THIS AGREEMENT (THE "LIABILITY CAP"). THE LIABILITY CAP IS THE TOTAL LIMIT OF BRG'S AGGREGATE LIABILITY FOR ANY AND ALL CLAIMS OR DEMANDS BY ANYONE PURSUANT TO THIS AGREEMENT, INCLUDING LIABILITY TO THE COMPANY, TO ANY OTHER PARTIES HERETO, AND TO ANY OTHERS MAKING CLAIMS RELATING TO THE WORK PERFORMED BY BRG PURSUANT TO THIS AGREEMENT. ANY SUCH CLAIMANTS SHALL ALLOCATE ANY AMOUNTS PAYABLE BY BRG AMONG THEMSELVES AS APPROPRIATE, BUT IF THEY CANNOT AGREE ON THE ALLOCATION IT WILL NOT AFFECT THE ENFORCEABILITY OF THE LIABILITY CAP. UNDER NO CIRCUMSTANCES SHALL THE AGGREGATE OF ALL SUCH ALLOCATIONS OR OTHER CLAIMS AGAINST BRG PURSUANT TO THIS AGREEMENT EXCEED THE LIABILITY CAP.

**TERMINATION**
The Company or BRG may terminate this Agreement upon seven (7) days' written notice. In the event the Agreement is terminated prior to the completion of Services, the Company agrees to pay BRG for all undisputed Professional Fees and expenses incurred through the termination date. In the event expert consulting services have not commenced in the 4 month period after the execution of this Agreement, BRG reserves the right to terminate on 7 days' written notice.

**OTHER TERMS**

The Company agrees that if any members or employees of BRG are required to testify at any administrative or judicial proceeding relating to this engagement, whether during or after the term, the CROs and BRG will be compensated by the Company for associated time charges at the regular hourly rates for such personnel, in effect at the time, and reimbursed for reasonable and documented out-of-pocket expenses, including counsel fees and expenses.

The interpretation and application of the terms of this Agreement shall be governed and construed in accordance with the laws of the state of New York. The prevailing party shall be entitled to reasonable attorneys' fees and costs incurred in any litigation brought in connection with this Agreement, as well as reasonable attorneys' fees and costs incurred in appealing or in connection with any action to enforce any judgment entered in any court having jurisdiction.

Docusign Envelope ID: 14D147DE-3251-4F50-B8A0-D7BF2D7053DF

The waiver by any party and the breach of any of the provisions of this Agreement shall not operate or be construed as a waiver of any subsequent breach hereof. This Agreement shall be binding upon and inure to the benefit of the parties and their respective successors, assigns, legal representatives, executors, administrators and heirs. The parties may not assign this Agreement or any rights or obligations hereunder to any party without the prior written consent of the other parties.  Each of the provisions of this Agreement is a separate and distinct agreement and independent of all others, so that if any provision hereof shall be held to be invalid or unenforceable for any reason, such invalidity or enforceability shall not affect the validity or enforceability of any other provisions hereof.  No amendment or modification of this Agreement shall be effective unless in writing and signed by both parties hereto.

The Company warrants that it has all necessary right, power and authority to enter into and perform this Agreement and that the execution, delivery and performance by the Company of this Agreement will not, with or without the giving of notice or the passage of time or both, (a) violate the provisions of any law, rule or regulation applicable to the Company, (b) violate any judgment, decree, order or award of any court, governmental body or arbitrator applicable to the Company or (c) conflict with or violate any agreement to which the Company is a party or by which it is bound.

* * * *

We look forward to working with you on this matter. Please sign and return a copy of this Agreement signifying your agreement with the terms and provisions herein.

Sincerely,

By _____     Dated ___1/31/26___
    Stephen Coulombe, Managing Director

Docusign Envelope ID: 14D147DE-3251-4F50-B8A0-D7BF2DB63dF

CONFIDENTIAL
January 31, 2026
Page 9 of 10

AGREED AND ACCEPTED:

Eddie Bauer LLC

By_____          Dated_____
      Keith Melker, Chief Financial Officer

2/2/2026

Docusign Envelope ID: 14D147DE-3251-4F50-B8A0-D7BF2D7058DF





### <u>Schedule 1</u>

1. SPARC EB Holdings LLC
2. Eddie Bauer LLC
3. Eddie Bauer Gift Card Services LLC
4. 13051269 Canada Inc.
5. Eddie Bauer of Canada Corporation

# **EXHIBIT C**

## **COULOMBE DECLARATION**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Matthew C. Fagen, P.C. (admitted *pro hac vice*)
Oliver Paré (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
joshua.sussberg@kirkland.com
matthew.fagen@kirkland.com
oliver.pare@kirkland.com

*Proposed Co-Counsel to the Debtors and*
*the Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:  (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel to the Debtors and*
*the Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In re: | Chapter 11 |
| EDDIE BAUER LLC, *et al.*, | Case No. 26-11422 (SLM) |
| Debtors.[1] | (Jointly Administered) |

## DECLARATION OF STEPHEN COULOMBE
## IN SUPPORT OF DEBTORS' MOTION FOR ENTRY OF AN
## ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF
## BERKELEY RESEARCH GROUP, LLC TO PROVIDE CO-CHIEF RESTRUCTURING
## OFFICERS AND ADDITIONAL PERSONNEL FOR THE DEBTORS EFFECTIVE AS
## OF THE PETITION DATE; AND (III) GRANTING RELATED RELIEF

I, Stephen Coulombe, declare pursuant to 28 U.S.C. § 1746, under penalty of perjury, to

the best of my knowledge, information and belief, that:

---

[1]    The last four digits of Debtor Eddie Bauer LLC's tax identification number are 6060.  A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/EddieBauer.  The location of Debtor Eddie Bauer LLC's principal place of business is 10401 Northeast 8th Street, Suite 500, Bellevue, WA 98004; the Debtors' service address in these chapter 11 cases is 6501 Legacy Drive, Suite B100, Plano, TX 75024.

1.      I am a Managing Director of Berkeley Research Group, LLC ("BRG")[2], a professional services firm with numerous offices throughout the country. I am duly authorized to execute this declaration (the "Declaration") on behalf of BRG and in support of the *Debtors' Motion for Entry of an Order (I) Authorizing the Retention and Employment of Berkeley Research Group, LLC to Provide Co-Chief Restructuring Officers and Additional Personnel for the Debtors Effective as of the Petition Date; and (II) Granting Related Relief* (the "Motion").[3] Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.[4]

## BRG'S QUALIFICATIONS

2.      BRG, myself, and the other BRG Professionals have significant qualifications and experience in providing the services contemplated herein. BRG's Corporate Finance practice consists of senior financial, management consulting, accounting, and other professionals who specialize in providing restructuring, transaction advisory, litigation support, solvency, and valuation assistance and providing a focus on viable solutions that maximize value for companies and creditors, typically in distressed business settings. BRG serves troubled companies, debtors, and secured and unsecured creditors, equity holders, and other parties in both in-court and out-of-court engagements similar to the Debtors in the State of New Jersey and elsewhere. Moreover, BRG has acted as financial advisor, crisis manager, and corporate officer in middle market to large multinational restructurings across a wide array of industries, including retail operations. Further, the professionals at BRG have assisted and advised debtors, independent boards, creditors,

---

[2]    References contained herein referring to BRG pertaining to disinterestedness and disclosures of relationships with parties in interest, refer collectively to Berkeley Research Group, LLC and all of its affiliates.

[3]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

[4]    Certain of the disclosures set forth herein relate to matters within the knowledge of other Directors and Managing Directors at BRG and are made based on information provided by them.

creditors' committees, bondholders, investors, and others in numerous bankruptcy cases, including Conn's, Inc.; F21 OpCo, LLC (a.k.a. Forever21); Never Slip Holdings, Inc. (a.k.a. Shoes for Crews); David's Bridal, LLC; Independent Pet Partners Holdings, LLC; Saks Global Enterprises LLC; RentPath Holdings, Inc.; Le Tote, Inc.; BlockFi, Inc.; Brookstone Holdings Corp.; Specialty Retail Shops Holding Corp. (a.k.a. Shopko); Sports Authority Holdings, Inc; rue21, inc.; CBL & Associates Properties, Inc.; The Hertz Corporation; hhgregg, Inc.; Stage Stores, Inc.; RTW Retailwinds, Inc (a.k.a. NY & Company); WeWork Inc.; Intelsat, S.A.; Christopher & Banks, Inc.; Things Remembered, Inc.; Voyager Digital Holdings, Inc.; SVB Financial Group; Century 21 Department Stores, LLC; Destination Maternity Corporation; The Collected Group, LLC; Neiman Marcus Group LTD LLC; Nine West Holdings, Inc.; Modell's Sporting Goods; Guitar Center, Inc.; GNC Holdings, Inc.; Hospital Acquisition LLC (a.k.a. LifeCare Health Partners); Verity Health System of California; Brazos Electric Power Cooperative, Inc.; Centric Brands Inc.; Aeropostale, Inc.; American Apparel, LLC; Samuels Jewelers Inc.; Z Gallerie LLC; Charlotte Russe Holding, Inc.; Michigan Sporting Goods Distributors, Inc. (a.k.a. MC Sports); Avenue Stores, LLC; and Aerogroup International, Inc. (a.k.a. Aerosoles).

3.     I will act as Co-CRO of the Debtors. I have more than twenty-five years of experience providing a wide range of consulting services, including liquidity and capital structure assessment, debt and equity restructuring advice and securing financing, identification of strategic and reorganization alternatives, and leading processes to sell businesses or underperforming assets. I specialize in performance improvement, restructuring, and interim management and have served as both CRO and interim CFO to large global public and private companies and worked with senior management teams and boards of directors in scenarios similar to those of the Debtors.

4.      Mr. Pantelis, the other proposed CRO, is a Director at BRG with nearly a decade of experience providing financial and restructuring advisory services. Mr. Pantelis has considerable experience supporting companies through complex financial challenges and delivering solutions that drive stability and long-term success. Mr. Pantelis' experience includes financial modeling, liquidity management, business plan evaluation, operational support, and implementing cost takeout initiatives. Additionally, Mr. Pantelis has served in interim management roles in both the treasury and finance functions.

5.      The BRG Professionals have significant restructuring and industry experience assisting distressed companies with financial and operational challenges and working with management teams and boards of directors of large companies facing financial challenges similar to those of the Debtors. The BRG Professionals will work closely with the Debtors' management and other professional advisors throughout the chapter 11 process. By virtue of the expertise of its restructuring personnel, BRG, myself, Mr. Pantelis, and the Additional Personnel are well qualified to provide services to and represent the Debtors' interests in these Chapter 11 Cases. In addition, as a result of performing prepetition advisory work for the Debtors, working closely with the Debtors' management and other professionals, BRG, myself, Mr. Pantelis, and the Additional Personnel have acquired significant knowledge of the Debtors' businesses and are familiar with the Debtors' financial affairs, capital structure, operations, and related matters.

## SERVICES TO BE RENDERED

6.      In October 2025, the Debtors engaged BRG to provide certain professional services to the Debtors, and in connection with such engagement, BRG developed an in depth understanding of the Debtors' operations, debt structure, creditors, business, and related matters. On January 31, 2026, BRG and the Debtors executed the Engagement Letter, a copy of which is

attached to as **Exhibit B** to the Motion. Pursuant to the Engagement Letter, BRG and the Debtors have agreed that BRG will provide the Co-CROs and Additional Personnel and will provide certain professional services to the Debtors. Working collaboratively with the Debtors' senior management team, as well as the Debtors' other professionals, BRG will provide the following professional services[5]:

(a)     Serve as Co-CROs (Stephen Coulombe and George Pantelis);

(b)     In consultation with management of the Debtors and subject to the approval of the Board of Directors of the Debtors, develop and implement a chosen course of action to preserve asset value and maximize recoveries to stakeholders;

(c)     Oversee the activities of the Debtors in consultation with the Debtors' other advisors and the management team to effectuate the selected course of action;

(d)     Manage the development of cash flow projections and related methodologies and assist with planning for alternatives and managing liquidity in consultation with management;

(e)     Oversee and approve all disbursements throughout the duration of the engagement;

(f)     Assist the Debtors in negotiations with secured lenders and communicate directly with the agent and lenders and be authorized to furnish the agent and lenders with such information as they may request;

(g)     Oversee the activities related to preparing for and operating in a Chapter 11 bankruptcy proceeding, including negotiations with stakeholders, and the formulation of a Chapter 11 strategy and Chapter 11 plan directed to preserve and maximize value;

(h)     Assist the Debtors and their investment banker in conducting a sale process by facilitating data requests, providing ad hoc financial and operational

---

[5] The summaries of the Engagement Letter contained in this Declaration are provided for purposes of convenience only. Certain of the workstreams outlined in the Engagement Letter were completed prior to the Petition Date or superseded by the filing of these Chapter 11 Cases. In the event of any inconsistency between the summaries contained herein and the terms and provisions of the Engagement Letter, the terms of the Engagement Letter shall control unless otherwise set forth herein.

analyses, engaging with potential purchasers, and supporting other activities necessary to execute a successful transaction;

(i)  Provide information deemed by the Co-CROs to be reasonable and relevant to stakeholders and consult with key constituents as necessary;

(j)  To the extent reasonably requested by the Debtors, offer testimony before the Bankruptcy Court with respect to the services provided by the Co-CROs and the Additional Personnel, and participate in depositions, including by providing deposition testimony, related thereto; and

(k)  Such other services as mutually agreed upon by the Co-CROs, BRG and the Debtors.

## NO DUPLICATION OF SERVICES

7.    The services that BRG will provide to the Debtors are necessary to enable the Debtors to maximize the value of their estates. The services provided by the Co-CROs and the Additional Personnel will complement, and not duplicate, the services to be rendered by other professionals retained in these Chapter 11 Cases. BRG will coordinate with the Debtors' retained professionals to avoid unnecessary duplication of efforts.

## PROFESSIONAL COMPENSATION

8.    BRG's decision to accept this engagement is conditioned upon its ability to be retained in accordance with its customary terms and conditions of employment, compensated for its services, and reimbursed for the out-of-pocket expenses it incurs in accordance with its customary billing practices, as set forth more fully in the Fee and Expense Structure, and the Motion. The Co-CROs' fees for the provision of the services will be $250,000 per month. Fees for the Additional Personnel will be based on the actual hours worked, charged at BRG's standard hourly rates that are in effect at the time such services are rendered. The hourly rates charged by BRG for the services provided by the Additional Personnel differ based upon, among other things, each professional's level of experience, geographic differentials, and types of services being

provided. The current standard hourly rates for the BRG Professionals anticipated to the assigned to these Chapter 11 Cases are as follows:[6]

| Position | 2026 Hourly Rate |
|---|---|
| Managing Directors | $1,180 - $1,450 |
| Directors & Associate Directors | $950 - $1,150 |
| Professional Staff | $475 - $925 |
| Support Staff | $195 - $415 |

9.      In the ordinary course of business, BRG periodically revises its hourly rates to reflect promotions and other changes in personnel responsibilities, increases in experience, and increases in the cost of doing business. Hourly rates may change in the future from time to time and are typically adjusted annually. Changes in applicable hourly rates will be noted on BRG's invoices for the first time period in which the revised rates became effective.

10.      To the extent BRG requires services of its international divisions or personnel from specialized practices, the standard hourly rates for that international division or specialized practice will apply.

11.      In addition to compensation for professional services rendered by the BRG Professionals, BRG will seek reimbursement for reasonable and necessary expenses incurred in connection with these Chapter 11 Cases, including, but not limited to, reasonable travel expenses (including lodging expenses and business meals), costs of reproduction, research, communications, our legal counsel, any applicable sales or excise taxes and other direct expenses.

---

[6] The ranges herein are for BRG professionals in the Corporate Finance practice group who may practice in bankruptcy and non-bankruptcy related matters. They exclude BRG professionals in other industry practice groups who may also provide specialized services in these Chapter 11 Cases. To the extent such other professionals provide services, they will charge their standard hourly rates as they would in non-bankruptcy matters.

12.     The Fee and Expense Structure is consistent with and typical of compensation arrangements entered into by BRG and other comparable firms that render similar services under similar circumstances. I believe that the Fee and Expense Structure is reasonable, market-based, and designed to compensate BRG fairly for its work and to cover fixed and routine overhead expenses.

13.     In the 90 days prior to the Petition Date, BRG received Cash on Account and payments totaling $3,529,799.88. As of the Petition Date, BRG holds $250,000.00 in Cash on Account from the Debtors, pursuant to the terms of the Engagement Letter.

14.     Due to the ordinary course and unavoidable reconciliation of fees and submission of expenses immediately prior and subsequent to the Petition Date, BRG may have incurred, but not invoiced fees and reimbursable expenses that relate to the prepetition period. BRG intends to apply such amounts against the Cash on Account. As agreed to with the Debtors, the remaining Cash on Account will not be segregated by BRG in a separate account and will be held until the end of these Chapter 11 Cases and applied to BRG's final fees and expenses. Upon termination of BRG's engagement, BRG will return any unused portion of the Cash on Account to the Debtors.

15.     BRG will submit invoices to the Debtors consistent with the Fee and Expense Structure and the Debtors have requested authority to pay, in the ordinary course of business subject to the expiration of the objection deadline on the staffing report covering the invoice period, all reasonable amounts invoiced by BRG for fees and expenses.

16.     Because BRG is not being retained as a professional under section 327 of the Bankruptcy Code, the Debtors have requested that BRG not be required to submit fee applications pursuant to Bankruptcy Code sections 330 and 331. However, to maintain transparency and comply with the U.S. Trustee's protocol applicable to the retention of personnel under section 363

of the Bankruptcy Code, BRG will file reports of staffing, compensation earned, and expenses incurred on a monthly basis by the last day of each month for the previous month (each a "Staffing Report") with the Court. Each Staffing Report shall include the names and functions filled by all BRG Professionals assigned to the engagement as well as compensation earned and expenses incurred for the relevant period. Each Staffing Report shall contain summary charts which describe the services provided, including the number of hours worked by category, identify the compensation earned by each BRG Professional, and itemize the expenses incurred for the relevant period. Time records shall (i) be appended to the Staffing Report, (ii) contain detailed time entries describing the task(s) performed, and (iii) be organized by project category. Where BRG Professionals are providing services at an hourly rate, the time entries shall identify the time spent completing each task in 1/10th hour increments; where BRG Professionals are providing services at a "flat" rate, the time entries shall be kept in hourly increments. All compensation shall be subject to review by the Court in the event an objection is filed. BRG's first Staffing Report shall be filed as soon as practicable following the entry of an order authorizing BRG's retention for the period February 9, 2026 through February 28, 2026.

## USE OF CONTRACTORS

17.     Notwithstanding anything in the Motion to the contrary, BRG shall to the extent that it uses the services of independent contractors or subcontractors (the "Contractors") in these Chapter 11 Cases, BRG shall (i) pass through the cost of such Contractors to the Debtors at the same rate that BRG pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflict checks as required for BRG; and (iv) file appropriate disclosures required by Bankruptcy Rule 2014.

**INDEMNIFICATION AND LIMITATION OF LIABILITY**

18.    The Engagement Letter contains standard indemnification and limitation of liability language with respect to BRG's services, including, without limitation, an agreement by the Debtors to indemnify, hold harmless and defend the Co-CROs, Additional Personnel, and BRG and its affiliates, partners, directors, officers, employees, and agents (collectively, the "BRG Parties") from and against all claims, liabilities, losses, expenses, and damages arising out of or in connection with this engagement of the Co-CROs and BRG that is the subject of the Engagement Letter except such liabilities that result from the gross negligence, fraud, or willful misconduct of the BRG Parties.

19.    BRG believes that the indemnification provisions contained in the Engagement Letter are customary and reasonable for BRG and comparable firms providing restructuring services for engagements of this type and should be approved.

20.    The terms and conditions of the indemnification provisions were negotiated by the Debtors and BRG at arm's length and in good faith. The provisions contained in the Engagement Letter, viewed in conjunction with the other terms of the Proposed Order, are reasonable and in the best interest of the Debtors, their estates, and their creditors in light of the fact that the Debtors require BRG's services to successfully navigate these Chapter 11 Cases.

21.    Notwithstanding any provisions of the Engagement Letter to the contrary, in accordance with the U.S. Trustee's protocol applicable to the retention of personnel to assist the Debtors under section 363 of the Bankruptcy Code (sometimes referred to as the "Jay Alix Protocol"), BRG has agreed otherwise, as set forth below:

> a.    Notwithstanding anything to the contrary in the Engagement Letter, the Debtors are permitted to indemnify those persons acting as executive officers only on the same terms as provided to the Debtors' other officers and directors under

the corporate bylaws and applicable state law, in addition to insurance coverage under the Debtors' director and officer insurance policies.

b. There will be no indemnification of BRG or its affiliates.

c. Finally, notwithstanding any provisions of the Engagement Letter to the contrary, BRG has agreed not to raise or assert any defense based upon jurisdiction, venue, abstention, or otherwise to the jurisdiction and venue of this Court or (if the reference is withdrawn) the District Court for the District of New Jersey to hear or determine any controversy or claims with respect to, in connection with, arising out of, or in any way related to BRG's engagement on these Chapter 11 Cases.

## BRG'S DISINTERESTEDNESS

22.    In connection with the preparation of this Declaration, BRG[7] undertook to determine whether it had any conflicts or other relationships that might cause it not to be disinterested or to hold or represent an interest adverse to the Debtors. Specifically, BRG obtained from the Debtors and/or their representatives the names of individuals and entities that may be parties in interest in these Chapter 11 Cases (collectively, the "Potential Parties in Interest"). Accordingly, we are relying on the accuracy and completeness of this information in connection with our conflict review and disclosure. Such parties are listed on **Schedule 1** attached to this Declaration. BRG's internal conflict check procedures consist of the querying of the Potential Parties in Interest within an internal computer database containing the names of individuals and entities that are present and former clients of both BRG and its affiliates. Additionally, new matters are circulated to all Directors and Managing Directors of BRG with a request to review and advise of any potential conflict of interest concerns. All responses are reviewed and addressed by an attorney on BRG's conflicts team.

---

[7]    All disclosures pertaining to relationships with Potential Parties in Interest or other elements of BRG's disinterestedness encompass both Berkeley Research Group, LLC and its affiliates.

11

23.     Based on the results of its review, completed under my supervision, BRG does not have a relationship with any of the parties on **Schedule 1** in matters related to these proceedings. As set forth in **Schedule 2**, which is attached hereto, BRG has relationships with certain Potential Parties in Interest in these Chapter 11 Cases, but such relationships are unrelated to either the Debtors or these Chapter 11 Cases. To the best of my knowledge, no services have been provided to these Potential Parties in Interest in matters materially relating to these Chapter 11 Cases or which involve their rights in the Debtors' Chapter 11 Cases, nor does BRG's involvement in these Chapter 11 Cases compromise its ability to continue such consulting services.

24.     SPARC Group Holdings LLC ("SPARC") is the direct parent company of SPARC EB Holdings LLC and indirect parent company of Eddie Bauer, LLC. On May 30, 2023, BRG was engaged by SPARC on matters unrelated to these Chapter 11 Cases. BRG's work on the foregoing project substantially concluded in December 2024 and fully concluded in mid-February 2025. The matters are now closed. On January 16, 2025, BRG was engaged by a subsidiary of SPARC, F21 OpCo, LLC (together with its affiliated debtors, the "F21 Debtors") on matters unrelated to these Chapter 11 Cases. BRG was further retained in connection with the F21 Debtors' chapter 11 cases. See *In re: F21 OpCo, LLC, et al.*, Case No. 25-10469 (Bankr. D. Del. March 16, 2025) [Docket No. 411]. BRG's work on the F21 Debtors' chapter 11 cases concluded in June 2025 upon the occurrence of the effective date of the F21 Debtors' chapter 11 plan. The matters are now closed. On October 1, 2025, BRG was engaged by the Debtors in connection with these Chapter 11 Cases. On January 31, 2026, Messieurs Coulombe and Pantelis were appointed as the Debtors' Co-CROs and report to the Debtors' board of directors. The BRG employees who primarily worked on the SPARC engagement are not working on the Debtors' engagement. With the exception of Mr.

Coulombe, and one staff member, the BRG employees who primarily worked on the F21 Debtors' engagement are not working on the Debtors' engagement.

25.     To the best of my knowledge, information, and belief, neither I, nor BRG, nor any of the BRG Personnel, have any connection with or holds any interest adverse to the Global Debtors, their estates, creditors, shareholders, or any other party in interest herein or their respective attorneys in the matters for which BRG is proposed to be employed, except that BRG has provided other consulting services, and may in the future provide such services, to certain of the Debtors' creditors or other parties-in-interest in matters unrelated to the Debtors' Chapter 11 Cases. To the best of my knowledge, no services have been provided to these Potential Parties in Interest in matters materially relating to these Chapter 11 Cases or which involves their rights in the Debtors' Chapter 11 Cases, nor does BRG's involvement in these Chapter 11 Cases compromise its ability to continue such consulting services.

26.     BRG is not employed by, and has not been employed by, any entity other than the Debtors in matters related to these Chapter 11 Cases, except as described herein. In particular, prior to the Petition Date, BRG provided professional services to the Debtors.

27.     BRG hereby discloses that as of May 1, 2025, BRG is a portfolio company of investment funds managed by TowerBrook Capital Partners (such investment funds and manager, collectively, "TowerBrook"). TowerBrook, and any other portfolio company of any investment fund managed by TowerBrook or any other entities affiliated with TowerBrook (collectively, "TowerBrook Entities") are under separate managerial control from BRG and do not share any internal systems with BRG. The TowerBrook Entities have no ability to access BRG systems or confidential information, nor does BRG have the ability to access TowerBrook Entities systems or confidential information. Certain TowerBrook personnel may serve as members of the BRG board

of directors (the "BRG Directors") and the BRG Directors may serve on boards of directors for certain of the TowerBrook Entities. However, the BRG Directors are subject to confidentiality obligations and fiduciary duties, which prohibit and prevent the sharing of confidential information between companies for which they have board of director responsibilities. Despite the separation between BRG and the TowerBrook Entities, in an abundance of caution, BRG discloses that it has performed a conflict check and none of the disclosed Potential Parties in Interest in these Cases listed on Schedule 1 are TowerBrook Entities. It is possible that a TowerBrook Entity may be an undisclosed party in interest in these Chapter 11 Cases, including for example, as a potential bidder in any sale process. To the extent I discover any additional facts regarding the foregoing, and subject to any confidentiality restrictions with the Debtors, I will supplement the information contained in this Declaration.

28.    As part of its diverse practice, BRG appears in numerous cases, proceedings, and transactions that involve many different professionals, including attorneys, accountants, investment bankers, and financial consultants, who may represent claimants and parties in interest in these Chapter 11 Cases. Further, BRG has in the past, currently, and may in the future, be represented by several attorneys and law firms, some of whom may be involved in these Chapter 11 Cases. In addition, BRG has in the past, is currently, and will likely in the future be engaged in matters, unrelated to the Debtors or these Chapter 11 Cases, in which it works with or against other professionals involved in these Chapter 11 Cases. Moreover, BRG might have referred work to other professionals who are retained in these Chapter 11 Cases. Likewise, certain such professionals who are retained in these Chapter 11 Cases might have referred work to BRG. Based on BRG's current knowledge of the professionals involved, and to the best of my knowledge, insofar as I have been able to ascertain after reasonable inquiry, none of these business

relationships create an interest materially adverse to the Debtors in matters upon which BRG is to be employed, and none are in connection with these Chapter 11 Cases.

29.    From time to time, BRG has provided services, and likely will continue to provide services, to certain creditors of the Debtors and various other parties adverse to the Debtors in matters wholly unrelated to these Chapter 11 Cases. As described herein, however, BRG has undertaken a detailed search to determine, and to disclose, whether either is providing or has provided services to any significant creditor, equity security holder, insider, or other party in interest in such unrelated matters.

30.    To the best of my knowledge, information and belief, insofar as I have been able to ascertain after reasonable inquiry, and except as set forth herein, neither I nor any of the BRG Professionals (a) have any connection with the Office of the United States Trustee for Region 3 or any employee thereof or (b) are related or connected to any Judge of the United States Bankruptcy or United States District Courts for the District of New Jersey or any of the District Judges for the District of New Jersey who handle bankruptcy cases, except as otherwise set forth herein.

31.    To the best of my knowledge, BRG is not a "creditor" of the Debtors within the meaning of section 101(1) of the Bankruptcy Code. Further, neither BRG nor any of the BRG Professionals, to the best of my knowledge, is a holder of any of the Debtors' outstanding debt instruments or shares of the Debtors' stock. It is possible that certain BRG employees, managing directors, board members, equity holders, or affiliates of any of the foregoing may own interests in mutual funds or other investment vehicles (including various types of private funds) that own the Debtors' or other parties in interest's debt or equity securities or other financial instruments, including bank loans and other obligations Typically, the holders of such interests have no control

over investment decisions related to such investment funds or financial instruments. BRG's policy prohibits its employees from personally trading in the Debtors' securities.

32.     Despite the efforts BRG has taken to identify and disclose the connections it has with Potential Parties in Interest in these Chapter 11 Cases, because the Debtors are a large enterprise with numerous creditors and other relationships, BRG is unable to state with certainty that every client relationship or other connection has been disclosed.

33.     No promises have been received by BRG, nor any employee thereof, as to payment or compensation in connection with these Chapter 11 Cases other than in accordance with the provisions of the Bankruptcy Code. Except for internal agreements among the employees of BRG regarding the sharing of revenue or compensation, neither BRG nor any of its employees has entered into an agreement or understanding to share compensation with any other entity as described in Bankruptcy Code section 504 and Bankruptcy Rule 2016.

34.     Except as otherwise set forth herein, insofar as I have been able to determine, neither BRG, nor I, nor any of the BRG Professionals hold or represent any interest adverse to the Debtors or their estates.

35.     To the extent BRG discovers any additional facts or information bearing on matters described in this Declaration that require disclosure, during the period of the Debtors' retention of BRG, I will file a supplemental disclosure with the Court as required by Bankruptcy Rule 2014.

*[Remainder of Page Intentionally Left Blank]*

16

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: March 9, 2026

/s/      *Stephen Coulombe*
Stephen Coulombe
Managing Director
Berkeley Research Group, LLC
225 Franklin Street, Suite 3100
Boston, MA  02110
(617) 673-2147

17

## SCHEDULE 1

**Potential Parties in Interest**

**Debtors**
13051269 Canada Inc.
EB Gift Card Services LLC
Eddie Bauer LLC
Eddie Bauer of Canada Corporation
SPARC EB Holdings LLC

**Current and Former Affiliates**
ABG Holdings LLC
ABG Intermédiate Holdings 1 LLC
ABG Intermediate Holdings 2 LLC
ABG-Aero, LLC
Aero Operations LLC
AeroLocker Holdings LLC
Authentic Brands Group LLC
Authentic Brands Group, Inc.
BB Europe Holdings LLC
BB GC Mgmt LLC
BB OpCo LLC
BB Puerto Rico LLC
BPG Holdings Group Inc.
BPG Retail Holdings I LLC
Brookfield BPY Holdings Inc
Brookfield BPY Property Holdings I LLC
Brookfield Corporation
Brookfield Property L.P
Brookfield Property Partners L.P
Brookfield Property Partners Limited
Brooks Brothers Europe Srl
Catalyst Brands LLC
Catalyst Lease SPV LLC
Copper Intermediate LLC
Copper Retail Holdings LLC
Copper Retail JV LLC
Elite Depot Limited
F21 China Holdings, LLC
F21 Giftco Management, LLC
F21 Guam, LLC
F21 Holdings, LLC
F21 Korea, LLC
F21 Korean Holdings, LLC
F21 OpCo, LLC
F21 Puerto Rico, LLC
F21 Turkey Holdings, LLC
Fashion Retail Investment Holding LLC
Forever 21 Trading (Shanghai) Company, Ltd.
J.C. Penney Business Information Consulting (Shanghai) Co. Ltd.
J.C. Penney de Guatemala Sociedad Anónima
J.C. Penney Insurance Agency, LLC
J.C. Penney Korea
J.C. Penney PR Corp Inc.
J.C. Penney Purchasing Hong Kong Limited
J.C. Penney Purchasing India Private Limited
J.C. Penney Purchasing LLC
J.C. Penney Services India Private Limited
JCP Future Source LLC
Lucky Opco LLC
M.S. Management Associates, Inc.
Nautica OpCo LLC
Nautica Retail USA LLC
Penney Borrower LLC
Penney Holdings LLC
Penney Intermediate Holdings LLC
Penney IP Holdings LLC
Penney IP LLC
Penney OpCo LLC
Penney Opco VT Company Limited
Penney Property Holdings LLC
Penney Tenant Holdings LLC
Penney Tenant I LLC
Penney Tenant II LLC
Penney Tenant III LLC
Reebok Foundation, Inc.
Reebok GC Mgmt LLC
Reebok International Ltd., LLC
Simon Blackjack Consolidated Holdings, LLC
Simon JCP Holdings, LLC
Simon Property Group L.P.

Simon Property Group, Inc.
Simon Services, Inc.
SPARC EB Holdings LLC
SPARC Far East Limited
SPARC GC Mgmt LLC
SPARC Group BB Holdings LLC
SPARC Group Cares, Inc.
SPARC Group Holdings II LLC
SPARC Group Holdings LLC
SPARC Group LLC
SPARC Management Holdings, LLC
SPARC Mercury Far East Pte., Ltd.
SPARC Mercury Holdings LLC
SPARC Mercury Vietnam Limited
    Liability Company
SPARC Puerto Rico LLC
The Reebok Worldwide Trading
    Company, LLC
The Tyler Hughes Fund

**Current D&O**
Anthony Allocco
Dawn Wolverton
Glen Morris
Jay Dubiner
Jeff Stein
Jocelyn Miller
Keith Melker
Ken Ohashi
Kevin Wills
Matthew Krantweiss
Nancy Benson
Robert Hernon
Ron Byers
Stacey Jones
Stanley Shashoua
Steven E. Fivel
Tony Horton

**Former D&O**
Colette Stanford
Elana Matt
Kevin Clarke
Mark LaMorticella

**>5% Equity Holders**
SPARC Group Holdings LLC

**Debtor Professionals**
Berkeley Research Group, LLC
Choate, Hall & Stewart LLP
Cole Schotz P.C.
Hilco Merchant Resources, LLC
Kirkland & Ellis, LLP
Osler, Hoskin & Harcourt LLP
RCS Real Estate Advisors
Reevemark, LLC
SB360 Capital Partners, LLC
Solic Holdco, LLC
Stretto, Inc.

**Banks**
Bank of America, N.A.
JP Morgan Chase Bank, N.A.
PNC Bank, National Association
The Bank of Nova Scotia
US Bank
Wells Fargo Bank, National Association

**Lenders & Secured Creditors**
Bank of America, N.A.
Capital One National Association
Fifth Third Bank, National Association
First Eagle Investment Management,
    LLC.
HSBC Bank USA National Association
JP Morgan Chase Bank, N.A.
PNC Bank, National Association
Regions Bank
Siemens Financial Services Inc.
Sumitomo Mitsui Banking Corporation
TD Bank, N.A.
Wells Fargo Bank, National Association
Whitehawk Capital Partners LP

**Admin Agents & Independent
    Trustees**
Wells Fargo Bank, National Association
Whitehawk Capital Partners LP

**Surety & Letters Of Credit**
Fidelity and Deposit Company of
    Maryland
Liberty Mutual Insurance Company
Nationwide Mutual Insurance Company
Trisura Guarantee Insurance Company
Zurich Insurance Company Ltd
**Ordinary Course Professionals**
Fox Rothschild LLP
Kroll, LLC
Marsh Canada Limited
Marsh USA, Inc.
Norton Rose Fulbright Canada LLP
Proskauer Rose LLP
RSM Canada LLP
Ryan LLC

**Insurance**
Accredited Specialty Insurance
    Company
AFB 2623/623
AIG Insurance Company of Canada
AIU Insurance Company
Allied World Assurance Company,
    LTD
American Insurance Group, Inc.
Arcadian Risk Capital Ltd.
Arch Insurance Company
Ascot Specialty Insurance Company
Aspen Bermuda Limited
AXA XL
AXIS Surplus Insurance Company
Axis Syndicate 1686
Beazley Excess and Surplus Insurance,
    Inc.
Berkley Insurance Company
Berkshire Hathaway Specialty
    Insurance Company
Bowhead Specialty Insurance Services
Bowhead Specialty Underwriters, Inc.
Bowring Marsh (Bermuda) LTD.
Brit Syndicate 2987
Chubb Limited
CNA Commercial Insurance
Crum & Forster Specialty Insurance
    Company

Endurance American Specialty
    Insurance Company
Endurance Specialty Insurance, Ltd.
Evanston Insurance Company
Factory Mutual Insurance Company
Favley Insurance Group
Federal Insurance Company
Fireman's Fund Insurance Company
Great American Insurance Company
Hiscox Syndicate HIS 0033
Houston Casualty Company
Indian Harbor Insurance Company
Lloyd's Syndicate BRT (2987)
Lloyd's of London
Markel Bermuda Limited
Markel International Ins Co Ltd
Marsh USA, LLC
Midvale Indemnity Company
Mitsui Sumitomo Insurance Group
Mosaic Insurance Holdings Limited
Mosaic Services Bermuda Limited
Munich Reinsurance Company
National Union Fire Insurance
    Company of Pittsburgh
Nationwide Insurance Group
Navigators Group, Inc.
Navigators Insurance Company
Old Republic Insurance Company
Old Republic Professional Liability,
    Inc.
RLI Insurance Company
Scottsdale Insurance Company
Sentry Specialty
Sompo Pro, US
Starr Indemnity & Liability Company
Steadfast Insurance Company
The Hartford Insurance Group, Inc.
The Texas Department of Insurance
Tokio Marine HCC
U.S. Specialty Insurance Company
United Specialty Insurance Company
US Specialty Insurance Company
Vantage Risk Specialty Insurance
    Company
Westfield Insurance Company
Westfield Specialty Insurance

XL Bermuda Limited
XL Specialty Insurance Company
Zurich American Insurance Company

**Employee Benefit Providers**
Aetna Inc.
Alight, Inc.
Allstate Insurance Company
Anthem Insurance Companies, Inc.
ARAG Services, LLC
CVS Virtual Care
Delta Dental Insurance Company
Express Scripts Holding Company
EyeMed Vision Care LLC
HealthEquity, Inc.
Kaiser Foundation Health Plan, Inc.
Metropolitan Life Insurance Company
New York Life Insurance Company
The Manufacturers Life Insurance
    Company
VSP Vision Care, Inc.

**Litigation**
Blumenthal Nordrehaug Bhowmik De
    Blouw LLP
Hattis Law PLLC
Law Office of Roderick V. Hannah
Law Offices of Robert Masuda
Melanie Vincent of Samfiru Tumarkin
    LLP
Pacific Trial Attorneys
State of California, Department of
    Industrial Relations
Taylor McCaffrey LLP
Walter Denis Frandsen
Equal Employment Opportunity
    Commission

**Contract Counter Parties**
7thonline, Inc.
Accruent, LLC
Acnovate Corporation
Adobe Inc.
Adswerve Inc.
Advanced Software Products Group,
    Inc.

Agilence, Inc.
Allied Digital Services LLC
Amperity, Inc.
Apollo Graph Inc.
Apple Inc.
Astronomer, Inc.
AT&T Corp.
Attentive Mobile Inc.
Bamboo Rose, LLC
Baymard Institute ApS
Bearstone Global Sp. Z o.o.
Bellomy Research, Inc.
Blackberry Limited
Bloomreach, Inc.
BLUE YONDER, Inc.
BlueAcorn PPP, LLC
BMC Software, Inc.
BOOMI, LP
BW Global North America Inc.
Bynder LLC
Canon U.S.A., Inc.
Catchpoint Systems, Inc.
CDI Corporation
Certify, Inc.
Chicago Soft, Ltd., Inc.
Clarkston Consulting
Claro Enterprise Solutions, LLC
Cleo Communications US, LLC
Data 21, Inc.
Dayforce US, Inc.
DecisionPoint Technologies, Inc.
DRS Imaging Services LLC
DTS Software, LLC
DynamicAction, Inc.
E2open Parent Holdings, Inc.
ElasticSearch, Inc
Encore Consulting Services, Inc.
Ensono, LLC
Epsilon Data Management, LLC
Experian plc
Feedonomics Holdings, LLC
Figma, Inc.
First Data Corporation
Galdly Software, Inc.
Gerber Technology, LLC
GFB (GetFeedback) Ltd

Google LLC
Gotham Technologies LLC
Granite Telecommunications, LLC
HCL Technologies Limited
Horizon Media Holdings, Inc.
Huron Consulting Services LLC
ID.me, Inc.
Idera, Inc.
Impact Tech, Inc.
Imprint Payments, Inc.
Infor (US), LLC
Insight North America, Inc.
International Business Machines
    Corporation
Island Pacific Group LLC
Ivanti, Inc.
Korber Supply Chain LLC
Lambdatest, Inc.
ListEngage, LLC
Loqate Inc.
Manhattan Associates, Inc.
Megaplanit Holdings LLC
Meltwater News US LLC
Merkle Inc.
MessageBird B.V.
Meteor Development Group, Inc.
MHC Software Holdings, Inc.
MICROSOFT Corporation
Monday.com Ltd.
MongoDB Inc.
Narvar Inc.
NAVEX Global Inc.
New Era Technology Inc.
Nexla Technologies Inc.
npm Inc.
NuOrder Inc.
NuTech Solutions Inc.
OLR Retail Inc.
OneTrust LLC
Optimizely Inc.
Oracle America Inc.
Park Place Technologies LLC
PayPal Inc.
PC Connection Inc.
PowerReviews LLC
Precisely Software Incorporated

Principled Chess LLC
Progress Software Corporation
Proofpoint Inc.
PTC Inc.
PTS Data Center Solutions Inc.
Qualtrics LLC
Quantum Metric Inc.
Quest Software Inc.
Rackspace Technology Global Inc.
Rithum Holdings Inc.
Rocket Software Inc.
Rootshell Security Ltd.
Rubrik Inc.
Safenames Ltd.
Salesforce Inc.
SAP America Inc.
Sayers Technology LLC
SDI Industries Inc.
Secured Retail Networks Inc.
Seraphic Security Inc.
Serverless Inc.
SHI International Corp.
ShopperTrak RCT Corporation
Sizeo Inc.
Slack Technologies LLC
Snowflake Inc.
SolarWinds Worldwide LLC
SPS Commerce Inc.
Strategy Inc.
Symbeo Inc.
Systems Plus Solutions USA LLC
Talon.One GmbH
Tata Consultancy Services Limited
Testsigma Technologies Inc.
Tinuiti Inc.
Trintech Inc.
True Fit Corporation
United Techno Solutions Inc.
UsableNet Inc.
Varonis Systems Inc.
Vercel Inc.
VeriFone Systems Inc.
Vertex Inc.
VMware Inc.
Wipro Limited
World Manager LLC

Wyncore Inc.
Xceptance Software Technologies, Inc
Yext Inc.
Yoobic Ltd.
Zembula Inc.
Zenapse Inc.
Zoho Corporation

**Landlords**
2547 Brindle Drive Leasing LLC
770 Tamalpais Drive, Inc.
8380, LLC
ABQ Uptown, LLC
Adirondack Factory Outlet Center, Inc
Alderwood Mall LLC
Algoma Central Properties Inc.
American Dream LLC
Arundel Mills, LP (Simon)
Asheville Mall Capital Holding LLC
Aspen GRF2, LLC
Atlanta Outlet Shoppes II, LLC
Austell Columbia Gorge Equities LLC,
    TEI Diversified Columbia Gorge
    LLC, and TEI Columbia Gorge
    Investors LLC
Bellwether Properties of Massachusetts
    LP
Birch Run Outlets II, LLC
Bluegrass Outlet Shoppes CMBS, LLC
Boise Mall LLC
Bradley Fair Properties LLC
Bridgewater Commons Mall II, LLC
BRVC Owner, LLC
Cafaro-Peachcreek Joint Venture
    Partnership
Capital Augusta Properties LLC
Carolina Premium Outlets, LLC
Castle Realty Group - Castle Rock,
    LLC
Central Walk Mayfair Shopping Centre,
    Inc.
Central Walk Woodgrove Shopping
    Centre Inc
Centralia Factory Outlets, LLC
CF/Realty Holdings Inc.
CGP Partners, LP (Simon)

Charlotte Outlets, LLC (Simon)
Charter DW Watters Creek Village,
    LLC
Chelsea Financing Partnership, LP
    (Simon)
Chelsea Pocono Finance, LLC
Chicago Premium Outlets, LLC
Citrus Park Mall Owner, LLC
Clackamas Mall LLC
Clay Terrace Partners, LLC
Columbia Mall Partnership
Columbus Business Park, LLC
Coral Ridge Mall, LLC
Coroc/Hilton Head II L.L.C.
Coroc/Lakes Region L.L.C.
Coroc/Myrtle Beach LLC
Coroc/Rehoboth III, L.L.C
Coroc/RivieraI LLC (Tanger)
CPBP-VII Associates, LP
CPG Finance II LLC (Simon)
CPG Partners under original lease. Then
    CPG Tinton Falls Urban Renewal,
    LLC [Amendment 1] Now Jersey
    Shore Premium Outlets, LLC
    [MAIN SPARC Master Amendment
    Exhibit A]
CPG Partners, L.P.
CPG Partners, LP (Premium Outlet
    Partners, LLC since at least 2022)
    (Simon)
CPG Partners, LP (Simon)
Craig Realty Group - Silverthorne, LLC
Craig Realty Group - Woodburn, LLC
    (Simon)
CRSA Global Logistics Inc
CSHV HCG Retail, LLC
Daniel Realty Company, LLC
Destiny USA Holdings, LLC
Dorset Development, LLC
Downtown Woodinville, LLC
Dunn Spokane, LLC and Clifford
    Entities, LLC
Easton Town Center II, LLC
Eastview Mall, LLC
Eden Prairie Center LLC
Empire Mall, LLC

Evergreen Walk Lifestyle Center LLC
Fairfax Company of Virginia LLC
Fashion Outlets at Foxwoods, LLC
Fashion Place, LLC
Fayette Mall SPE, LLC
Fig Garden, LP
Flagstaff Aspen Place, LLC
Fox River Shopping Center LLC
Gallatin Mall Group LLC
Geodis Logistics LLC
Gettysburg Outlet Center CMBS, LLC
GGP-Grandville LLC
GGP-Maine Mall, LLC
Gilroy Premium Outlets LLC
Grove City Factory Shops Limited
    Partnership, a Delaware limited
    partnership
GXO Logistics Supply Chain, Inc
Hamilton Corner CMBS General
    Partnership
Hawthorn, LP
Heritage Square Ventures, LLC
His Majesty the King, in Right of
    Canada, as represented by the
    Minister of Public Works and
    Government Services
Ivanhoe Cambridge II Inc and Tre 2
    Non-US - Bigfoot Corp
Ivanhoe Cambridge, Inc.
Jefferson Pointe Center SPE, LLC
JG Winston-Salem, LLC
Jonathan S. Shafmaster
JY Destination LP (original LL - Ohio
    Factory Shops Partnership)
Kenworth Sales Company
Kingsway Garden Holdings Inc.
Kirkwood Mall Acquisition LLC
KLP Properties, Inc.
KP IV Navy, LLC
KRG San Antonio Huebner Oaks LLC
KS Bayshore Inc. by its agent and
    manager Cushman & Wakefield
    Asset Services ULC
Lake Buena Vista Joint Venture, LLC
Laurel Park Retail Properties LLC
LC Outlets, CMBS LLC

Lee Outlets LLC
Lighthouse Place Premium Outlets,
    LLC
Lindale Mall Realty Holding LLC
Macerich Niagara LLC
Madison, West Towne, LLC
Main Place TRP, LLC
Mall at Concord Mills LP (Simon)
Mall at Summit, LLC
Market Mall Leaseholds Inc
Market Street Retail North, LLC
Mayfair Mall, LLC
Meadowood Mall SPE, LLC
Mercedes Premium Outlets, L.P.
Mic Mac Mall Limited Partnership
Midtown Plaza Inc.
Milpitas Mills Limited Partnership
MOAC Mall Holdings, LLC
Montgomery Mall Realty Holding LLC
Ned Altoona LLC
NewMarket Square, LTD
Northway Mall Properties Sub, LLC
Northwest Capital Investment Group,
    LLC
Northwestern Simon Inc
Oak Park Mall LLC
Oakwood Hills Mall, LLC
Omaha Outlets SPE, LLC
O'Neill Logistics Transportation LLC
Ontrea, Inc., by its Duly Authorized
    Agent, The Cadillac Fairview
    Corporation Limited
Oshawa Centre Portfolio Inc., by its
    manager Primaris Management Inc.
Outlet Village of Hagerstown L.P.
    (Simon)
Outlets at San Clemente, LLC
Outlets at Traverse Mountain, LLC
Oxford Properties Retail Holdings II
    Inc. and CPPIB Upper Canada Mall
    Inc.
Park Meadows Mall, LLC
Park Royal Shopping Centre Holdings
    Ltd.
Pensionfund Realty Limited
Peoria New Mall, LLC

Philadelphia Premium Outlets
Pinnacle Hills, LLC
Pinnacle North III LLC
Place D'Orleans Holdings Inc
Pleasant Prairie Premium Outlets, LLC
PR 907 Market LP
Premium Outlet Partners, L.P.
Promenade Shops 10220472 LLC
Pyramid Walden Company, LP
QR Rushmore LLC
Quality Centers Bend, Oregon, Ltd.
Queenstown Outlets Limited
    Partnership
Quinte Mall Holdings Inc.
Ridgedale Center LLC
Rimrock Mall Realty Holding
RioCan Management Inc. as agent for
    RioCan Holdings (TJV) Inc. and
    1633272 Alberta ULC
RioCan Management, Inc., agent for
    RioCan Holdings (TJV) Inc. and
    1633272 Alberta ULC (Tanger)
Rockaway Center Associates
Roseville Shoppingtown LLC
Round Rock Premium Outlets, L.P.
Saint Louis Galleria, LLC
Schwinge Village Plaza, LLC
Settlers' R1, Inc
Silver Sands Joint Venture Points
Simon Property Group L.P.
Simon/PREIT Gloucester Development,
    LLC
South Hills Village Associates LP
Southern Hills Realty Holding LLC
SPG Finance II, LLC (Simon)
SRE Ontario, LLC
St. Louis Premium Outlets, LLC
Star-West Franklin Park Mall LLC
Sugarloaf Mills Limited Partnership
Tacoma Mall Partnership
Tanger Management, LLC
Tanger Properties Limited Partnership
Tanger Properties, LP
Taubman Auburn Hills Associates, L.P.
TFP Limited
The Cadillac Fairview Corporation

The Mall in Columbia LLC
The Outlet Collection (Niagara)
    Limited
The outlet collection LLC
TM Partridge Creek Mall, L.P.
Town Square Ventures, LP
Tulare III, LLC
TWC-Chandler, L.L.C.
Twelve Oaks Mall LP
Twin Cities Outlets Eagan LLC
U.S. Bank National Association
Ultra Outlets of Minnesota, LLC
University Markham Holdings LLC
University Village Limited Partnership
URG Olympic Building LLC
Valley View Mall SPE, LLC
Viking Rideau Corp.
Viwas Springs Village Outlet Center
Vohr Associates, LLC
Waterloo Premium Outlets, LLC
WEA South Center LLC
West Acres Development LLP
West Edmonton Mall Property Inc.
West Town Mall LLC
West Valley Owner LLC
Westgate Mall Realty, LLC
Westland Garden State Plaza Limited
WHACK LLC
Williamsburg Outlets, LLC
Wisconsin Dells Outlet Fee, LLC
W-LD Legends Owner VII, LLC (Since
    2020)
Woodfield Mall LLC
YTC Mall Owner LLC
ZFS Holding 2005, LLC

**Customers**
Amazon.com, Inc.
Belk, Inc.
Costco Wholesale Corporation
J.C. Penney Company, Inc.
Kohl's Corporation
TJX Companies, Inc.
Winners Merchant International L.P.

**Top 30 Unsecured Creditors**
Accutech Packaging Inc
Bosideng International Fashion Ltd
Charmant USA Inc
Dogree Fashions (USA) Inc
Dongxia Industrial Lanka Pvt Ltd
Eastman Exp Glo Clo Pvt Ltd
Forter Inc
GXO Logistics Supply Chain, Inc
Hadley Development, LLC
Hansae Co., Ltd
Infinity Global Inc
Martex Sourcing LLC
Meta Platforms Inc
Mtl Sourcing Dmcc
Ningbo Mengdi Imp. & Exp. Co
Noi Solutions LLC
Primary Color Systems
Ross Glove Co
Shanghai Dongxia Industry &
    Commerce Co Ltd
South Asia Knitting Factory Limited
SPARC Group Holdings LLC
Star Garments Group (Pvt) Ltd
TMone LLC Dba MCI BPO LC
United Parcel Service Inc.
Viet Thai Garment Export JSC
Vietsun
Washington Shoe Company
Yee Tung Garment - Direct

**Creditor Professionals**
M3 Partners, LP
Otterbourg P.C.
Ropes & Gray LLP

**Vendors**
24 Seven LLC
Accutech Packaging Inc
Amazon Web Services Inc
American Forests
Atlantic Corporation of Wilmington Inc
Bosideng International Fashion Ltd
Canada Border Services Agency
CBRE INC
CBSA Duty Taxes Fees

Champlain Place (Moncton) Limited
    Partnership
Connexity Inc
D'Andrea Visual Communication LLC
Dogree Fashions (USA) Inc
Dongxia Industrial Lanka Pvt Ltd
Eastman Exp Glo Clo Pvt Ltd
Forter Inc
Helloworld Inc
Insight Global Inc
Koex LLC
Lennox National Account Services LLC
Martex Sourcing LLC
Meta Platforms Inc
MTL Sourcing DMCC
Ningbo Mengdi Imp. & Exp. Co
Nu Technology Inc
Outlets at Traverse Mountain, LLC
Pinterest Inc.
Primary Color Systems
Rand Whitney Container LLC
Raven Hill Color LLC
Rimini Street Inc.
Ross Glove Co
RTB House, Inc.
Shanghai Dongxia Industry &
    Commerce Co Ltd
South Asia Knitting Factory Limited
Stamps.com Inc
Star Garments Group (Pvt) Ltd
Taylor Visual Impressions
TMone LLC dba MCI BPO LC
Todd Ichida dba DS Retail LLC
US Customs Service
Viet Thai Garment Export Jsc
Vietsun
Washington Shoe Company
Yee Tung Garment - Direct

**Shippers & DCs**
Apex Logistics Intl NY Inc
Bellair Expediting Services Inc.
Brinks Inc
C.H. Robinson Company, Inc.
City Logistics and Transport Inc
CMA CGM America LLC

CRSA Global Logistics Inc
Delivery Express Inc
Deutsche Post AG
DSV Air & Sea Inc
Dynamic Worldwide Logistics, Inc.
East Coast West Coast Logistics LLC
Expolanka USA LLC
Federal Express Corporation
Geodis Logistics LLC
GXO Logistics Supply Chain, Inc
Hmm Company Ltd
JSL Logistics Inc
Landmark Global Inc
Lexington Logistics LLC
Maersk Agency USA Inc
Maersk Customs Services USA Inc
Maersk Logistics & Services Canada
    Inc
Maersk Warehousing and Distribution
    Services USA LLC
MOL Consolidation Service Limited
MOL Logistics (USA) Inc.
MOL Worldwide Logistics Limited
MSC Mediterranean Shipping Co
    (USA) Inc
O'Neill Logistics Transportation LLC
Pilot Air Freight, LLC
Salson Logistics Inc
STG Port Services, LLC
Strategiq Commerce LLC
T Force Freight Canada Inc.
Trinity Ocean Logistics, Inc.
United Parcel Service Inc.
UPS Supply Chain Solutions Inc
Valor Victoria Ltd
Vantiva Supply Chain Solutions Inc dba
    Vantiva Global Logistics LLC
Veltri Logistics LLC

**Utilities**
4698 Clay Terrace Partners LLC
AB360 Industries LLC
Adirondack Northway, LLC
AEP Energy Inc.
Alabama Power Company
Albertville Premium Outlets

Ameream LLC
Ameren Illinois Company
Arizona Public Service Company
AT&T Global Services Canada Co.
AT&T Mobility LLC
AT&T Services Inc.
Atmos Energy Corporation
Avista Corporation
AW Billing Service LLC
Baldwin County Electric Membership
    Corporation
Baltimore Gas and Electric Company
Bellevue Square LLC
Black Hills Corporation (operating
    subsidiaries vary by state)
Bluebonnet Electric Cooperative Inc.
Boise Towne Square
BR Village Center Associates LLC
Brask Enterprises LLC
Briarwood LLC
Bridgewater Pacific LLC dba
    Bridgewater Commons Mall II, LLC
Bristol Tennessee Essential Services
    (City of Bristol, TN)
British Columbia Hydro and Power
    Authority
Cafaro Management Company
Capital Mall Land LLC
Carroll Electric Cooperative
    Corporation
Cascade Natural Gas Corporation
Cass County Electric Cooperative Inc.
Cellco Partnership d/b/a Verizon
    Wireless
CenterPoint Energy Minnegasco (a
    division of CenterPoint Energy
    Resources Corp.)
CenterPoint Energy Resources Corp.
Central Maine Power Company
Central Walk Mayfair Shopping Centre,
    Inc.
Central Walk Tsawwassen Mills Inc
Central Walk Woodgrove Shopping
    Centre Inc
Charter Communications LLC

Chattanooga Gas Company (a division
of Southern Company Gas)
Chelsea Financing Prtnrshp Inc
Chugach Electric Association Inc.
Citrus Park Mall Owner, LLC
City and County of Denver Board of
Water Commissioners
City of Ames Municipal Electric
System
City of Ann Arbor Water Utilities
City of Asheville Public Utilities
Department
City of Aurora, OH Water & Sewer
Department
City of Austin d/b/a Austin Energy /
Austin Water
City of Bristol Tennessee (Bristol
Tennessee Essential Services /
Bristol Tennessee Water)
City of Centralia, WA Public Works /
Centralia City Light
City of Chattanooga Department of
Public Works
City of Colorado Springs Utilities
City of Englewood, CO Utilities
City of Fargo Water Utility
City of Kennewick Water & Sewer
Utility
City of Loveland, CO Water and Power
City of Lynnwood Public Works
City of Madison, WI Municipal
Services
City of Mishawaka Utilities
City of Naperville Electric Utility
City of Oshkosh Water Utility
City of Rochester Hills, MI Water &
Sewer Department
City of Roseville, CA Electric Utility /
Environmental Utilities
City of Saskatoon Utilities
City of Seattle acting through Seattle
City Light
City of St. George Energy Services
Department

City of Tacoma Department of Public
Utilities (Tacoma Power / Tacoma
Water)
City of Wichita Public Works &
Utilities
City Public Service of San Antonio
Cogeco Connexion Inc.
Colorado Mills LP
Columbia Gas of Ohio Inc.
Columbia Mall LLC
Comcast Cable Communications LLC
Concord Mills Ltd
Consumers Energy Company
CORE Electric Cooperative
Corporate Services Consultants LLC
CP Commercial Delaware LLC
CPG Mercedes LP
CPG Partners, L.P.
CPG Round Rock LP
Danbury Fair Mall LLC
Dead River Company
Delmarva Power & Light Company
Direct Energy Services LLC
DTE Electric Company / DTE Gas
Company
Duke Energy Carolinas LLC / Duke
Energy Progress LLC
Electric Power Board of Chattanooga
Elexicon Energy Inc.
Enbridge Gas Inc.
Enbridge Gas Ohio (formerly Dominion
Energy Ohio)
Energy Edge Consulting, LLC
Energy Harbor LLC
Engie Insight Services Inc
Erie City Water Authority
Evergy Kansas Central Inc.
Eversource Energy
FirstDigital Telecom LLC
Flatiron Property Holding LLC
Florida Power & Light Company
FortisBC Energy Inc.
Fox River Mall
G&I XI Fig Garden Village Propco LP
Gas South LLC
Georgia Power Company

GGPLP Prime LLC
GKT Village at Topanga LLC
Gloucester Premium Outlets LLC
Granite Telecommunications, LLC
Green Mountain Power Corporation
Grove City Factory Shops Limited
    Partnership, a Delaware limited
    partnership
GTT Americas LLC
Gulf Power Company (now part of
    Florida Power & Light Company)
Halton Hills Shopping Ctr Ptnsp
HGIT Briargate LLC
Horizon Group Properties, LP
Hydro One Networks Inc.
Hydro Ottawa Limited
Idaho Power Company
Indiana Michigan Power Company
Indianapolis Power & Light Company
    (now AES Indiana)
InnPower Corporation
Intermountain Gas Company
Jackson Electric Membership
    Corporation
Jersey Central Power & Light Company
Jersey Shore Premium Outlets
Johnson County Wastewater (County of
    Johnson, KS)
Kansas Gas Service (a division of ONE
    Gas Inc.)
King of Prussia Associates
Kingsway Garden Holdings Inc.
Knoxville Utilities Board
Lake County Department of Public
    Works
Lehi City Corporation
Level 3 Communications LLC
Liberty Utilities (Empire District) LLC
Liberty Utilities (Granite State Electric)
    Corp.
Lighthouse Place Premium Outlets,
    LLC
Lorain-Medina Rural Electric
    Cooperative Inc.
Louisville Gas and Electric Company
LS Howell LLC

Macerich SCG Limited Partnership dba
    Machrich Niagara LLC
Madison Gas and Electric Company
Market Street Retail South LLC
Mic Mac Mall Limited Partnership
MidAmerican Energy Company
Montana-Dakota Utilities Co.
Montgomery Township Municipal
    Sewer Authority
Murray City Corporation
National Fuel Gas Distribution
    Corporation
National Grid USA Service Company
    Inc. (operating subsidiaries vary)
New Brunswick Power Corporation
New Hampshire Electric Cooperative
    Inc.
New Jersey Natural Gas Company
New Mexico Gas Company Inc.
New York State Electric & Gas
    Corporation
Newmarket-Tay Power Distribution
    Ltd.
Niagara-on-the-Lake Hydro Inc.
Nicor Gas Company
NISC UBP LLC dba CCS - Capturis
    LLC
NiTel Inc.
North Georgia Premium Outlets
North Wales Water Authority
Northern Indiana Public Service
    Company LLC
Northern States Power Company /
    Public Service Company of Colorado
Northway Mall Properties
Northwest Asset Mgmt Co
Northwest Fiber LLC
Northwest Natural Gas Company
NorthWestern Corporation d/b/a
    NorthWestern Energy
Ohio Edison Company
Oklahoma Natural Gas Company (a
    division of ONE Gas Inc.)
Old Orchard Urban Limited Partnership
Omaha Public Power District
Oshawa PUC Networks Inc.

OUTLET COLLECTION NIAGARA LTD
Pacific Gas and Electric Company
PacifiCorp
Palmetto Electric Cooperative Inc.
Papillion Sanitation (Waste Connections of Nebraska Inc.)
Park Royal Shopping Centre Holdings Ltd.
Peabody Municipal Light Plant (City of Peabody, MA)
PECO Energy Company
Penn Power Company
Penn Ross Joint Venture
Penn Square Mall LLC
Pennsylvania Electric Company
Peoples Natural Gas Company LLC (National Grid previously owned)
Petaluma Village
Philadelphia Premium Outlets
Planet Networks Inc.
Portland General Electric Company
PPL Electric Utilities Corporation
PR Gallery I Limited Partnership
Primaris Management Inc
PSEG Long Island LLC (operating on behalf of LIPA)
Public Service Company of New Mexico
Public Service Electric and Gas Company
Public Utility District No. 1 of Benton County
Public Utility District No. 1 of Snohomish County
PUC Services Inc.
Puget Sound Energy Inc.
Pyramid Walden Company, LP
Receiver General of Canada
Reedsburg Utility Commission
Republic Services Inc. (operating subsidiary varies)
RioCan REIT West
Rivertown Crossings Holdings LLC
RMI ITF Cookstown Mall
RMI ITF Tanger Outlets Ottawa

RMOP I, LLC (SRE Mustang)
RMOP I,LLC (SRE Ontario, LLC)
RMOP II,LLC (SRE Hawkeye)
Roats Water System Inc.
Rogers Communications Inc.
RPAI Southwest Mgmt LLC
RPI Fig Garden GP LLC
RPT Aspen Place, LP
Sacramento Municipal Utility District
Salish Networks Inc.
San Diego Gas & Electric Company
Savage Property Investments Inc
Sawnee Electric Membership Corporation
Seth Fogarty dba Fogarty & Company
Sevier County Electric System
Sevier County Utility District
Shelby Energy Cooperative Inc.
Silver Sands GL I LLC
Silverado Properties LP
Sky Partners I, LP
SmartestEnergy US LLC
Somerset Collection Ltd Ptr
South Carolina Public Service Authority
South Plains LP dba Macerich South Plains LP
South Walton Utility Company Inc.
Southcenter Owner LLC
Southcentre Mall Ltd
Southdale Center LLC
Southern California Edison Company
Southern California Gas Company
Southgate Mall Montana II LLC
Spire Missouri Inc. / Spire Alabama Inc. (location dependent)
Spokane County Environmental Services
St Augustine Premium Outlets
St Louis Galleria LLC
Star West Franklin Park Mall
Steele-Waseca Cooperative Electric
Suburban Propane LP
Surrey South Shop Ctr Ltd
T Westbrook Center LLC
Tampa Electric Company

Tanger Branson LLC
Tanger Outlets Deer Park LLC
Tanger Properties LLP
Tanger Properties Ltd
Tanger Properties, LP
Tanger San Marc LLC
Tanner Electric Cooperative
Taubman Auburn Hills Associates, L.P.
TELUS Communications Inc.
Tennessee American Water Company
The Berkshire Gas Company
The Board of Public Utilities of Kansas
    City, Kansas
The Brooklyn Union Gas Company /
    Niagara Mohawk Power Corporation
The Connecticut Water Company
The Dayton Power and Light Company
The Potomac Edison Company
TIP Rural Electric Cooperative
TKC Nags Head Holdings LLC
TM Partridge Creek Mall, L.P.
T-Mobile USA Inc.
Toronto Hydro-Electric System Limited
Town of Burlington, MA Water &
    Sewer Department
Town of Edinburgh, IN Utilities
Town of Niagara Water & Sewer
    Department
Town of Smithfield, NC Public Utilities
TRP Group LP
TVO Mall Owner LLC
Twenty Ninth St
TXU Energy Retail Company LLC
U Village Imp Ltd Ptnshp
UGI Utilities Inc.
Union Electric Company d/b/a Ameren
    Missouri
Unitil Corporation (Northern Utilities
    Inc.)
UNS Gas Inc.
Utility Billing Solutions LLC
Valley View Mall SPE, LLC
Vera Water and Power
Verizon Communications Inc.
    (operating subsidiaries vary)
Viking Rideau Corp.

Village of Birch Run Water & Sewer
Village of Lombard Public Works
Village of Morton Grove Water &
    Sewer
Village of Schaumburg Public Works
Virginia Electric and Power Company
Virginia Natural Gas Inc.
VORH Assoc LLC
Washington Gas Light Company
Waste Connections of Canada Inc.
Waste Connections of Kansas Inc.
Waste Harmonics LLC
Wasteless Solutions LLC
Water District No. 1 of Johnson County
We Energies (Wisconsin Electric Power
    Company / Wisconsin Gas LLC)
West Branch Realty LLC
Westland Garden State Plaza Limited
Williamsburg Marketplace LLC
Williamsburg Outlets, LLC
Wisconsin Power and Light Company
Wisconsin Public Service Corporation
Woodinville Water District
Wrentham Village Premium Outlet
Wright-Hennepin Cooperative Electric
    Association
WS Asset Management Inc
Wyse Meter Solutions Inc.

**Taxing Authorities**
Alabama Dept of Revenue, Sales & Use
    Tax Division
Alaska Remote Seller Sales Tax
    Commission
Allen County IN
Anchorage Municipality AK
Anne Arundel County MD
Arizona Department of Revenue
Augusta Town ME
B.I.D.M. PA
Baldwin County AL
Benton County AR
Bernalillo County NM
Bexar County TX
Boone County MO
Buncombe County NC

Burlington Town MA
Cabarrus County NC
California Depart of Tax and Fee
Admin (CDTFA)
California Franchise Tax Board
Camden County Tax Collector MO
Canada NR4 Program Jonquiere Tax
Centre
Canada Revenue Agency Tax Centre
Canada Sudbury Tax Centre
Castle Rock CO
Ccob Finance Department, C/O
Accounting Division Co
Centerra Public Improvement Coll.
Corp., Public Improvement Fee
Administration, C/O City of
Loveland Sales Tax Admin. Co
Cherokee County GA
City & County of Broomfield CO
City and County of Denver, Dept of
Finance Treasury Div Co
City Clerk ID
City Clerk, City of Gretna NE
City of Auburn WA
City of Aurora, Tax & Licensing
Division CO
City of Bellevue WA
City of Boulder Sales Tax Division CO
City of Boulder Tax & License
Division, Attn: Sales Tax CO
City of Centennial CO
City of Centennial Remittance Center
CO
City of Colorado Springs CO
City of Donnelly ID
City of Durando CO
City of Foley AL
City of Fort Collins, Dept of
Finance/Sales Tax Div CO
City of Glendale, Tax Administration
CO
City of Glenwood Springs CO
City of Golden CO
City of Grand Junction CO
City of Greeley CO
City of Gunnison CO

City of Ketchum ID
City of Lafayette CO
City of Lakewood Revenue Div CO
City of Lava Hot Springs, City Clerk ID
City of Littleton CO
City of Lone Tree CO
City of Longmont CO
City of Loveland, CO Sales Tax
Division CO
City of Montrose CO
City of North Bend WA
City of Olympia WA
City of Stanley ID
City of Steamboat Springs CO
City of Sun Valley, City Clerk ID
City of Tacoma WA
City of Victor, ID
City of Westminster CO
Clackamas County Tax Collector OR
Clatsop County Tax Collector OR
Coconino County AZ
Collin County Tax Assessor-Collector
TX
Colorado Dept of Revenue
Comptroller of Maryland - SUT,
Revenue Administration Div
Comptroller of Public Accounts TX
Danbury City CT
Dare County GA
Dawson County GA
Delaware Div of Revenue
Department of Finance &
Administration AR
Department of Revenue Services
Deschutes County OR
Elk Valley Public Improvement Corp.,
Colorado Mills Public Improvement
Fee CO
Fairfax County VA
Fayette County KY
Florida Department of Revenue
Forsyth County Tax Collector NC
Fort Collins CO
Fresno County CA
Georgia Dept of Revenue, Sales and
Use Tax

Gwinnett County GA
Hamilton County IN
Hawaii Department of Taxation
Hays County Tax Assessor-Collector
    TX
Hidalgo County TX
Idaho State Tax Commission
Illinois Dept of Revenue, Retailers
    Occupation Tax
Indiana Dept of Revenue
Internal Revenue Service
James City County VA
Jefferson County Dept of Revenue
Johnston County Tax Collector NC
Kansas Dept of Revenue - Tax
    Operations
Kentucky Dept of Revenue, Sales and
    Use Tax Div
Kittery Town VT
Lakewood CO
Ledyard Town CT
Lincoln County Tax Collector OR
Lone Tree CO
Los Angeles County CA
Louisiana Dept of Revenue
Lynnfield Town MA
Maine Revenue Services
Manitoba Finance - Taxation Division
    MB
Marin County CA
Marion County OR
Mass Dept of Revenue
Mecklenburg County NC
Michigan Dept of Treasury
Minnesota Revenue
Missouri Dept of Revenue
Multnomah County Tax Collector OR
Nags Head City Tax Collector NC
Nebraska Dept of Revenue
New Mexico Taxation and Revenue
    Dept
New York State Processing Center
NJ Div of Taxation
North Carolina Dept of Revenue
Office of State Tax Commissioner ND
Ohio Dept of Taxation

Oklahoma County OK
Oklahoma Tax Commission
Orange County CA
Placer County CA
Premier Resort Tax Processing,
    Wisconsin Department of Revenue
Pulaski County AR
Queenstown Town MD
RDS - Sales Tax Division AL
Rhode Island Business Services
    Division
Rochester Hills City Treasurer
    (Oakland) MI
Sacramento County CA
Saint Louis County MO
Sales/Use Tax Processing, Iowa Dept of
    Revenue
Salt Lake County (Assessor) UT
San Diego County CA
Santa Clara County CA
Santa Fe County NM
Saskatchewan Finance Rev Div SK
SC Dept of Revenue
Shasta County CA
Shelby County KY
Solano County Treasury CA
Sonoma County CA
South Portland City ME
South Windsor Town CT
St Johns County FL
State of Connecticut
State of Delaware
State of Florida
State of Missouri
State of Nevada - Sales/Use
State of Ohio
Taney County MO
Tennessee Dept of Revenue, Andrew
    Jackson State Office Bldg
The Director, Provincial Sales Tax BC
The Office of Revenue and Taxation
    CT
Thurston County WA
Town of Frisco CO
Town of Parker Sales Tax Admin CO
Town of Silverthorne CO

Troy City Treasurer (Oakland) MI
Tulare County CA
Utah State Tax Commission
Vermont Department of Taxes
Virginia Department of Taxation
Walton County FL
Washington County MD
Washington State Dept of Revenue
Westbrook Town CT
Wisconsin Dept of Revenue WI
Wrentham Town MA
Wyoming Dept of Revenue

**U.S. Trustee's Office**
Adela Alfaro
Andrew R. Vara
Angeliza Ortiz-Ng
Daniel C. Kropiewnicki
David Gerardi
Fran B. Steele
Francyne D. Arendas
Ivy Cones
James Stives
Jeffrey Sponder
Kirsten K. Ardelean
Lauren Bielskie
Martha Hildebrandt
Michael Artis
Rachel Wolf
Robert J. Schneider, Jr.
Samantha Lieb
Savanna Cruz
Tia Green
Tina L. Oppelt
William J. Ziemer

**Judge**
Andrew B. Altenburg, Jr.
Anthony Sodono
Bruce Jackson
Catherine McAuley
Charlene Richardson
Chris Fowler
Christine M. Gravelle
Darlene Fitzgerald
Diane Chrzanowski
Diane Lipcsey
Grace LaBruno
Heather Renye
Jerrold N. Poslusny, Jr.
John K. Sherwood
Juan Filgueiras
Kathleen Ryan
Kiya Martin
Linda Brakel
Lucy Veloz-Jimenez
Margie McGettigan
Maria Figueria
Mark E. Hall
Michael B. Kaplan
Michael Brown
Michael Gilmore
Michelle Fogleman
Ntorian Pappas
Ohanna Fernandes
Rachel Stillwell
Robert Heim
Stacey L. Meisel
Thomas C. Walsh
Vincent F. Papalia
Wendy Quiles
Zelda Haywood

## SCHEDULE 2

**List of parties in interest, or affiliates thereof, that currently or formerly engage(d) BRG, sorted by their relationship to the Debtors, that are unrelated to these Chapter 11 Cases[1]**

**Debtors**
SPARC EB Holdings LLC*

**Current and Former Affiliates**
Brookfield Corporation
F21 Giftco Management, LLC*
F21 OpCo, LLC*
F21 Puerto Rico, LLC*
Lucky Opco LLC
Penney OpCo LLC
Simon Property Group L.P.*
Simon Property Group, Inc.*
SPARC EB Holdings LLC*
SPARC Far East Limited*
SPARC GC Mgmt LLC*
SPARC Group BB Holdings LLC*
SPARC Group Cares, Inc.*
SPARC Group Holdings II LLC*
SPARC Group Holdings LLC*
SPARC Group LLC*
SPARC Management Holdings, LLC*
SPARC Mercury Far East Pte., Ltd.*
SPARC Mercury Holdings LLC*
SPARC Mercury Vietnam Limited
    Liability Company*
SPARC Puerto Rico LLC*

**>5% Equity Holders**
SPARC Group Holdings LLC*

**Debtor Professionals**
Choate, Hall & Stewart LLP*
Cole Schotz P.C.*
Hilco Merchant Resources, LLC*

**Banks**
Bank of America, N.A.
JP Morgan Chase Bank, N.A.
PNC Bank, National Association
US Bank
Wells Fargo Bank, National Association

**Lenders & Secured Creditors**
Bank of America, N.A.
Capital One National Association
Fifth Third Bank, National Association
HSBC Bank USA National Association
JP Morgan Chase Bank, N.A.
PNC Bank, National Association
Regions Bank*
Siemens Financial Services Inc.
TD Bank, N.A.
Wells Fargo Bank, National Association

**Admin Agents & Independent Trustees**
Wells Fargo Bank, National Association

**Surety & Letters of Credit**
Fidelity and Deposit Company of
    Maryland*
Liberty Mutual Insurance Company
Zurich Insurance Company Ltd

**Ordinary Course Professionals**
Fox Rothschild LLP
Kroll, LLC
Marsh Canada Limited*
Marsh USA, Inc.*
Norton Rose Fulbright Canada LLP
Proskauer Rose LLP

---

[1] Potential Parties in Interest that are marked with an asterisk are related to closed matters.

RSM Canada LLP*
Ryan LLC

**Insurance**
AIG Insurance Company of Canada
AIU Insurance Company*
Allied World Assurance Company,
    LTD*
American Insurance Group, Inc.
Arch Insurance Company*
AXA XL*
Berkley Insurance Company
Berkshire Hathaway Specialty
    Insurance Company
Chubb Limited
CNA Commercial Insurance
Crum & Forster Specialty Insurance
    Company*
Endurance American Specialty
    Insurance Company*
Endurance Specialty Insurance, Ltd.*
Federal Insurance Company
Fireman's Fund Insurance Company
Hiscox Syndicate HIS 0033*
Indian Harbor Insurance Company*
Lloyd's Syndicate BRT (2987)
Lloyd's of London
Marsh USA, LLC*
Midvale Indemnity Company*
Mitsui Sumitomo Insurance Group
National Union Fire Insurance
    Company of Pittsburgh*
Navigators Insurance Company*
RLI Insurance Company*
Scottsdale Insurance Company*
Starr Indemnity & Liability Company
Steadfast Insurance Company
The Hartford Insurance Group, Inc.
Tokio Marine HCC
United Specialty Insurance Company*
US Specialty Insurance Company*
XL Bermuda Limited*
XL Specialty Insurance Company
Zurich American Insurance Company

**Employee Benefit Providers**

Aetna Inc.
Allstate Insurance Company
Anthem Insurance Companies, Inc.
CVS Virtual Care
Express Scripts Holding Company
Kaiser Foundation Health Plan, Inc.
Metropolitan Life Insurance Company*

**Litigation**
State of California, Department of
    Industrial Relations*

**Contract Counter Parties**
Adobe Inc.*
AT&T Corp.
Attentive Mobile Inc.*
Blackberry Limited*
BlueAcorn PPP, LLC
BMC Software, Inc.
Canon U.S.A., Inc.*
Catchpoint Systems, Inc.
CDI Corporation*
First Data Corporation*
Google LLC
HCL Technologies Limited*
Infor (US), LLC*
Insight North America, Inc.
International Business Machines
    Corporation
Manhattan Associates, Inc.*
Microsoft Corporation
New Era Technology Inc.
Oracle America Inc.
Park Place Technologies LLC
Progress Software Corporation
Proofpoint Inc.
Salesforce Inc.
SAP America Inc.
SHI International Corp.
Vertex Inc.
VMware Inc.*

**Landlords**
His Majesty the King, in Right of
    Canada, as represented by the

2

Minister of Public Works and
Government Services*
JG Winston-Salem, LLC*
Kirkwood Mall Acquisition LLC*
KS Bayshore Inc. by its agent and
manager Cushman & Wakefield
Asset Services ULC
Laurel Park Retail Properties LLC*
Macerich Niagara LLC*
Madison, West Towne, LLC*
MOAC Mall Holdings, LLC*
Simon Property Group L.P.*
U.S. Bank National Association
Valley View Mall SPE, LLC*

**Customers**
Amazon.com, Inc.
Costco Wholesale Corporation*
Kohl's Corporation

**Top 30 Unsecured Creditors**
Meta Platforms Inc
SPARC Group Holdings LLC*
United Parcel Service Inc.

**Creditor Professionals**
Ropes & Gray LLP*

**Vendors**
Amazon Web Services Inc
CBRE INC
Insight Global Inc
Meta Platforms Inc
Pinterest Inc.
Rimini Street Inc.
US Customs Service*

**Shippers & DCs**
Brinks Inc
C.H. Robinson Company, Inc.*
Federal Express Corporation
Maersk Agency USA Inc
Maersk Customs Services USA Inc
Maersk Logistics & Services Canada
Inc

Maersk Warehousing and Distribution
Services USA LLC
United Parcel Service Inc.
UPS Supply Chain Solutions Inc

**Utilities**
Ameren Illinois Company*
AT&T Global Services Canada Co.
AT&T Mobility LLC
AT&T Services Inc.
Atmos Energy Corporation*
Avista Corporation*
Briarwood LLC*
Cellco Partnership d/b/a Verizon
Wireless
Charter Communications LLC
Comcast Cable Communications LLC
Consumers Energy Company*
DTE Electric Company / DTE Gas
Company*
Duke Energy Carolinas LLC / Duke
Energy Progress LLC
Enbridge Gas Inc.*
Enbridge Gas Ohio (formerly Dominion
Energy Ohio)*
Engie Insight Services Inc*
Eversource Energy*
Georgia Power Company*
Intermountain Gas Company*
Jersey Central Power & Light
Company*
Kansas Gas Service (a division of ONE
Gas Inc.)
Level 3 Communications LLC*
Macerich SCG Limited Partnership dba
Machrich Niagara LLC*
Madison Gas and Electric Company*
National Grid USA Service Company
Inc. (operating subsidiaries vary)*
Nicor Gas Company*
Northern Indiana Public Service
Company LLC
Northern States Power Company /
Public Service Company of
Colorado*

3

Oklahoma Natural Gas Company (a
    division of ONE Gas Inc.)
Pacific Gas and Electric Company*
Peoples Natural Gas Company LLC
    (National Grid previously owned)*
Portland General Electric Company*
PSEG Long Island LLC (operating on
    behalf of LIPA)*
Puget Sound Energy Inc.*
Republic Services Inc. (operating
    subsidiary varies)
Rogers Communications Inc.*
Sacramento Municipal Utility District
San Diego Gas & Electric Company*
South Plains LP dba Macerich South
    Plains LP*
Southern California Edison Company
Southern California Gas Company
Tampa Electric Company*
TELUS Communications Inc.*
The Brooklyn Union Gas Company /
    Niagara Mohawk Power
    Corporation*
T-Mobile USA Inc.*
Union Electric Company d/b/a Ameren
    Missouri*
Valley View Mall SPE, LLC*
Verizon Communications Inc.
    (operating subsidiaries vary)
Washington Gas Light Company*
Wisconsin Power and Light Company

**Taxing Authorities**
Alabama Dept of Revenue, Sales & Use
    Tax Division*

California Franchise Tax Board*
Canada Revenue Agency Tax Centre*
Comptroller of Maryland - SUT,
    Revenue Administration Div*
Delaware Div of Revenue
Georgia Dept of Revenue, Sales and
    Use Tax*
Hawaii Department of Taxation
Illinois Dept of Revenue, Retailers
    Occupation Tax*
Internal Revenue Service*
Kentucky Dept of Revenue, Sales and
    Use Tax Div*
Los Angeles County CA*
Maine Revenue Services
Mass Dept of Revenue
Michigan Dept of Treasury
Missouri Dept of Revenue
New Mexico Taxation and Revenue
    Dept
North Carolina Dept of Revenue
Ohio Dept of Taxation
SC Dept of Revenue
Sonoma County CA*
State of Connecticut
State of Delaware
State of Missouri
State of Ohio
Tennessee Dept of Revenue, Andrew
    Jackson State Office Bldg
Utah State Tax Commission*
Vermont Department of Taxes
Virginia Department of Taxation*
Washington State Dept of Revenue*
Wisconsin Dept of Revenue WI