| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C. (admitted *pro hac vice*)<br>Matthew C. Fagen, P.C. (admitted *pro hac vice*)<br>Oliver Paré (admitted *pro hac vice*)<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:     (212) 446-4800<br>Facsimile:      (212) 446-4900<br>joshua.sussberg@kirkland.com<br>matthew.fagen@kirkland.com<br>oliver.pare@kirkland.com<br><br>-and-<br><br>**COLE SCHOTZ P.C.**<br>Michael D. Sirota, Esq.<br>Warren A. Usatine, Esq.<br>Felice R. Yudkin, Esq.<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>Telephone:     (201) 489-3000<br>msirota@coleschotz.com<br>wusatine@coleschotz.com<br>fyudkin@coleschotz.com<br><br>*Proposed Co-Counsel to the Debtors and*<br>*the Debtors in Possession* | **Order Filed on March 10, 2026**<br>**by Clerk,**<br>**U.S. Bankruptcy Court**<br>**District of New Jersey** |
| In re:<br><br>EDDIE BAUER LLC, *et al.*,<br><br>        Debtors.[1] | Chapter 11<br><br>Case No. 26-11422 (SLM)<br><br>(Jointly Administered) |

---

[1]   The last four digits of Debtor Eddie Bauer LLC's tax identification number are 6060. A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/EddieBauer. The location of Debtor Eddie Bauer LLC's principal place of business is 10401 Northeast 8th Street, Suite 500, Bellevue, WA 98004; the Debtors' service address in these chapter 11 cases is 6501 Legacy Drive, Suite B100, Plano, TX 75024.

**STIPULATION AND AGREED**
**ORDER BETWEEN THE DEBTORS AND GXO**

The relief set forth on the following pages, numbered three (3) through ten (10), is hereby **ORDERED.**

**DATED: March 10, 2026**

*Stacey L. Meisel*
Honorable Stacey L. Meisel
United States Bankruptcy Judge

(Page | 3)

| | |
|---|---|
| Debtors: | EDDIE BAUER LLC *et al.* |
| Case No. | 26-11422 (SLM) |
| Caption of Order: | Stipulation and Agreed Order Between the Debtors and GXO |

This stipulation (the "Stipulation") is made by and between the Debtors and GXO Logistics Supply Chain, Inc. ("GXO," and together with the Debtors, the "Parties"), by and through their respective authorized undersigned counsel, who stipulate and agree as follows:

**Recitals**

**WHEREAS**, Eddie Bauer LLC (the "Company") and GXO are party to that certain Logistics Services Agreement dated June 2, 2023 (as amended, restated, supplemented, or otherwise modified from time to time, and together with all exhibits, amendments, and addenda thereto, the "LSA").

**WHEREAS**, on February 9, 2026 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Court," and the Debtors' bankruptcy cases, the "Bankruptcy Cases").

**WHEREAS**, pursuant to the LSA, GXO provides certain Services (as defined in the LSA) related to, among other things, the receipt, warehousing, packaging, and processing of certain Goods (as defined in the LSA), which comprise branded merchandise sold via the Debtors' stores. In exchange for the Services, the Debtors pay GXO a variable monthly charge, which comprises (a) certain Fixed Fees (as defined in the LSA), and (b) certain variable Transaction Fees (as defined in the LSA).

**WHEREAS**, pursuant to paragraph 5 of that certain Amendment No. 1 to LSA, the Company has agreed to indemnify GXO "for any fines, liabilities and claims from any third-party, including United States Customs . . . provided such [claims] did not arise, in whole or in part, from

(Page | 4)
| | |
|---|---|
| Debtors: | EDDIE BAUER LLC *et al*. |
| Case No. | 26-11422 (SLM) |
| Caption of Order: | Stipulation and Order Between the Debtors and GXO |

GXO's provision of services under the Parties' agreements" (such fines, liabilities, and claims, the "U.S. Customs Duties").

**WHEREAS**, GXO asserts, without limitation, a prepetition claim in the amount of at least $8,840,595.95 (the "Asserted GXO Prepetition Claim") comprising (i) at least $5,940,596 on account of fixed and variable charges under the LSA and (ii) at least $2,900,000 on account of additional fees asserted by GXO and labeled as "Fixed Fee Increase" on monthly GXO invoices for April 2025, May 2025, June 2025, July 2025, August 2025, September 2025, October 2025, November 2025, December 2025, and January 2026.

**WHEREAS**, GXO asserts a first priority, perfected warehouseman's lien on the Debtors' Goods in the Warehouse/Distribution Center (as defined in Exhibit B to the LSA) and that its prepetition claims are secured claims up to the value of such Goods pursuant to LSA Section 2.8 and applicable law (such asserted secured claims, the "Asserted Prepetition Secured Claims," and the Asserted GXO Prepetition Claim *less* the Asserted Prepetition Secured Claims, the "Prepetition Unsecured Claims"). GXO has not yet filed a proof of claim for its prepetition claims, and this Stipulation does not limit in any way the claims it may assert in such proof of claim except as expressly set forth herein.

**NOW THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND ORDERED AS FOLLOWS:**

1. The recitals set forth above are hereby made an integral part of the Parties' Stipulation and are incorporated herein by reference.

2. ***Claims and Liens; Payments to GXO.*** The Debtors shall, in full and final satisfaction, discharge, settlement, and release of GXO's Asserted Prepetition Secured Claims up

| | |
|---|---|
| Debtors: | EDDIE BAUER LLC *et al.* |
| Case No. | 26-11422 (SLM) |
| Caption of Order: | Stipulation and Order Between the Debtors and GXO |

to the amount of the Base Claim Settlement Amount (but not its Prepetition Unsecured Claims, including any deficiency claims, which are preserved in their entirety, net of the Base Claim Settlement Amount (as defined herein)), pay to GXO $3.1 million on account of GXO's Asserted Prepetition Secured Claims (the "Base Claim Settlement Amount"). In addition, the Debtors shall pay to GXO $4.9 million for postpetition services (the "Administrative Expense Payment") from the Petition Date through March 31, 2026, on account of GXO's performance under the LSA and this Stipulation (together with the Base Claim Settlement Amount, the "Settlement Amount"). Other than the Administrative Expense Payment, GXO shall not assert an administrative expense claim relating to its postpetition services through March 31, 2026 under Sections 1.4–1.6 of Exhibit A to the LSA or with respect to any "stranded labor," as such term is used in section 14 of Exhibit B to the LSA.

3. The Settlement Amount shall be payable in four installment payments (each, a "Settlement Payment"): (a) a $3.0 million payment on the first business day following the day on which the Parties execute this Stipulation; (b) a $1.0 million payment on the first business day following the date on which Goods with a value equal to 60% of the total aggregate value of the Goods in the Warehouse/Distribution Center as of March 1, 2026 as reflected in GXO's records relating to the Goods (the "Total Aggregate Goods"), have been removed from the Warehouse/Distribution Center; (c) a $2.0 million payment on the first business day following the date on which 80% of the Total Aggregate Goods have been removed from the Warehouse/Distribution Center; and (d) a $2.0 million payment on the first business day following the earlier of (i) the date on which 100% of the Total Aggregate Goods have been removed from the Warehouse/Distribution Center, and (ii) the date on which the Debtors notify GXO (e-mail

(Page | 6)
Debtors: EDDIE BAUER LLC *et al.*
Case No. 26-11422 (SLM)
Caption of Order: Stipulation and Order Between the Debtors and GXO

being sufficient) (such notice, the "<u>Abandonment Notice</u>") that they have determined not to remove additional Goods from the Warehouse/Distribution Center (and, for the avoidance of doubt, in the event any Settlement Payment amounts under clause (a), (b), or (c) above remain unpaid as of such date, such unpaid Settlement Payment amounts shall also be paid), which determination and notice, if any, shall be made reasonably promptly and shall not be unreasonably withheld (it being understood that GXO's obligation to release the Goods from the Warehouse/Distribution Center is subject to the conditions set forth in paragraph 6 below and that de minimis variances in the Parties' calculations of the foregoing percentages will not excuse the obligation to pay any such Settlement Payment). In the event the Debtors determine not to remove any portion of the Goods from the Warehouse/Distribution Center and provide the Abandonment Notice, (1) the Debtors will be deemed to have abandoned such Goods, (2) GXO shall retain its lien on such Goods (such lien, the "<u>Abandoned Goods Lien</u>"), and (3) GXO will be authorized to liquidate such Goods for its own exclusive benefit (and the automatic stay is deemed lifted for such limited purpose). Following the Debtors' payment in full of the Settlement Amount: (x) the Asserted Prepetition Secured Claims shall be fully and indefeasibly satisfied up to the amount of the Base Claim Settlement Amount, and any Claim (as defined in subsection 101(5) of the Bankruptcy Code) that may be asserted by GXO in the Bankruptcy Cases on account of the Parties' transactions and/or conduct prior to the Petition Date shall not be secured by any lien and/or security interest in any property of the Debtors, other than the Abandoned Goods Lien; and (y) GXO shall not for any reason be entitled to assert an administrative claim against the Debtors pursuant to any section of the Bankruptcy Code, including, without limitation, section 503(b) and section 365(d)(3) thereof, (i) on account of GXO's performance under Sections 1.4–1.6 of

(Page | 7)

| | |
|---|---|
| Debtors: | EDDIE BAUER LLC *et al.* |
| Case No. | 26-11422 (SLM) |
| Caption of Order: | Stipulation and Order Between the Debtors and GXO |

Exhibit A to the LSA or this Stipulation for the period from the Petition Date through March 31, 2026, or (ii) with respect to any "stranded labor," as such term is used in section 14 of Exhibit B to the LSA. The Parties anticipate that 100% of the Total Aggregate Goods will be removed from the Warehouse/Distribution Center by March 31, 2026.

4. In the event that less than 100% of the Total Aggregate Goods are removed by March 31, 2026, then, notwithstanding the effective date of rejection of the LSA, GXO reserves the right to assert an administrative claim against the Debtors on account of GXO's performance under Sections 1.4-1.6 of Exhibit A to the LSA solely for the period from and after April 1, 2026, until the earlier of (a) the date upon which 100% of the Total Aggregate Goods have been removed from the Warehouse/Distribution Center, and (b) the date on which GXO receives the Abandonment Notice, in each case unless the delay in removing the Goods from the Warehouse/Distribution Center is caused solely by action or inaction on the part of GXO. Notwithstanding section 365(d)(3) of the Bankruptcy Code or anything herein, any Fixed Fees under Section 1.5 of Exhibit A of the LSA for which GXO asserts an administrative claim pursuant to this paragraph 4 shall be prorated for the period from and after April 1, 2026, until the earlier of (a) and (b) in the preceding sentence.

5. Nothing contained herein shall limit GXO's entitlement to assert an unsecured claim in any amount GXO deems appropriate, net of the Base Claim Settlement Amount.

6. ***GXO Services Through March 31, 2026.*** The Debtors will promptly file, and seek approval from the Court of, this Stipulation in order that this Stipulation will be approved by the Court no later than March 9, 2026, subject to Court availability. Subject to the execution and filing with the Court of this Stipulation, GXO shall perform under the LSA and this Stipulation in good

Case 26-11422-SLM    Doc 264    Filed 03/10/26    Entered 03/10/26 17:06:40    Desc Main
Document    Page 8 of 11

(Page | 8)
| | |
|---|---|
| Debtors: | EDDIE BAUER LLC *et al.* |
| Case No. | 26-11422 (SLM) |
| Caption of Order: | Stipulation and Order Between the Debtors and GXO |

faith as and to the extent necessary to facilitate the Company's Goods in the Warehouse/Distribution Center to be released in full by the close of business on March 31, 2026; *provided*, that in the event the Debtors fail to timely make any Settlement Payment that is required hereunder, GXO may cease performance under the LSA and this Stipulation, and will not be required to release any of the Company's Goods, until such time as the Debtors are fully current on all required Settlement Payments. For the avoidance of doubt, the Debtors shall not be responsible for and shall not be required to pay any amount that GXO may incur under the Worker Adjustment and Retraining Notification Act in connection with the winddown of activity at the Warehouse/Distribution Center or any related job loss.

7. ***Customs Duties.*** The Debtors shall pay all U.S. Customs Duties incurred by GXO as a direct result of removing the Goods from the Warehouse/Distribution Center and shall indemnify and hold GXO harmless for the same, as required by the LSA, as an administrative expense claim.

8. ***Rejection and Termination of the LSA.*** The Debtors shall be entitled to file a motion or notice with the Court to reject the LSA within two weeks after the date on which 100% of the Total Aggregate Goods is expected to have been removed from the Warehouse/Distribution Center. Upon the Court's entry of an order ratifying the Debtors' rejection of the LSA, the LSA shall be deemed terminated pursuant to section 2.3(B)(i) of the LSA, effective as of the date specified in the Court's order approving such rejection; provided that such effective date shall not be before March 31, 2026. GXO shall not be required to provide the Debtors with any transition assistance under section 2.3(D) of the LSA.

Case 26-11422-SLM    Doc 264    Filed 03/10/26    Entered 03/10/26 17:06:40    Desc Main
Document    Page 9 of 11

(Page | 9)
Debtors:           EDDIE BAUER LLC *et al*.
Case No.           26-11422 (SLM)
Caption of Order:  Stipulation and Order Between the Debtors and GXO

9. ***Preservation of Administrative Expense Claim.*** GXO may assert as an administrative expense claim any amounts it deems appropriate, and the Debtors may object to such administrative expense claim, in each case consistent with the limitation set forth in paragraphs 2 through 4 above.

10. ***Reservation of Rights.*** Except as expressly set forth in this Stipulation, nothing contained in this Stipulation or the relief sought herein is intended to be or shall be construed as (a) a waiver by the Debtors or GXO of any claims or causes of action that may exist against any creditor or interest holder, (b) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code, (c) a waiver by the Debtors of their right to object to any proofs of claim or requests for payment made by GXO in the Bankruptcy Cases, (d) an admission as to the existence, nature of, amount of, basis for, or validity of any claim against or liability of a Debtor under the Bankruptcy Code or applicable non-bankruptcy law, (e) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds, (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates except as expressly provided for in this Stipulation, (g) an allowance of administrative expense claims under section 503(b) of the Bankruptcy Code except as expressly provided for in this Stipulation, (h) an assumption or rejection of an executory contract or unexpired lease under section 365 of the Bankruptcy Code except as expressly provided for in this Stipulation, (i) a promise or requirement to pay any claim except as expressly provided for in this Stipulation, (j) a waiver or limitation of the Debtors', or any other party in interest's rights under the Bankruptcy Code or any other applicable law, or (k) relief from the automatic stay of section 362(a) of the Bankruptcy Code to enforce or seek

(Page | 10)

| | |
|---|---|
| Debtors: | EDDIE BAUER LLC *et al*. |
| Case No. | 26-11422 (SLM) |
| Caption of Order: | Stipulation and Order Between the Debtors and GXO |

collection of any claim directly against the Debtors or their estates other than in accordance with the claims allowance provisions of the Bankruptcy Code and any applicable orders of the Court.

11.    ***Automatic Stay.***  Except as expressly set forth in this Stipulation, the automatic stay shall remain in full force and effect in the Bankruptcy Cases, except that GXO may take ownership of and liquidate for its exclusive benefit any Goods or other property the Debtors or their agents and vendors abandon in the Warehouse/Distribution Center or on its premises without further order of the Court.

12.    ***Entire Agreement.***  This Stipulation constitutes the entire agreement between the Parties in respect of the subject matter hereof and shall not be modified, altered, amended, or vacated without written consent of the Parties hereto.

13.    ***Approval by Court.***  In the event that the terms of this Stipulation are not approved by the Court, the Stipulation shall be null and void and shall have no force or effect, and the Parties agree that, in such circumstances, this Stipulation (including statements in the Recitals) shall be of no evidentiary value whatsoever in any proceedings.

14.    ***Miscellaneous.***  This Stipulation may be executed in one or more counterparts and by facsimile or electronic mail, each of which will be deemed an original but all of which together will constitute one instrument.

15.    The Court retains exclusive jurisdiction with respect to all matters arising from or related to this Stipulation and the interpretation, implementation, and enforcement thereof, and the Parties hereby consent to such jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation.

Dated: March 1, 2026

| | |
|---|---|
| /s/ Michael D. Sirota | |
| **COLE SCHOTZ P.C.** | **KIRKLAND & ELLIS LLP** |
| Michael D. Sirota, Esq. | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Warren A. Usatine, Esq. | Joshua A. Sussberg, P.C. (admitted *pro hac vice*) |
| Felice R. Yudkin, Esq. | Matthew C. Fagen, P.C. (admitted *pro hac vice*) |
| Court Plaza North, 25 Main Street | Oliver Paré (admitted *pro hac vice*) |
| Hackensack, New Jersey 07601 | 601 Lexington Avenue |
| Telephone: (201) 489-3000 | New York, New York 10022 |
| msirota@coleschotz.com | Telephone: (212) 446-4800 |
| wusatine@coleschotz.com | Facsimile: (212) 446-4900 |
| fyudkin@coleschotz.com | joshua.sussberg@kirkland.com |
| | matthew.fagen@kirkland.com |
| | oliver.pare@kirkland.com |
| *Proposed Co-Counsel to the Debtors and the Debtors in Possession* | *Proposed Co-Counsel to the Debtors and the Debtors in Possession* |

/s/ Dion W. Hayes
**MCGUIREWOODS LLP**
Dion W. Hayes
Kristin C. Wigness
1251 Avenue of the Americas, 20th Floor
New York, NY 10020
Telephone: (212) 548-2100
dhayes@mcguirewoods.com
kwigness@mcguirewoods.com