**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Matthew C. Fagen, P.C. (admitted *pro hac vice*)
Oliver Paré (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
matthew.fagen@kirkland.com
oliver.pare@kirkland.com

*Co-Counsel to the Debtors and*
*the Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Co-Counsel to the Debtors and*
*the Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>EDDIE BAUER LLC, *et al.*,<br><br>                Debtors.[1] | Chapter 11<br><br>Case No. 26-11422 (SLM)<br><br>(Jointly Administered) |

**NOTICE OF REJECTION OF CERTAIN**
**EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES**

> **PARTIES RECEIVING THIS NOTICE SHOULD LOCATE THEIR NAMES AND THEIR CONTRACTS OR LEASES ON SCHEDULE 2 ATTACHED HERETO AND READ THE CONTENTS OF THIS NOTICE CAREFULLY.**

**PLEASE TAKE NOTICE** that, on March 3, 2026, the United States Bankruptcy Court

for the District of New Jersey (the "Court") entered an order on the motion (the "Motion")[2] of the

above-captioned debtors and debtors in possession (the "Debtors") (a) authorizing and approving

---

[1]   The last four digits of Debtor Eddie Bauer LLC's tax identification number are 6060. A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/EddieBauer. The location of Debtor Eddie Bauer LLC's principal place of business is 10401 Northeast 8th Street, Suite 500, Bellevue, WA 98004; the Debtors' service address in these chapter 11 cases is 6501 Legacy Drive, Suite B100, Plano, TX 75024.

[2]   Capitalized terms used and not otherwise defined herein have the meanings given to them in the Motion or the Order, as applicable.

procedures for rejecting, assuming, or assuming and assigning executory contracts and unexpired leases; and (b) granting related relief [Docket No. 230] (the "Procedures Order") attached hereto as **Schedule 1**.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Procedures Order and by this written notice (this "Rejection Notice"), the Debtors hereby notify you that they have determined, in the exercise of their business judgment, that each Contract set forth on **Schedule 2** attached hereto is hereby rejected effective as of the date (the "Rejection Date") set forth in **Schedule 2**, or such other date as the Debtors and the applicable counterparty or counterparties to any such Contract agree.

PLEASE TAKE FURTHER NOTICE that parties seeking to object to the proposed rejection of any of the Contracts or to the proposed abandonment of any property must file and serve a written objection[3] such that it is ***actually received*** by the following parties (collectively, the "Objection Service Parties") no later than fourteen days after the date the Debtors filed and served this Rejection Notice (the "Rejection Objection Deadline"):  (a) the Debtors, Eddie Bauer LLC, 6501 Legacy Drive, Suite B100 Plano, Texas 75024, Attn.:  Dawn Wolverton (dawn.wolverton@catalystbrands.com); (b) co-counsel to the Debtors, (i) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.:  Joshua A. Sussberg, P.C. (joshua.sussberg@kirkland.com), Matthew C. Fagen, P.C. (matthew.fagen@kirkland.com), Oliver Paré (oliver.pare@kirkland.com), and Nathan Felton (nathan.felton@kirkland.com) and (ii) Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn.: Michael     D.     Sirota     (msirota@coleschotz.com),     Warren     A.     Usatine

---

[3] An objection to the rejection of any particular Contract listed on a Rejection Notice shall not constitute an objection to the rejection of any other Contract listed on such Rejection Notice.

(wusatine@coleschotz.com), and Felice R. Yudkin (fyudkin@coleschotz.com); (c) the United States Trustee for the District of New Jersey, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey 07102, Attn.: Fran Steele (fran.b.steele@usdoj.gov) and David Gerardi (david.gerardi@usdoj.gov); (d) proposed counsel to the Committee, Pachulski Stang Ziehl & Jones LLP, 1700 Broadway, 36th Floor, New York, New York, 10019, Attn.: Robert Feinstein (rfeinstein@pszjlaw.com), Brad Sandler (bsandler@pszjlaw.com), and Shirley Cho (scho@pszjlaw.com); and (e) the applicable Rejection Counterparty and their counsel, if known. Only those responses that are timely filed, served, and received will be considered at any hearing.

PLEASE TAKE FURTHER NOTICE that, if no objection or response to the rejection of a particular Contract is timely filed, the Debtors shall submit a Rejection Order under a certificate of no objection. Each Contract for which no objection or response was timely filed shall be rejected as of the applicable Rejection Date set forth set forth on **Schedule 2** attached hereto or such other date as the Debtors and the applicable Rejection Counterparty agree; *provided*, *however*, that the Rejection Date for a rejection of a lease of nonresidential real property shall not occur until the latest to occur of (i) the proposed Rejection Date set forth on **Schedule 2** attached hereto; (ii) the date the Debtors relinquish control of the premises and notify the affected landlord and such landlord's counsel (if any) in writing (e-mail being sufficient) of the Debtors' surrender of the premises and, as applicable, (a) turn over keys, key codes, and/or security codes, if any, to the affected landlord or (b) if such keys, key codes and/or security codes, if any, are not available or providing same would be impractical, notify such affected landlord and such landlord's counsel, if any, in writing (e-mail being sufficient) that the keys, key codes, and security codes, if any, are not available or that providing same would be impractical, but that the landlord may rekey the

3

leased premises; and (c) such other date to which the Debtors and the applicable Rejection Counterparty have agreed or as the Court may order.

**PLEASE TAKE FURTHER NOTICE** that, if a Rejection Counterparty timely files and properly serves an objection to a Rejection Notice as specified above and such objection is not withdrawn or otherwise resolved, the Debtors will request a hearing before the Court at the next regularly scheduled omnibus hearing and shall provide at least seven calendar days' notice of such hearing to the applicable Rejection Counterparty and the other Objection Service Parties. Such Contract will only be deemed rejected upon entry by the Court of a consensual form of Rejection Order resolving the objection as between the objecting party and the Debtors, or if resolution is not reached and/or if such objection is overruled or withdrawn, such Contract(s) shall be deemed rejected as of (a) the applicable Rejection Date set forth in the applicable Rejection Order entered by the Court, (b) such other date to which the Debtors and the applicable Rejection Counterparty agree, or (c) such date as ordered by the Court.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Procedures Order, if the Debtors have deposited monies with a Rejection Counterparty as a security deposit or other arrangement, the Rejection Counterparty may not set off, recoup, draw on, apply, or otherwise use such security deposit or other arrangement, without further order of the Court, unless the Debtors and the applicable Rejection Counterparty otherwise agree.

**PLEASE TAKE FURTHER NOTICE** that, absent timely objection, any property of the Debtors that is listed and described in **Schedule 2** attached hereto shall be deemed abandoned as of the Rejection Date.

**PLEASE TAKE FURTHER NOTICE** that, to the extent you wish to assert a claim with respect to the rejection of your Contract or Contracts, you must do so by the later of (a) the deadline

for filing proofs of claim established in these chapter 11 cases, if any, and (b) thirty days after the later to occur of (i) the Rejection Date and (ii) the date the Rejection Order is entered.  IF YOU FAIL TO TIMELY SUBMIT A PROOF OF CLAIM IN THE APPROPRIATE FORM BY THE DEADLINE SET FORTH HEREIN, YOU WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM (A) ASSERTING SUCH CLAIM AGAINST ANY OF THE DEBTORS AND THEIR CHAPTER 11 ESTATES, (B) VOTING ON ANY CHAPTER 11 PLAN OF REORGANIZATION FILED IN THESE CASES ON ACCOUNT OF SUCH CLAIM, AND (C) PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM.

[*Remainder of Page Intentionally Left Blank*]

Dated:  April 9, 2026

/s/  *Michael D. Sirota*

| | |
|---|---|
| **COLE SCHOTZ P.C.** | **KIRKLAND & ELLIS LLP** |
| Michael D. Sirota, Esq. | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Warren A. Usatine, Esq. | Joshua A. Sussberg, P.C. (admitted *pro hac vice*) |
| Felice R. Yudkin, Esq. | Matthew C. Fagen, P.C. (admitted *pro hac vice*) |
| Court Plaza North, 25 Main Street | Oliver Paré (admitted *pro hac vice*) |
| Hackensack, New Jersey 07601 | 601 Lexington Avenue |
| Telephone:  (201) 489-3000 | New York, New York 10022 |
| msirota@coleschotz.com | Telephone:  (212) 446-4800 |
| wusatine@coleschotz.com | Facsimile:   (212) 446-4900 |
| fyudkin@coleschotz.com | joshua.sussberg@kirkland.com |
| | matthew.fagen@kirkland.com |
| | oliver.pare@kirkland.com |

*Co-Counsel to the Debtors and*
*the Debtors in Possession*

*Co-Counsel to the Debtors and*
*the Debtors in Possession*

## Schedule 1

**Procedures Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Matthew C. Fagen, P.C. (admitted *pro hac vice*)
Oliver Paré (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
joshua.sussberg@kirkland.com
matthew.fagen@kirkland.com
oliver.pare@kirkland.com

-and-

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:     (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel to the Debtors and*
*the Debtors in Possession*

Order Filed on March 3, 2026
by Clerk,
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re: | Chapter 11 |
| EDDIE BAUER LLC, *et al.*, | Case No. 26-11422 (SLM) |
| Debtors.[1] | (Jointly Administered) |

---

[1]    The last four digits of Debtor Eddie Bauer LLC's tax identification number are 6060.  A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/EddieBauer.  The location of Debtor Eddie Bauer LLC's principal place of business is 10401 Northeast 8th Street, Suite 500, Bellevue, WA 98004; the Debtors' service address in these chapter 11 cases is 6501 Legacy Drive, Suite B100, Plano, TX 75024.

**ORDER (I) AUTHORIZING AND APPROVING
PROCEDURES TO REJECT OR ASSUME EXECUTORY CONTRACTS
AND UNEXPIRED LEASES; AND (II) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three (3) through eleven (11), is

**ORDERED**.

**DATED: March 3, 2026**

_Stacey L. Meisel_
Honorable Stacey L. Meisel
United States Bankruptcy Judge

(Page | 3)

| Debtors: | EDDIE BAUER LLC, *et al.* |
|---|---|
| Case No. | 26-11422 (SLM) |
| Caption of Order: | Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases; and (II) Granting Related Relief |

Upon the Debtors' motion (the "Motion")[2] for entry of an order (this "Order"): (a) authorizing and approving the Contract Procedures for rejecting, assuming, or assuming and assigning executory contracts and unexpired leases, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.); and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing, establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** on a final basis as set forth herein.

2.      Any objections to the entry of this Order, to the extent not withdrawn or settled, are overruled.

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | EDDIE BAUER LLC, *et al.* |
| Case No. | 26-11422 (SLM) |
| Caption of Order: | Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases; and (II) Granting Related Relief |

3. The following Rejection Procedures are approved in connection with rejecting Contracts:

a. ***Rejection Notice***. The Debtors shall file a notice substantially in the form attached hereto as **Exhibit 1** (the "Rejection Notice") indicating the Debtors' intent to reject one or more Contracts pursuant to section 365 of the Bankruptcy Code, which Rejection Notice shall set forth, among other things: (i) the Contract(s) to be rejected; (ii) the Debtor or Debtors party to such Contract(s); (iii) the names and addresses of the counterparties to such Contract(s) (each, a "Rejection Counterparty," and collectively, the "Rejection Counterparties"); (iv) in the case of a Contract that is a non-residential real property lease (a "Lease") with respect to one of the Debtors' brick-and mortar retail locations, the store number and address of the affected location, if applicable; (v) the proposed effective date of rejection for such Contract(s) (each, the "Rejection Date"); (vi) if any such Contract is a Lease, the personal property to be abandoned by Debtors (the "Abandoned Property"), if any, and a reasonable description of such Abandoned Property; (vii) if any such Contract is a Lease, any known third party having a secured interest in any remaining property, including personal property, furniture, fixtures, and equipment, located at the leased premises; and (viii) the deadlines and procedures for filing objections to the Rejection Notice (as set forth below). The Rejection Notice may list multiple Contracts in accordance with Bankruptcy Rule 6006. Further, the Rejection Notice shall include the proposed form of order (the "Rejection Order") approving the rejection of the Contracts. No Contract shall be deemed rejected absent entry of an applicable Rejection Order.

b. ***Service of the Rejection Notice***. Within two business days following the filing of a Rejection Notice, the Debtors will cause such Rejection Notice to be served, regardless of the manner and means required for delivery of notices stated in the affected Contract(s): (i) by overnight service or e-mail upon the Rejection Counterparties affected by the Rejection Notice at the notice address provided in the applicable Contract (and upon such Rejection Counterparties' counsel, if known, with e-mail service upon such counsel being sufficient) and all known parties that may have any interest in any applicable Abandoned Property, if any; and (ii) by first-class mail, e-mail, or fax, upon (A) the office of the United States Trustee for the District of New Jersey, Attn: Fran Steele (Fran.B.Steele@usdoj.gov) and David Gerardi (David.Gerardi@usdoj.gov); (B) counsel for the Committee of Unsecured Creditors appointed in these chapter 11 cases (the "Committee"); (C) the Debtors' thirty largest unsecured creditors (on a consolidated basis); (D) the United States Attorney's Office for the District

(Page | 5)

| | |
|---|---|
| Debtors: | EDDIE BAUER LLC, *et al.* |
| Case No. | 26-11422 (SLM) |
| Caption of Order: | Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases; and (II) Granting Related Relief |

of New Jersey; (E) the Internal Revenue Service; (F) the office of the attorney general for each of the states in which the Debtors operate; and (G) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Master Notice Parties").

c.   ***Objection Procedures***.  Parties objecting to a proposed rejection or to the Debtors' proposed abandonment of the Abandoned Property must file and serve a written objection[1] such that it is ***actually received*** by the following parties (collectively the "Objection Service Parties") no later than fourteen days after the date the Debtors file and serve the applicable Rejection Notice (the "Rejection Objection Deadline"):

(i) the Debtors, Eddie Bauer LLC, 6501 Legacy Drive, Suite B100 Plano, Texas 75024, Attn.: Dawn Wolverton (dawn.wolverton@catalystbrands.com); (ii) proposed co-counsel to the Debtors, (A) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Joshua A. Sussberg, P.C. (joshua.sussberg@kirkland.com), Matthew C. Fagen, P.C. (matthew.fagen@kirkland.com), Oliver Paré (oliver.pare@kirkland.com), and Nathan Felton (nathan.felton@kirkland.com) and (B) Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn.: Michael D. Sirota (msirota@coleschotz.com), Warren A. Usatine (wusatine@coleschotz.com), and Felice R. Yudkin (fyudkin@coleschotz.com); (iii)  the United States Trustee for the District of New Jersey, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey 07102, Attn.: Fran Steele (Fran.B.Steele@usdoj.gov) and David Gerardi (David.Gerardi@usdoj.gov); (iv) proposed counsel to the Committee, Pachulski Stang Ziehl & Jones LLP, 1700 Broadway, 36th Floor, New York, New York, 10019, Attn.:  Robert Feinstein (rfeinstein@pszjlaw.com), Brad Sandler (bsandler@pszjlaw.com), and Shirley Cho (scho@pszjlaw.com); and (v) the applicable Rejection Counterparty and their counsel, if known.

d.   ***No Objection Timely Filed.***  If no objection or response to the rejection of a particular Contract is timely filed, including, in the case of a Lease, to the proposed abandonment of any Abandoned Property located at the leased premises, if any, the Debtors shall submit a Rejection Order under a certificate of no objection.  Once the applicable Rejection Order is entered by this Court, each Contract for which no objection or response was timely filed shall be rejected as of the applicable Rejection Date set forth in the

---

[1]   An objection to the rejection of any particular Contract listed on a Rejection Notice shall not constitute an objection to the rejection of any other Contract listed on such Rejection Notice.

(Page | 6)
Debtors:         EDDIE BAUER LLC, *et al.*
Case No.         26-11422 (SLM)
Caption of Order: Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases; and (II) Granting Related Relief

---

applicable Rejection Order or such other date as the Debtors and the applicable Rejection Counterparty agree; *provided*, *however*, that the effectiveness of a rejection of a Lease shall not occur until the latest to occur of (i) the proposed Rejection Date set forth in the applicable Rejection Notice; (ii) the date the Debtors relinquish control of the premises and notify the affected landlord and such landlord's counsel (if any) in writing (e-mail being sufficient) of the Debtors' surrender of the premises and, as applicable, (A) turn over keys, key codes, and/or security codes, if any, to the affected landlord or (B) if such keys, key codes and/or security codes, if any, are not available or providing same would be impractical, notify such affected landlord and such landlord's counsel, if any, in writing (e-mail being sufficient) that the keys, key codes, and security codes, if any, are not available or that providing same would be impractical, but that the landlord may rekey the leased premises; and (iii) such other date to which the Debtors and the applicable Rejection Counterparty have agreed or as this Court may order.

e.    ***Unresolved Timely Objections***.  If an objection or response to the rejection of a particular Contract, including, in the case of a Lease, to the proposed abandonment of any Abandoned Property located at the leased premises, if any, is timely filed and properly served as specified above and such objection is not withdrawn or otherwise resolved, the Debtors will request a hearing before this Court at the next regularly scheduled omnibus hearing and provide at least seven calendar days' notice of such hearing to the applicable Rejection Counterparty and the other Objection Service Parties. Such Contract will only be deemed rejected upon entry by this Court of a consensual form of Rejection Order resolving the objection as between the objecting party and the Debtors, or if resolution is not reached and/or if such objection is overruled or withdrawn and this Court approves the rejection, such Contract(s) shall be deemed rejected as of the applicable Rejection Date set forth in the Rejection Order entered by this Court.

f.    ***Consent Orders***.  Any objection may be resolved without a hearing and an agreed Rejection Order may be submitted to this Court for entry by the filing of a joint notice of such resolution by counsel to the Debtors, counsel to the objecting party, and, if different from the objecting party, counsel to the Rejection Counterparty.

g.    ***Removal from Schedule***.  The Debtors reserve the right to remove any Contract from the schedule to a Rejection Notice at any time prior to the entry of the applicable Rejection Order but shall provide any affected Rejection Counterparty and Service Parties notice of such removal as soon as reasonably practicable after such removal, and in any event no later than

(Page | 7)

| | |
|---|---|
| Debtors: | EDDIE BAUER LLC, *et al.* |
| Case No. | 26-11422 (SLM) |
| Caption of Order: | Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases; and (II) Granting Related Relief |

two business days following such removal, *provided* that the Debtors shall not remove any Contract from the schedule to a Rejection Notice after the date the Debtors have relinquished control of the premises and notified the affected landlord and such landlord's counsel (if any) in writing (e-mail being sufficient) of the Debtors' surrender of the premises and, as applicable, (i) turn over keys, key codes, and/or security codes, if any, to the affected landlord or (ii) if such keys, key codes and/or security codes, if any, are not available or providing same would be impractical, notify such affected landlord and such landlord's counsel, if any, in writing (e-mail being sufficient) that the keys, key codes, and security codes, if any, are not available or that providing same would be impractical, but that the landlord may rekey the leased premises.

h.  ***No Application of Security Deposits***.  To the extent applicable, if the Debtors have deposited monies with a Rejection Counterparty as a security deposit or other arrangement, such Rejection Counterparty may not set off, recoup, draw on, apply, or otherwise use such security deposit or other arrangement without the prior approval of this Court, unless the Debtors and the applicable Rejection Counterparty otherwise agree.  If the Debtors agree, no further order shall be necessary to effectuate the setoff.

i.  ***Abandoned Property***.  The Debtors are authorized, but not directed, at any time on or before the applicable Rejection Date, to remove or abandon any of the Debtors' personal property that may be located on the Debtors' leased premises that are subject to a rejected Lease.  The Rejection Counterparty may not interfere with Debtors' removal of any of the Debtors' personal property prior to the Rejection Date.  The Debtors shall generally describe any Abandoned Property in the Rejection Notice and their intent to abandon such property; *provided*, *however*, that Abandoned Property shall not include any hazardous materials or personally identifiable information. Absent a timely objection, all of the Debtors' personal property located on the Debtors' leased premises on the Rejection Date of the applicable Lease, unless otherwise agreed by the Debtors and the applicable Rejection Counterparty, shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, free and clear of all liens, claims, encumbrances or interests, effective as of the Rejection Date.  Prior to the Rejection Date, the Debtors shall use their best efforts to notify the owners or lessors of leased property of the location at which such leased property may be retrieved. As of the Rejection Date, landlords may, in their sole discretion and without further notice to any party or order of this Court, utilize and/or dispose of such Abandoned Property without further notice or liability to the Debtors or third parties, and to the extent applicable, the automatic stay is modified to allow such disposition.

(Page | 8)

| | |
|---|---|
| Debtors: | EDDIE BAUER LLC, *et al.* |
| Case No. | 26-11422 (SLM) |
| Caption of Order: | Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases; and (II) Granting Related Relief |

j.   ***Proofs of Claim***.  Claims arising out of the rejection of Contracts, if any, must be filed on or before the later of (i) the deadline for filing proofs of claim established in these chapter 11 cases, if any, and (ii) thirty days after the later to occur of (A) the effective date of such rejection and (B) the date the Rejection Order is entered.  If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with these chapter 11 cases or otherwise.

4.   The following Assumption Procedures are approved in connection with assuming, or assuming and assigning, Contracts:

a.   ***Assumption Notice***.  The Debtors shall file a notice substantially in the form attached hereto as Exhibit 2 (the "Assumption Notice") indicating the Debtors' intent to assume one or more Contracts pursuant to section 365 of the Bankruptcy Code, which Assumption Notice shall set forth, among other things:  (i) the Contract(s) to be assumed; (ii) the Debtor or Debtors party to such Contract(s); (iii) the names and addresses of the counterparties to such Contract(s) (each, an "Assumption Counterparty," and collectively, the "Assumption Counterparties"); (iv) in the case of a Lease with respect to one of the Debtors' brick-and mortar retail locations, the store number and address of the affected location, if applicable; (v) the identity of any proposed assignee of such Contract(s) (the "Assignee"), if applicable; (vi) the effective date of the assumption for each such Contract (the "Assumption Date"); (vii) the proposed cure amount, if any, for each such Contract; (viii) a general description of any material amendments to the Contract(s) made with the prior consent and written agreement of the applicable Assumption Counterparty outside of the ordinary course of business; and (ix) the deadlines and procedures for filing objections to the Assumption Notice (as set forth below).  The Assumption Notice may list multiple Contracts in accordance with Bankruptcy Rule 6006.  Further, the Assumption Notice shall include the proposed form of order (the "Assumption Order") approving the assumption of the Contracts.  No Contract shall be deemed assumed absent entry of an applicable Assumption Order.

b.   ***Service of the Assumption Notice***.  Within two business days following the filing of an Assumption Notice, the Debtors will cause such Assumption Notice to be served, regardless of the manner and means required for delivery of notices stated in the affected Contract(s): (i) by overnight service or e-mail upon the Assumption Counterparties affected by the

(Page | 9)

| | |
|---|---|
| Debtors: | EDDIE BAUER LLC, *et al.* |
| Case No. | 26-11422 (SLM) |
| Caption of Order: | Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases; and (II) Granting Related Relief |

Assumption Notice and each Assignee, if applicable, at the notice address provided in the applicable Contract (and upon the Assumption Counterparties' counsel, if known, with e-mail service upon such counsel being sufficient) and (ii) by first-class mail, e-mail, or fax, upon the Master Notice Parties.

c.   ***Adequate Assurance Information***.  If the Debtors propose to assume or assume and assign a Lease, the Debtors shall serve the Assumption Counterparties with evidence of adequate assurance of future performance concurrently with the Assumption Notice or as soon as reasonably practicable thereafter (the "Adequate Assurance Information").

d.   ***Objection Procedures***.  Parties objecting to a proposed assumption, or assumption and assignment (including as to the proposed cure amount), as applicable, of a Contract must file and serve a written objection[2] such that it is ***actually received*** by the Objection Service Parties (a) in the case of a Lease, no later than fourteen days after the date the Debtors serve the applicable Assumption Counterparties with the Adequate Assurance Information; and (b) in the case of a Contract other than a Lease, no later than fourteen days after the date the Debtors file and serve the applicable Assumption Notice ((a) and (b), collectively, the "Assumption Objection Deadline").

e.   ***No Objection Timely Filed***.  If no objection or response to the assumption of any particular Contract is timely filed, the Debtors shall submit an Assumption Order under a certificate of no objection.  Once the applicable Assumption Order is entered by this Court, each Contract for which no objection or response was timely filed shall be assumed as of the applicable Assumption Date set forth in the applicable Assumption Order or such other date as the Debtors and the applicable Assumption Counterparty agrees, and the proposed cure amount shall be binding on all counterparties to such Contract and no amount in excess thereof shall be paid for cure purposes; *provided* that the Assumption Date for a Lease shall not occur earlier than the date of entry of the Assumption Order.

f.   ***Unresolved Timely Objections***.  If an objection to the assumption or assumption and assignment of any Contract(s) listed in the applicable Assumption Notice is timely filed and properly served as specified above and such objection is not withdrawn or otherwise resolved, the Debtors will request a hearing before this Court at the next regularly scheduled omnibus

---

[2]   An objection to the assumption of any particular Contract listed on an Assumption Notice shall not constitute an objection to the assumption of any other Contract listed on such Assumption Notice.

(Page | 10)
Debtors:          EDDIE BAUER LLC, *et al.*
Case No.          26-11422 (SLM)
Caption of Order: Order (I) Authorizing and Approving Procedures to Reject or Assume
Executory Contracts and Unexpired Leases; and (II) Granting
Related Relief

hearing and provide at least seven calendar days' notice of such hearing to the applicable Assumption Counterparty and the other Objection Service Parties. Such Contract will only be deemed assumed upon entry by this Court of a consensual form of Assumption Order resolving the objection as between the objecting party and the Debtors, or if resolution is not reached and/or if such objection is overruled or withdrawn and this Court approves the assumption, such Contract shall be assumed or assumed and assigned as of the applicable Assumption Date set forth in the Assumption Order entered by this Court.

g.   ***Consent Orders***.  Any objection may be resolved without a hearing and an agreed Assumption Order may be submitted to this Court for entry by the filing of a joint notice of such resolution by counsel to the Debtors, counsel to the objecting party, and, if different from the objecting party, counsel to the Assumption Counterparty.

h.   ***Removal from Schedule***.  The Debtors reserve the right to remove any Contract from the schedule to an Assumption Notice at any time prior to the entry of the applicable Assumption Order but shall provide any affected Assumption Counterparty and Service Parties notice of removal of any Contract from the Assumption Notice as soon as reasonably practicable after such removal, and in any event no later than two business days following such removal.

5.   Approval of the Contract Procedures and this Order will not prevent the Debtors from seeking to reject, assume, or assume and assign a Contract by separate motion or pursuant to a chapter 11 plan.

6.   All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of a Contract rejection, including any right to assert an offset, recoupment, counterclaim, or deduction.  In addition, nothing in this Order or the Motion shall limit the Debtors' ability to subsequently assert that any particular Contract is expired or terminated and is no longer an executory contract or unexpired lease, respectively.

(Page | 11)

| | |
|---|---|
| Debtors: | EDDIE BAUER LLC, *et al.* |
| Case No. | 26-11422 (SLM) |
| Caption of Order: | Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases; and (II) Granting Related Relief |

7. Notwithstanding Bankruptcy Rule 2002(a)(2), to the extent applicable, the Debtors may limit service of the Motion only to the core service list and affected creditors, which may be via e-mail. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Rules and the Bankruptcy Local Rules are satisfied by such notice.

8. The fourteen-day stay required of any assignment of any Contract pursuant to Bankruptcy Rule 6006(d) is hereby waived.

9. Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

10. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion, the Rejection Notices, and the Assumption Notices.

11. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## Schedule 2

## Rejected Contracts

| Number | Store Number | Address | Contract to be Rejected | Debtor Entity | Rejection Counterparty | Description of Contract[1] | Abandoned Property (If Any) | Third Party Secured Interest (If Any) | Rejection Date |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 20042 | 27394 Novi Road #A-203, NOVI, MI 48377 | Lease Modification 10 for Store 20042 | Eddie Bauer LLC | Twelve Oaks Mall, LLC (Taubman) | Lease | Miscellaneous FF&E, including signage, display units, etc. | The holders of the Company's secured funded debt | 4/30/2026 |
| 2 | 20427 | 2690 N.E. University Village St. - Space A, SEATTLE, WA 98105 | Lease for Store 20427 | Eddie Bauer LLC | University Village Limited Partnership | Lease | Miscellaneous FF&E, including signage, display units, etc. | The holders of the Company's secured funded debt | 4/30/2026 |
| 3 | 20427 | 2690 N.E. University Village St. - Space A, SEATTLE, WA 98105 | Lease Storage Agreement for Store 20427 | Eddie Bauer LLC | University Village Limited Partnership | Lease | Miscellaneous FF&E, including signage, display units, etc. | The holders of the Company's secured funded debt | 4/30/2026 |
| 4 | 20931 | 388 N. Adams Rd., ROCHESTER HILLS, MI 48309 | Lease Amendment 9 for Store 20931 | Eddie Bauer LLC | Vorh Associates LLC | Lease | Miscellaneous FF&E, including signage, display units, etc. | The holders of the Company's secured funded debt | 4/30/2026 |
| 5 | 20051 | 670 Southcenter Mall, TUKWILA, WA 98188 | Lease for Store 20051 | Eddie Bauer LLC | WEA Southcenter LLC | Lease | Miscellaneous FF&E, including signage, display units, etc. | The holders of the Company's secured funded debt | 4/30/2026 |
| 6 | 20461 | 3902 13th Ave. SW, Ste 228, FARGO, ND 58103 | 7th Amendment for Store 20461 | Eddie Bauer LLC | West Acres Development, LLP | Lease | Miscellaneous FF&E, including signage, display units, etc. | The holders of the Company's secured funded debt | 4/30/2026 |
| 7 | 20485 | 6256 Topanga Canyon Blvd, Space #1240, WOODLAND HILLS, CA 91303 | Lease for Store 20485 | Eddie Bauer LLC | West Valley Owner LLC | Lease | Miscellaneous FF&E, including signage, display units, etc. | The holders of the Company's secured funded debt | 4/30/2026 |
| 8 | 20843 | 1151 Galleria Blvd., Ste. 133, SACRAMENTO, CA 95678 | Storage Agreement for Store 20843 | Eddie Bauer LLC | Westfield Property Management LLC | Lease | Miscellaneous FF&E, including signage, display units, etc. | The holders of the Company's secured funded debt | 4/30/2026 |
| 9 | 20160 | 1 Garden State Plaza Space T7, ROCKAWAY, NJ 07652 | Amendment 1 for Store 20160 | Eddie Bauer LLC | Westland Garden State Plaza Limited Partnership | Lease | Miscellaneous FF&E, including signage, display units, etc. | The holders of the Company's secured funded debt | 4/30/2026 |
| 10 | 29269 | 250 N. Red Cliff Dr. Suite 12, ST GEORGE, UT 84790 | Lease Amendment 8 for Store 29269 | Eddie Bauer LLC | ZFS Holding 2005 LLC | Lease | Miscellaneous FF&E, including signage, display units, etc. | The holders of the Company's secured funded debt | 4/30/2026 |

---

[1]  The inclusion of a Contract on this list does not constitute an admission as to the executory or non-executory nature of the Contract or as to the existence or validity of any claims held by the counterparty or counterparties to such Contract.

## **Schedule 3**

## **Proposed Rejection Order**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Matthew C. Fagen, P.C. (admitted *pro hac vice*)
Oliver Paré (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
joshua.sussberg@kirkland.com
matthew.fagen@kirkland.com
oliver.pare@kirkland.com

-and-

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:      (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Co-Counsel to the Debtors and
the Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| EDDIE BAUER LLC, *et al.*, | Case No. 26-11422 (SLM) |
| Debtors.[1] | (Jointly Administered) |

---

[1] The last four digits of Debtor Eddie Bauer LLC's tax identification number are 6060. A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/EddieBauer. The location of Debtor Eddie Bauer LLC's principal place of business is 10401 Northeast 8th Street, Suite 500, Bellevue, WA 98004; the Debtors' service address in these chapter 11 cases is 6501 Legacy Drive, Suite B100, Plano, TX 75024.

**FOURTH ORDER APPROVING THE REJECTION
OF CERTAIN EXECUTORY CONTRACTS AND/OR UNEXPIRED
LEASES AND THE ABANDONMENT OF CERTAIN PERSONAL PROPERTY, IF ANY**

The relief set forth on the following pages, numbered three (3) through five (5), is

**ORDERED**.

(Page | 3)

| Debtors: | EDDIE BAUER LLC, *et al.* |
| Case No. | 26-11422 (SLM) |
| Caption of Order: | Fourth Order Approving the Rejection of Certain Executory Contracts and/or Unexpired Leases and the Abandonment of Certain Personal Property, If Any |

Upon the *Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief* [Docket No. 230] (the "Procedures Order")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"); and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.); and this Court having found that venue of this proceeding and the matter in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtors having properly filed and served a Rejection Notice on each applicable party as set forth in the rejection schedule attached hereto as **Exhibit 1** (the "Rejection Schedule") in accordance with the terms of the Procedures Order; and no timely objections having been filed to the rejection of such Contracts; and due and proper notice of the Procedures Order and the Rejection Notice having been provided to each applicable Rejection Counterparty as set forth in the Rejection Schedule such that no other notice need be provided; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT:**

1.      The Contracts listed on the Rejection Schedule attached hereto as **Exhibit 1** are rejected under section 365 of the Bankruptcy Code effective as of the later of the applicable Rejection Date or such other date as the Debtors and the applicable Rejection Counterparty agree; *provided*, *however*, that the effectiveness of a rejection of a Lease shall not occur until the latest to

---

[1]    Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Procedures Order.

(Page | 4)

| | |
|---|---|
| Debtors: | EDDIE BAUER LLC, *et al.* |
| Case No. | 26-11422 (SLM) |
| Caption of Order: | Fourth Order Approving the Rejection of Certain Executory Contracts and/or Unexpired Leases and the Abandonment of Certain Personal Property, If Any |

occur of (a) the proposed Rejection Date set forth on **Exhibit 1**; (b) the date the Debtors relinquish control of the premises and notify the affected landlord and such landlord's counsel (if any) in writing (e-mail being sufficient) of the Debtors' surrender of the premises and, as applicable, (i) turn over keys, key codes, and/or security codes, if any, to the affected landlord or (ii) if such keys, key codes and/or security codes, if any, are not available or providing same would be impractical, notify such affected landlord and such landlord's counsel, if any, in writing (e-mail being sufficient) that the keys, key codes, and security codes, if any, are not available or that providing same would be impractical, but that the landlord may rekey the leased premises; and (c) such other date to which the Debtors and the applicable Rejection Counterparty have agreed or as this Court may order.

2.      The Debtors are authorized, but not directed, at any time on or before the applicable Rejection Date, to remove or abandon any of the Debtors' personal property that may be located on the Debtors' leased premises that are subject to a rejected Lease.  The Rejection Counterparty may not interfere with Debtors' removal of any of the Debtors' personal property prior to the Rejection Date.  For the avoidance of doubt, unless otherwise agreed and absent any sustained objection as it relates to property at a particular premises, all property located on the Debtors' leased premises on the Rejection Date of the applicable Lease shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date, *provided*, *however*, that the Debtors shall not abandon and shall remove all hazardous materials and known personally identifiable information prior to the Rejection Date.  As of the Rejection Date, landlords may, in their sole discretion and without further notice to any party or order of this Court, utilize and/or

(Page | 5)

| | |
|---|---|
| Debtors: | EDDIE BAUER LLC, *et al.* |
| Case No. | 26-11422 (SLM) |
| Caption of Order: | Fourth Order Approving the Rejection of Certain Executory Contracts and/or Unexpired Leases and the Abandonment of Certain Personal Property, If Any |

dispose of such property, free and clear of all liens, claims, and encumbrances, effective as of the Rejection Date, without further notice or liability to the Debtors or third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.

3.     Claims arising out of the rejection of Contracts, if any, must be filed on or before the later of (a) the deadline for filing proofs of claim established in these chapter 11 cases, if any, and (b) thirty days after the later to occur of (i) the effective date of such rejection and (ii) the date the Rejection Order is entered.  If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from such rejection and from participating in any distributions on account of such claim that may be made in connection with these chapter 11 cases or otherwise.

4.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order and the rejection without further order from this Court.

5.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.